UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Heather Nelson
516 Columbus Street
Sun Prairie, WI  53590-2306

    Plaintiff

     v.                                                                 Civil No.:  11-cv-307

Santander Consumer USA, Inc.
8585 N. Stemmons Freeway 1100N
Dallas, TX  75247

    Defendant.

---

Complaint

---

COMES NOW the plaintiff, Heather Nelson, by her attorney David Dudley, and for her complaint against the defendant, alleges as follows:

I.  Preliminary Statement

This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA); the Federal Telephone Consumer Protection Act (47 U.S.C. § 227); and Wisconsin's Fair Debt Collection Practices Act, Wis. Stats. Chapter 427.

II.  Jurisdiction and Venue

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the plaintiff resides here, the defendants transact business here, and the conduct complained of occurred here.

### III. Parties

2. Plaintiff, Heather Nelson ("Nelson"), is a natural person residing at 516 Columbus St., Sun Prairie, WI 53590.

3. Nelson is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant Santander Consumer USA, Inc., ("Santander") is a corporation engaged in the business of collecting debts in Wisconsin, with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247. Santander's registered service agent in Wisconsin is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

5. Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

### IV. Factual Allegations

6. On or about March 2010, Santander began collecting on Nelson's two auto vehicle loans, which were previously serviced by HSBC.

7. Santander, has, since that time, repeatedly claimed that Nelson had missed three monthly payments. Nelson responded to Santander's claims with proof that she had not missed the payments. But Santander, rather than stop attempting to collect on the supposedly missing payments, repeatedly changed its story as to which three monthly payments were missing, and continued to try to collect on them from Nelson.

8. Over the past year, Santander has made approximately 2-3 prerecorded collection calls to Nelson's cellular telephone, each day, without her consent.

9. Santander has contacted third parties, such as Nelson's mother, Cindy Olson, her father, Warren Olson, and her stepmother, Kathy Olson, in an attempt to collect the alleged debt, without Nelson's consent. Santander has also contacted one of

Nelson's friends, Nicole Badgley, without Nelson's consent, in an attempt to collect the alleged debt.

10. Santander told Nelson that she could "go to jail," if she failed to pay the alleged debt.

11. On or about June 2010, Santander threatened repossession of Nelson's van, telling her that "the hunt is on," and they were out "looking for your van." Santander, however, had no legal right to repossess the van at that point, because it had not sent the mandatory notice required under Wis. Stat. § 425.205(1g).

12. On or about November 13, 2010, Santander sent an agent to repossess Nelson's van, at approximately 4 a.m. Nelson told the person he could not repossess the van, because Nelson was not delinquent on the vehicle loan. The repossession agent then left.

13. On or about November 17, 2010, Santander again attempted to repossess the van, at approximately 12:00 midnight. The van was in Nelson's garage. Nelson told the repossession agent that he could not repossess the van. The agent said that he would not leave without it. Nelson shut the door to her house; Santander's repossession agent sat down on Nelson's porch and refused to leave.

14. Also on November 17, 2010, the police called Nelson, but she did not answer. The police left a voicemail, saying they were returning Nelson's call. Nelson, however, never phoned the police. The officers arrived at Nelson's house and told Santander's repossession agent to leave.

V. First Claim for Relief
(Multiple violations of FDCPA: 15 U.S.C. § 1692)

15. Plaintiff realleges paragraphs 1-14 above.

16. 15 U.S.C. § 1692c(b) provides, in relevant part, that:

3

> [A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the creditor.

17. Santander contacted Nelson's mother, Cindy Olson, her father, Warren Olson, her stepmother, Kathy Olson, and her friend, Nicole Badgley. Each such communication was a violation of 15 U.S.C. § 1692c(b).

18. 15 U.S.C. § 1692e provides, in relevant part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19. Santander told Nelson that she "could go to jail," if she did not pay, in violation of 15 U.S.C. § 1692e(4), (5), (7) & (10).

20. Santander threatened to repossess Nelson's van prior to sending the pre-repossession notice required under Wisconsin law, in violation of 15 U.S.C. § 1692e(4), (5) & (10).

21. 15 U.S.C. § 1692f provides, in relevant part, that:

> Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take

4

  possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

22. Santander threatened to repossess Nelson's van, prior to sending the pre-repossession notice required under Wisconsin law, in violation of 15 U.S.C. § 1692f(6)(A), (B) & (C).

## VI. Second Claim for Relief
(Violations of the Wisconsin Consumer Act: Wis. Stat. Chapter 427)

23. Plaintiff realleges paragraphs 1-22 above.

24. Wisconsin Statute § 427.104(1) provides, in relevant part:

  Prohibited practices. (1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not: . . . (b) threaten criminal prosecution; . . . (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer; (i) Use obscene or threatening language in communicating with the customer or a person related to the customer; (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist . . .

25. As explained above, Santander's actions violated Wis. Stat. § 427.104(1)(b), (h), (i) & (j).

26. As a result of the defendant's illegal conduct, Nelson has suffered emotional distress and mental anguish.

27. Santander is liable to Nelson for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

VII.  Third Claim for Relief
(Violations of Federal Telephone Consumer Protection Act:  47 U.S.C. 227)

28. Plaintiff realleges paragraphs 1-27, above.

29. 47 U.S.C. § 227(b) provides, in relevant part:

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

30. Santander repeatedly violated 42 U.S.C. § 227(b) by attempting to collect a debt from Nelson using robocalls placed to Nelson's cellular telephone.

31. 47 U.S.C. § 227(b)(3) provides:

> PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive **$500 in damages for each such violation**, whichever is greater or (C) both such actions.  If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.  (emphasis added)

32. Nelson seeks $500 in damages, trebled to $1,500 if the evidence shows that Prime Acceptance willfully or knowingly placed the robocalls in violation of this law, for each Santander robocall made to her.  Santander also seeks an injunction prohibiting any future such robocalls placed to her cellular telephone.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Sandander for the following:

A. Declaratory judgment that Santander's conduct violated the FDCPA, and declaratory and injunctive relief for TelCollect's violations of the state Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Wis. Stat. § 425.304;

E. Emotional distress damages pursuant to Wis. Stat. § 427.105;

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 425.308.

G. If the evidence supports such a finding at trial, punitive damages;

H. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all causes of action.


Dated this 26th day of April, 2011.


By:_/s/ David Dudley_____

David Dudley, SBN 1062812
1914 Monroe St.
Madison, WI 53711
Phone: 608-661-8855
Fax: 608-661-0067

ATTORNEY FOR THE PLAINTIFF

7