UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV- 307 |
| ) | |
| SANTANDER CONSUMER USA, INC., ) | |
| ) | |
| Defendant. ) | |

## SANTANDER CONSUMER USA, INC.'S ANSWER TO COMPLAINT

Defendant Santander Consumer USA, Inc. ("Santander" or "Defendnat") responds to the Complaint filed by Plaintiff Heather Nelson ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA); the Federal Telephone Consumer Protection Act (47 U.S.C. § 227); and Wisconsin's Fair Debt Collection Practices Act, Wis. Stats. Chapter 427.

**ANSWER:** Defendant admits that Plaintiff has brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA"), the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, ("FTCPA"), and the Wisconsin Fair Debt Collection Practices Act, Wis. Stats. Chapter 427, ("WFDCPA") but denies that it violated any of those statutes, and therefore denies that Plaintiff is entitled to any recovery.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the plaintiff resides here, the defendants transact business here, and the conduct complained of occurred here.

**ANSWER:** Admitted.

### PARTIES

2. Plaintiff, Heather Nelson ("Nelson"), is a natural person residing at 516 Columbus St., Sun Prairie, WI 53590.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

3. Nelson is a "consumer" as defined by 15 U.S.C. §1692a(3).

**ANSWER:** Admitted.

4. Defendant Santander Consumer USA, Inc., ("Santander") is a corporation engaged in the business of collecting debts in Wisconsin, with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247. Santander's registered service agent in Wisconsin is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

**ANSWER:** Defendant admits that it a corporation with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247 and that its registered agent in Wisconsin is CT Corporation System, which is located at 8040 Excelsior Drive, Suite 200, Madison, WI 53717. Defendant denies the remaining allegations of this paragraph.

5. Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

**ANSWER:** Denied.

## FACTUAL ALLEGATIONS

6. On or about March 2010, Santander began collecting on Nelson's two auto vehicle loans, which were previously serviced by HSBC.

**ANSWER:** Defendant admits that it became the service for Plaintiff's two auto loans in March 2010. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

7. Santander, has, since that time, repeatedly claimed that Nelson had missed three monthly payments. Nelson responded to Santander's claims with proof that she had not missed the payments. But Santander, rather than stop attempting to collect on the supposedly missing payments, repeatedly changed its

story as to which three monthly payments were missing, and continued to try to collect on them from Nelson.

**ANSWER:** Denied.

8. Over the past year, Santander has made approximately 2-3 prerecorded collection calls to Nelson's cellular telephone, each day, without her consent.

**ANSWER:** Denied.

9. Santander has contacted third parties, such as Nelson's mother, Cindy Olson, her father, Warren Olson, and her stepmother, Kathy Olson, in an attempt to collect the alleged debt, without Nelson's consent. Santander has also contacted one of Nelson's friends, Nicole Badgley, without Nelson's consent, in an attempt to collect the alleged debt.

**ANSWER:** Denied.

10. Santander told Nelson that she could "go to jail," if she failed to pay the alleged debt.

**ANSWER:** Denied.

11. On or about June 2010, Santander threatened repossession of Nelson's van, telling her that "the hunt is on," and they were out "looking for your van." Santander, however, had no legal right to repossess the van at that point, because it had not sent the mandatory notice required under Wis. Stat. § 425.205(1g).

**ANSWER:** Denied.

12. On or about November 13, 2010, Santander sent an agent to repossess Nelson's van, at approximately 4 a.m. Nelson told the person he could not repossess the van, because Nelson was not delinquent on the vehicle loan. The repossession agent then left.

**ANSWER:** Defendant admits that it assigned Plaintiff's loan for repossession to an independent repossession agent in November 2010 because Plaintiff was delinquent on her loan and it was therefore entitled to do so. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore denies the same.

13. On or about November 17, 2010, Santander again attempted to repossess the van, at approximately 12:00 midnight. The van was in Nelson's garage. Nelson told the repossession agent that he could not repossess the van. The agent said that he would not leave without it. Nelson shut the door to her house; Santander's repossession agent sat down on Nelson's porch and refused to leave.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

14. Also on November 17, 2010, the police called Nelson, but she did not answer. The police left a voicemail, saying they were returning Nelson's call. Nelson, however, never phoned the police. The officers arrived at Nelson's house and told Santander's repossession agent to leave.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the same.

### FIRST CLAIM FOR RELIEF
### (MULTIPLE VIOLATIONS OF FDCPA: 15 U.S.C. § 1692)

15. Plaintiff realleges paragraphs 1-14 above.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 14 above as its answer to this paragraph.

16. 15 U.S.C. § 1692c(b) provides, in relevant part, that:

> [A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the creditor.

**ANSWER:**

17. Santander contacted Nelson's mother, Cindy Olson, her father, Warren Olson, her stepmother, Kathy Olson, and her friend, Nicole Badgley. Each such communication was a violation of 15 U.S.C. § 1692c(b).

**ANSWER:**

18. 15 U.S.C. § 1692e provides, in relevant part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

19. Santander told Nelson that she "could go to jail," if she did not pay, in violation of 15 U.S.C. § 1692e(4), (5), (7) & (10).

**ANSWER:** Denied.

20. Santander threatened to repossess Nelson's van prior to sending the prerepossession notice required under Wisconsin law, in violation of 15 U.S.C. § 1692e(4), (5) & (10).

**ANSWER:** Denied.

21. 15 U.S.C. § 1692f provides, in relevant part, that:

> Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

22. Santander threatened to repossess Nelson's van, prior to sending the prerepossession notice required under Wisconsin law, in violation of 15 U.S.C. § 1692f(6)(A), (B) & (C).

**ANSWER:** Denied.

## SECOND CLAIM FOR RELIEF
## (VIOLATIONS OF THE WISCONSIN CONSUMER ACT: WIS. STAT. CHAPTER 427)

23. Plaintiff realleges paragraphs 1-22 above.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 22 above as its answer to this paragraph.

24. Wisconsin Statute § 427.104(1) provides, in relevant part:

> Prohibited practices. (1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not: . . . (b) threaten criminal prosecution; . . . (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer; (i) Use obscene or threatening language in communicating with the customer or a person related to the customer; (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist . . .

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

25. As explained above, Santander's actions violated Wis. Stat. § 427.104(1)(b), (h), (i) & (j)-

**ANSWER:** Denied.

26. As a result of the defendant's illegal conduct, Nelson has suffered emotional distress and mental anguish.

**ANSWER:** Denied.

27. Santander is liable to Nelson for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

**ANSWER:** Denied.

### THIRD CLAIM FOR RELIEF
### (VIOLATIONS OF FEDERAL TELEPHONE CONSUMER PROTECTION ACT: 47 U.S.C. 227)

28. Plaintiff reallages paragraphs 1-27, above.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 27 above as its answer to this paragraph.

29. 47 U.S.C. § 227(b) provides, in relevant part:

> (1) PROHIBITIONS. —It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

30. Santander repeatedly violated 42 U.S.C. § 227(b) by attempting to collect a debt from Nelson using robocalls placed to Nelson's cellular telephone.

**ANSWER:** Denied.

31. 47 U.S.C. § 227(b)(3) provides:

> PRIVATE RIGHT OF ACTION.- A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times

the amount available under subparagraph (B) of this paragraph. (emphasis added)

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required.

32. Nelson seeks $500 in damages, trebled to $1,500 if the evidence shows that Prime Acceptance willfully or knowingly placed the robocalls in violation of this law, for each Santander robocall made to her. Santander also seeks an injunction prohibiting any future such robocalls placed to her cellular telephone.

**ANSWER:** Denied.

## JURY DEMAND

33. Plaintiff hereby requests a trial by jury on all causes of action.

**ANSWER:** Defendant requests a trial by jury on all causes of action for which a jury trial is allowed.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because Defendant has complied and is complying with all applicable provisions of federal and state statutes, and all applicable laws and regulations.

2. Plaintiff's claims fail because any act or omission by Defendant, if determined to be in violation of the FDCPA, was not intentional, and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably calculated to avoid such an error, meaning Defendant has no liability pursuant to 15 U.S.C. § 1692(k)(c).

3. Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, and/or laches.

4. Any alleged misconduct by Defendant was the result of innocent mistake.

5. Any loss, injury, damage or detriment Plaintiff might have suffered was directly and proximately caused and contributed to by her own breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct, and not by Defendant.

6. Any loss, injury, damage or detriment Plaintiff might have suffered was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by Defendant.

7. Plaintiff has failed, refused and/or neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing any recovery by her.

8. Any claim for exemplary or punitive damages Plaintiff asserts violates Defendant's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment to the United States Constitution and the analogous provisions of applicable State Constitutions.

9. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Defendant Santander Consumer USA, Inc. respectfully requests that the Court enter judgment in its favor and against Plaintiff, award it its costs in this action, and grant it such other relief as is just and proper in the circumstances.

Dated: June 13, 2011         Respectfully submitted,

SANTANDER CONSUMER USA, INC.

By:  /s/ Max Stein

Max Stein
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606
312-207-1000
312-207-6400

*Attorney for Defendant Santander Consumer USA, Inc.*

US_ACTIVE-106319998.1