UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER NELSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-307 |
| | ) |
| Santander Consumer USA, Inc., | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTED ORDER REGARDING CONFIDENTIALITY

To facilitate the production and receipt of information in this action, the parties stipulate and agree, through their respective counsel, to the entry of the following Order pursuant to Federal Rule of Civil Procedure 26(c), for the protection of confidential and trade secret information that may be produced or otherwise disclosed during the course of this action by any party or non-party in this action:

1. Documents and things produced during the course of discovery may be deemed by the Parties to contain confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(7). Such documents and things must fall within one of the following categories: documents containing personal financial or identifying information, confidential financial documents, individual and corporate tax returns, personnel files, audit statements and valuation reports. Such documents and things may be designated as confidential by marking the document or thing with the legend "CONFIDENTIAL," as the Parties and the Court deem appropriate pursuant to the terms of this Order.

2. Materials designated "CONFIDENTIAL", copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

     (a)    the Court, its officers, and any jury seated to hear this case;

     (b)    outside counsel at the law firms of record in this case, employees of outside counsel engaged in the conduct of this action, and outside litigation support providers retained by authorized outside counsel, such as computer evidence service providers, graphics services, trial technology companies, photographers, videographers, and similar support providers, all of whom shall use such information solely for purposes of this litigation;

     (c)    third party experts or independent consultants engaged by counsel or by the parties to assist in this litigation and employees or others working at the direction of those experts or consultants ("Experts"), who shall use such information solely for purposes of this litigation, provided that each Expert signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any CONFIDENTIAL information, documents or things;

     (d)    the individuals or representatives of the entities named as parties in this case, and any counsel employed by the receiving party with need to see the confidential information, who shall use such information solely for purposes of this litigation; and

     (e)    witnesses or deponents whose testimony is reasonably related to the confidential information sought to be disclosed to him or her, provided that each such person signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any CONFIDENTIAL information, documents or things;.

     3.    With regard to marking documents and things with the appropriate confidentiality classification, each page of the document which contains confidential

information shall be so marked in a prominent location and, in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.

4. Any written discovery response containing confidential information shall be marked with the legend "CONFIDENTIAL" shall be bound separately from responses not containing confidential information.

5. In the event a question is asked at a deposition which calls for the disclosure of confidential information, counsel for the party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition, a statement on the record so designating such portions and by directing the reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL." Each party shall have ten (10) days from the date on which the deposition transcript is first available to the parties to designate portions thereof in accordance with the terms of this Order, and, absent agreement by the parties, the deposition transcript shall be treated as CONFIDENTIAL by the parties until the expiration of this ten (10) day period. The Producing Party may exclude from the portions of the deposition any individual not entitled to access to the Producing Party's CONFIDENTIAL during which such information will be disclosed.

6. A party may designate any document, thing, testimony or information as "CONFIDENTIAL" subsequent to its first disclosure or production, provided, however, that any such subsequent designation: (a) must otherwise comply with this order; (b) must be in writing; (c) must specifically identify the document, thing, testimony or information so designated; and (d) shall only apply to the treatment and disclosure of such documents,

things, testimony or information by the receiving party after such written designation is received by the receiving party. When a document or thing is designated "CONFIDENTIAL" pursuant to this paragraph, the receiving party shall immediately retrieve the information or materials, and any copies thereof, from any persons not authorized to hold them under this Order.

7. Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to this Order and shall promptly forward a copy thereof to counsel for the Producing Party upon request.

8. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "CONFIDENTIAL" under this Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

9. Nothing in this Order shall be taken as or constitute an indication or acknowledgment by the receiving party that any information, documents, testimony or things are in fact confidential or are entitled to confidential treatment. To the extent the parties disagree as to the designation of any information, documents, testimony or things as CONFIDENTIAL, the parties shall confer in good faith in an effort to resolve the

disagreement. If the parties are unable to resolve the disagreement following such good faith conference, the receiving party may seek an order from the Court determining that the information, documents, testimony or things are not entitled to the protection under this Order. In any such motion or challenge, the Producing Party shall bear the burden of demonstrating that such information, documents, testimony or things are meet the standards of Federal Rule of Civil Procedure 26(c)(7) and are entitled to protection under this Order. Information and materials designated as "CONFIDENTIAL" shall, however, remain subject to the provisions of this Order unless and until the Court determines that such materials are not entitled to such protection.

     10. In the event that any discovery materials designated as "CONFIDENTIAL" are to be filed with the Court, along with any pleadings, motions or other papers filed with the Court that may contain or disclose confidential information, the party wishing to maintain the confidentiality of such materials shall seek an order from the Court allowing that such materials be filed under seal, and shall file and notice said motion for hearing prior to the date of the particular filing. Upon good cause being shown and the Court's entry of such an order, any duly designated confidential materials be filed in sealed envelopes bearing an appropriate legend identifying the enclosed materials and indicating their confidential nature under the terms of this Stipulated Protective Order, and shall be kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and to persons listed in paragraphs 2 or 3 above, as appropriate given the nature of the confidentiality legend affixed to the information. Where a portion of a particular document or documents are to be filed under seal in accordance with the Court's orders, the party filing

the document(s) shall file a public-record version of the same document(s) with the portions to be filed under seal redacted. Notwithstanding the foregoing, if a party wishes to use or reference during any hearing or at trial any material designated by the Producing Party as "CONFIDENTIAL," the party shall disclose the information only in closed court, absent subsequent agreement of the parties or order of this Court.

11. Upon final termination of this litigation not subject to further appeal, each party and non-party may request the return to it of all documents or other confidential materials previously furnished to any other party hereunder, including any copies thereof, and each person or party to whom such documents or other confidential materials have been furnished or produced shall be obligated to return the same, including any copies, excerpts or notations thereof, or to dispose of the same and of any other materials containing confidential information in a manner agreeable to all parties. Within sixty (60) days of final termination of this litigation, counsel for all parties shall certify in writing either that: (a) all confidential materials have been returned to the Producing Party as requested; or (b) that they have been destroyed; provided, however, that outside counsel for the parties may retain confidential pleadings, court papers, and written discovery for their files.

12. This Order shall remain in force and effect until modified, superseded or terminated by further order of the Court or by agreement of the parties, and shall survive the termination of this action. The entry of this Order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed necessary, including to modify or add to the categories of documents that can be protected under this Order, or to seek to compel the production or disclosure of additional or different

information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

13. Nothing in this Order shall prevent a party from disclosing or using any of its own documents, information or things as it deems appropriate; provided, however, that disclosure or use in a manner inconsistent with the terms of this Order could result in the loss of confidentiality of the document, information, or thing.

14. Nothing in this Order shall prevent a party from disclosing or using any information that is pubic knowledge, including, but not limited to, any information lawfully acquired from a third party under no obligation to maintain the confidentiality of the information, information independently developed by the Disclosing Party, and information known to the Disclosing Party prior to entry of this Order.

SO ORDERED, this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

- 8 -

STIPULATED AND AGREED TO BY:

Dated: Oct. 5, 2011      By: _____
David Dudley, SBN 1062812
Frances Reynolds Colbert, SBN 1050435
Consumer Protection Law Office LLC
849 E. Washington, Suite 212
Madison, WI 53703

Attorneys for Plaintiff


Dated: September 30, 2011      By: _____
Max A. Stein (IL ARDC # 6275993)
REED SMITH LLP
10 S. Wacker Drive
Chicago, IL 60606
(312) 207-1000

Attorney for Defendant Santander
Consumer USA, Inc.

## EXHIBIT "A"

## DECLARATION AND AGREEMENT

I, _____, declare under penalty of perjury pursuant to the laws of the United States of America as follows:

1. I am employed by _____ in the capacity of _____.

2. I have read the Stipulated Protective Order Regarding Confidentiality (the "Order") entered in the case *Nelson v. Santander Consumer USA, Inc.*, Case No. 3:11-cv-00307 (W.D. Wis.).

3. I agree to be bound by the Order, and I agree not to disclose information protected by the Order to any person not authorized to receive it.

4. I consent to the jurisdiction of the United States District Court in the Western District of Wisconsin for enforcement of the Order and this Declaration and waive any and all objections to jurisdiction and venue.

5. I understand that I may be subject to contempt or other sanctions for the failure to obey the Order.

Date: _____  By: _____