UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Heather Nelson
516 Columbus Street
Sun Prairie, WI 53590-2306

    Plaintiff

    v.                                             Civil No.: 3:11-cv-307

Santander Consumer USA, Inc.
8585 N. Stemmons Freeway 1100N
Dallas, TX 75247,

Patrick K. Willis Co., Inc.,
d/b/a American Recovery Service
5118 Robert Mathews Parkway
El Dorado Hills, CA 95762, and

AssetsBiz Corp.
d/b/a ABC Recovery
180 Chicago Street
Cary, IL 60013,

    Defendants.

---

Amended Complaint

---

COMES NOW the plaintiff, Heather Nelson, by her attorneys David Dudley and Frances Reynolds Colbert, of the Consumer Protection Law Office LLC, and for her complaint against the defendants, alleges as follows:

I. Preliminary Statement

This is an action for damages brought by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA); the Federal Telephone Consumer Protection Act (47 U.S.C. § 227); and the Wisconsin Consumer Act, Wis. Stats. Chapter 427.

1

## II. Jurisdiction and Venue

1. Jurisdiction is proper in this action under both federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Diversity jurisdiction arises under 15 U.S.C. § 1332(a). The parties are all citizens of different states, and the amount in controversy exceeds $75,000. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the plaintiff resides here, the defendants transact business here, and the conduct complained of occurred here.

## III. Parties

2. Plaintiff, Heather Nelson ("Nelson"), is a natural person residing at 516 Columbus St., Sun Prairie, WI 53590.

3. Nelson is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant Santander Consumer USA, Inc., ("Santander") is a corporation engaged in the business of collecting debts throughout the country, with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247. Santander's registered agent for service of process in Wisconsin is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

5. Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

6. Patrick K. Willis Co, Inc., d/b/a American Recovery Service ("ARS") is a corporation engaged in the business of collecting debts throughout the country, with its principal place of business located at 5118 Robert J. Mathews Parkway, El Dorado Hills, CA 95762.

7. ARS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

8. AssetsBiz Corp. is a corporation engaged in the business of collecting debts in Illinois and Wisconsin, with its principal place of business located at 180 Chicago Street, Cary, IL 60013.

9. AssetsBiz Corp. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

IV. Factual Allegations

10. Nelson had two vehicle loans with HSBC: one for a 2005 Town and Country Minivan ("Van"), the other for a 2004 Dodge Ram Truck ("Truck").

11. On or about March 2010, Santander began collecting on Nelson's two auto vehicle loans, which were previously serviced by HSBC.

12. Santander has, since that time, repeatedly claimed that Nelson had missed three monthly payments. Nelson responded to Santander's claims with proof that she had not missed the payments.

13. Santander, rather than stop attempting to collect on the supposedly missing payments, repeatedly changed its story as to which three monthly payments were missing. Santander continued to try to collect on the three supposedly missing payments from Nelson.

14. Santander made approximately 2-3 collection calls placed by an automated dialing device to Nelson's cellular telephone, each day, without her consent, for over a year. The automated calls did not stop until after Nelson filed this lawsuit.

15. Santander placed at least 300 calls from an automated dialing device to Nelson's cell phone, 608-512-8375.

16. Nelson did not give Santander permission to call her on her cell phone.

17. Santander or its agent has contacted third parties, such as Nelson's mother, Cindy Olson, her father, Warren Olson, and her stepmother, Kathy Olson, in an attempt

3

to collect the alleged debt, without Nelson's consent. Santander has also contacted one of Nelson's friends, Nicole Badgley, without Nelson's consent, in an attempt to collect the alleged debt.

18. Santander or its agent told Nelson that she could "go to jail," if she failed to pay the alleged debt.

19. On or about late May 2010, Santander retained Patrick K. Willis Co., Inc., doing business as American Recovery Service ("ARS"), to attempt repossession of Nelson's Van and Truck. ARS, in turn, retained AssetsBiz Corp. as its local repossession agent.

20. On or about June 2010, Santander or its agent threatened repossession of Nelson's Van, telling her that "the hunt is on," and they were out "looking for your van." Santander, however, had no legal right to repossess the Van at that point, because it had not sent the mandatory notice required under Wis. Stat. § 425.205(1g).

21. On or about November 13, 2010, Santander sent an agent to repossess Nelson's Van, at approximately 4 a.m. Nelson told the agent he could not repossess the Van, because Nelson was not delinquent on the vehicle loan. The repossession agent then left.

22. On or about November 17, 2010, Santander again attempted to repossess the van, at approximately 12:00 midnight. The Van was in Nelson's garage. Nelson told the repossession agent that he could not repossess the Van. The agent said that he would not leave without it. Nelson shut the door to her house; Santander's repossession agent sat down on Nelson's porch and refused to leave.

23. Also on November 17, 2010, the police called Nelson, but she did not answer. The police left a voicemail, saying they were returning Nelson's call. Nelson, however, never called the police. The officers arrived at Nelson's house and told Santander's repossession agent to leave.

24. On information and belief, Santander's repossession agent described in paragraphs 20-23 was AssetsBiz, who was retained by ARS. ARS, in turn, was also acting as Santander's repossession and collection agent.

25. At all times relevant to the allegations in this complaint, both ARS and AssetsBiz were Santander's agents for purposes of repossessing Nelson's Van and Truck.

26. At all times relevant to the allegations in this complaint, both ARS and AssetsBiz were Santander's agents for purposes of collecting on Nelson's auto vehicle loans.

27. At all times relevant to the allegations in this complaint, ARS was acting within the scope of its agency relationship with Santander.

28. At all times relevant to the allegations in this complaint, AssetsBiz was acting within the scope of its agency relationship with ARS and Santander.

29. Santander is liable for all the acts committed by its agents within the scope of their agency, including but not limited to ARS's and AssetsBiz's attempts to collect a debt from Nelson and their attempts to repossess a vehicle from Nelson.

30. ARS is liable for all the acts committed by its agents, within the scope of their agency, including but not limited to AssetsBiz's attempts to collect a debt from Nelson and AssetsBiz's attempts to repossess a vehicle from Nelson.

### V. First Claim for Relief
(Multiple violations of FDCPA:  15 U.S.C. § 1692)

31. Plaintiff realleges paragraphs 1-30 above.

32. 15 U.S.C. § 1692c(b) provides, in relevant part, that:

> [A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the creditor.

33. Santander contacted Nelson's mother, Cindy Olson, her father, Warren Olson, her stepmother, Kathy Olson, and her friend, Nicole Badgley. Each such communication was a violation of 15 U.S.C. § 1692c(b).

34. 15 U.S.C. § 1692e provides, in relevant part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Santander, or one of its agents, told Nelson that she "could go to jail," if she did not pay, in violation of 15 U.S.C. § 1692e(4), (5), (7) & (10).

36. Santander, or one of its agents, threatened to and attempted to repossess Nelson's Van prior to sending the pre-repossession notice required under Wisconsin law, Wis. Stat. § 425.205(1g). Such actions violated the FDCPA, 15 U.S.C. § 1692e(4), (5) & (10).

37. 15 U.S.C. § 1692f provides, in relevant part, that:

> Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

38. Santander, or one of its agents, threatened to and attempted to repossess the Van, prior to sending the pre-repossession notice required under Wisconsin law, Wis. Stat. § 425.205(1g). These actions violated 15 U.S.C. § 1692f(6)(A), (B) & (C).

39. Defendants are liable to Nelson for her actual damages and additional damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(1) & (2)(A). Such actual damages include, but are not limited to, Nelson's emotional distress and mental anguish. Nelson also seeks her costs and actual reasonable attorney fees. 15 U.S.C. § 1692k(a)(3).

### VI. Second Claim for Relief
(Violations of the Wisconsin Consumer Act: Wis. Stat. Chapter 427)

40. Plaintiff realleges paragraphs 1-39 above.

41. Wisconsin Statute § 427.104(1) provides, in relevant part:

> Prohibited practices. (1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not: . . . (b) threaten criminal prosecution; . . . (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer; (i) Use obscene or threatening language in communicating with the customer or a person related to the customer; (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist . . .

42. As explained above, Santander's and Santander's agents' actions violated Wis. Stat. § 427.104(1)(b), (h), (i) & (j).

43. As a result of the Defendants' illegal conduct, Nelson has suffered emotional distress and mental anguish.

44. The Defendants are liable to Nelson for actual damages, including damages related to Nelson's emotional distress and mental anguish, statutory damages,

punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

## VII. Third Claim for Relief
(Violations of Federal Telephone Consumer Protection Act: 47 U.S.C. 227)

45. Plaintiff reallages paragraphs 1-44, above.

46. 47 U.S.C. § 227(b) provides, in relevant part:

> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47. Santander repeatedly violated 42 U.S.C. § 227(b) by attempting to collect a debt from Nelson using automated calls placed to Nelson's cellular telephone.

48. 47 U.S.C. § 227(b)(3) provides:

> PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive **$500 in damages for each such violation**, whichever is greater or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. (emphasis added)

49. Nelson seeks $500 in damages, trebled to $1,500 if the evidence shows that Santander willfully or knowingly placed the automated calls in violation of this

8

law, for each automated call Santander made to her. Nelson also seeks an injunction prohibiting any future such automated placed to her cellular telephone.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violations of the state Act;

B. Actual damages, including emotional distress and mental anguish, pursuant to 15 U.S.C. § 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Wis. Stat. § 425.304;

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

F. Emotional distress and mental anguish damages pursuant to Wis. Stat. § 427.105;

G. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 425.308;

H. If the evidence supports such a finding at trial, punitive damages; and

I. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all causes of action.

9

Dated this 3rd day of January, 2012.

By: _____

David Dudley, SBN 1062812
Frances Reynolds Colbert, SBN 1050435
Consumer Protection Law Office LLC
849 E. Washington Avenue, Suite 212
Madison, WI 53703
Phone: 608-661-8855
Fax: 608-661-0067

ATTORNEYS FOR THE PLAINTIFF