UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER NELSON )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>SANTANDER CONSUMER USA, INC., )<br>PATRICK K. WILLIS CO., INC., AND )<br>ASSETSBIZ CORP. )<br>)<br>　　Defendants. ) | Case No. 11-CV-307 |

## AssetsBiz Corp.'s Answer to Amended Complaint

Defendant AssetsBiz Corp. responds to the Amended Complaint filed by Plaintiff Heather Nelson ("Plaintiff") as follows:

### I.　　Preliminary Statement

This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA); the Federal Telephone Consumer Protection Act (47 U.S.C. § 227); and Wisconsin's Fair Debt Collection Practices Act, Wis. Stats. Chapter 427.

**ANSWER:** AssetsBiz Corp. admits that Plaintiff has brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), the Federal Telephone Consumer Protection Act (47 U.S.C. § 227), and Wisconsin's Fair Debt Collection Practices Act, Wis. Stats. Chapter 427. AssetsBiz Corp. denies violating these statutes.

### II. Jurisdiction and Venue

1.　　Jurisdiction is proper in this action under both federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Diversity jurisdiction arises under 15 U.S.C. § 1332(a). The parties are all citizens of different states, and the amount in controversy exceeds $75,000. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue

1

in this District is proper in that the plaintiff resides here, the defendants transact business here, and the conduct complained of occurred here.

**ANSWER:** Admitted.

2.      Plaintiff Heather Nelson ("Nelson"), is a natural person residing at 516 Columbus St., Sun Prairie, WI 53590.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

3.      Nelson is a "consumer" as defined by 15 U.S.C. §1692a(3).

**ANSWER:** Admitted.

4.      Defendant Santander Consumer USA, Inc., ("Santander") is a corporation engaged in the business of collecting debts throughout the country, with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas TX 75247. Santander's registered agent for service of process in Wisconsin is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

5.      Santander is a "debt collector" as defined by the FDCPA, 16 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

6.      Patrick K. Willis Co, Inc., d/b/a American Recovery Service ("ARS") is a corporation engaged in the business of collecting debts throughout the country, with its principal place of business located at 5118 Robert J. Mathew Parkway, El Dorado Hills, CA 95762.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

7. ARS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

8. AssetsBiz Corp. is a corporation engaged in the business of collecting debts in Illinois and Wisconsin, with its principal place of business located at 180 Chicago Street, Cary, IL 60013.

**ANSWER:** AssetsBiz Corp. admits that its principal place of business is located at 180 Chicago Street, Cary, IL 60013. All other allegations of this paragraph are denied.

9. AssetsBiz Corp. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

**ANSWER:** Denied.

### IV. Factual Allegations

10. Nelson had two vehicle loans with HSBC: one for a 2005 Town and Country Minivan ("Van"), the other for a 2004 Dodge Ram Truck ("Truck").

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

11. On or about March 2010, Santander began collecting on Nelson's two auto vehicle loans, which were previously serviced by HSBC.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

12. Santander has, since that time, repeatedly claimed that Nelson had missed three monthly payments. Nelson responded to Santander's claims with proof that she had not missed the payments.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

13. Santander, rather than stop attempting to collect on the supposedly missing payments, repeatedly changed its story as to which three monthly payments were missing. Santander continued to try to collect on the three supposedly missing payments from Nelson.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

14. Santander made approximately 2-3 collection calls placed by an automated dialing device to Nelson's cellular telephone, each day, without her consent, for over a year. The automated calls did not stop until after Nelson filed this lawsuit.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

15. Santander placed at least 300 calls from an automated dialing device to Nelson's cell phone, 608-512-8375.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

16. Nelson did not give Santander permission to call her on her cell phone.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

17. Santander or its agent has contacted third parties, such as Nelson's mother, Cindy Olson, her father, Warren Olson, and her stepmother, Kathy Olson, in an attempt to collect the alleged debt, without Nelson's consent. Santander has also contacted one of Nelson's friends, Nichole Badgley, without Nelson's consent, in an attempt to collect the alleged debt.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

18.     Santander or its agent told Nelson that she could "go to jail," if she failed to pay the alleged debt.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

19.     On or about late May 2010, Santander retained Patrick K. Willis Co., Inc. doing business as American Recovery Service ("ARS"), to attempt repossession of Nelson's Van and Truck. ARS, in turn, retained AssetsBiz Corp. as its local repossession agent.

**ANSWER:** AssetsBiz Corp. admits that it was retained by ARS to repossess Nelson's Van and Truck. AssetsBiz Corp. lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph, and therefore denies those allegations.

20.     On or about June 2010, Santander or its agent threatened repossession of Nelson's Van, telling her that "the hunt is on," and they were out "looking for your van." Santander, however, had no legal right to repossess the Van at that point, because it had not sent the mandatory notice required under Wis. Stat. § 425.205(1g).

 **ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

21.     On or about November 13, 2010, Santander sent an agent to repossess Nelson's Van, at approximately 4 a.m. Nelson told the agent he could not repossess the Van, because Nelson was not delinquent on the vehicle loan. The repossession agent then left.

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

22.     On or about November 17, 2010, Santander again attempted to repossess the van, at approximately 12:00 midnight. The van was in Nelson's garage. Nelson told the repossession agent that he could not repossess the Van. The agent said that he would not leave without it. Nelson shut the door to

her house; Santander's repossession agent sat down on Nelson's porch and refused to leave.

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

23. Also on November 17, 2010, the police called Nelson, but she did not answer. The police left a voicemail, saying they were returning Nelson's call. Nelson, however, called the police. The offers arrived at Nelson's house and told Santander's repossession agent to leave.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

24. On information and belief, Santander's repossession agent described in paragraphs 20-23 was AssetsBiz, who was retained by ARS. ARS, in turn, was also acting as Santander's repossession and collection agent.

**ANSWER:** AssetsBiz Corp. has previously admitted that it was retained by ARS to repossess Nelson's Van and Truck. To the extent that any other allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that any other allegations of this paragraph are directed toward another defendant(s), AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

25. At all times relevant to the allegations in this complaint, both ARS and AssetsBiz were Santander's agents for purposes of repossessing Nelson's Van and Truck.

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

26. At all times relevant to the allegations in this complaint, both ARS and AssetsBiz were Santander's agents for purposes of collections on Nelson's auto vehicle loans.

6

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

27. At all times relevant to the allegations in this complaint, ARS was acting within the scope of its agency relationship with Santander.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

28. At all times relevant to the allegations in this complaint, AssetsBiz was acting within the scope of its agency relationship with ARS and Santander.

**ANSWER:** Admitted.

29. Santander is liable for all the acts committed by its agents within the scope of their agency, including but not limited to ARS's and AssetsBiz's attempts to collect a debt from Nelson and their attempts to repossess a vehicle from Nelson.

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

30. ARS is liable for all the acts committed by its agents, within the scope of their agency, including but not limited to AssetsBiz's attempts to collect a debt from Nelson and AssetsBiz's attempts to repossess a vehicle from Nelson.

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

V.   First Claim for Relief
(Multiple violations of FDCPA: 15 U.S.C. § 1692)

31. Plaintiff realleges paragraphs 1-30 above.

**ANSWER:** AssetsBiz Corp. incorporates its answers to Paragraphs 1 through 30 above as its answer to this paragraph.

32. 15 U.S.C. § 1692c(b) provides, in relevant part, that:

> [A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the creditor.

**ANSWER:** Admitted that this paragraph quotes a portion of 15 U.S.C. § 1692c(b). All other allegations are denied.

33. Santander contacted Nelson's mother, Cindy Olson, her father, Warren Olson, her stepmother, Kathy Olson, and her friend, Nicole Badgley. Each such communication was a violation of 15 U.S.C. § 1692c(b).

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

34. 15 U.S.C. § 1692e provides, in relevant part, that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . . . (7) The false representation of implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:** Admitted that this paragraph quotes a portion of 15 U.S.C. § 1692e. All other allegations are denied.

35. Santander, or one of its agents, told Nelson that she "could go to jail," if she did not pay, in violation of 15 U.S.C. § 1692e(4), (5), (7) & (10).

8

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

36. Santander, or one of its agents, threatened to and attempted to repossess Nelson's Van prior to sending the pre-repossession notice required under Wisconsin law, Wis. Stat. § 425.205(1g). Such actions violated the FDCPA, 15 U.S.C. § 1692e(4), (5) & (10).

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

37. 15 U.S.C. § 1692f provides, in relevant part, that:

> Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; and (C) the property is exempt by law from such dispossession or disablement.

**ANSWER:** Admitted that this paragraph quotes a portion of 15 U.S.C. § 1692f. All other allegations are denied.

38. Santander, or one of its agents, threatened to and attempted to repossess the Van, prior to sending the pre-repossession notice required under Wisconsin law, Wis. Stat § 425.205(1g). These actions violated 15 U.S.C. § 1692f(6)(A), (B) & (C).

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant,

AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

39. Defendants are liable to Nelson for her action damages and additional damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(1) & (2)(A). Such actual damages include, but are not limited to, Nelson's emotional distress and mental anguish. Nelson also seeks her costs and actual reasonable attorney fees. 15 U.S.C. § 1692k(a)(3).

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

VI. Second Claim for Relief
(Violations of the Wisconsin Consumer Act: Wis. Stat. Chapter 427)

40. Plaintiff realleges paragraphs 1-39 above.

**ANSWER:** AssetsBiz Corp. incorporates its answers to Paragraphs 1 through 39 above as its answer to this paragraph.

41. Wisconsin Statute § 427.104(1) provides, in relevant parts:

Prohibited practices. (1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not: ...(b) threaten criminal prosecution; ... (h) Engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer; (i) Use obscene or threatening language in communicating with the customer or a person related to the customer; (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist ...

**ANSWER:** Admitted that this paragraph quotes a portion of Wisconsin Statute § 427.104(1). All other allegations are denied.

42. As explained above, Santander's and Santander's agents' actions violated Wis. Stat § 427.104(1)(b), (h), (i) & (j).

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

43. As a result of the Defendants' illegal conduct, Nelson has suffered emotional distress and mental anguish.

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

44. The Defendants are liable to Nelson for actual damages, including damages related to Nelson's emotional distress and mental anguish, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

**ANSWER:** To the extent that any of the allegations of this paragraph are directed toward AssetsBiz Corp., those allegations are denied. To the extent that the allegations of this paragraph are directed toward another defendant, AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of those allegations, and therefore denies those allegations.

VII. Third Claim for Relief
(Violations of Federal Telephone Consumer Protection Act: (47 U.S.C. 227)

45. Plaintiff reallages paragraphs 1-44, above.

**ANSWER:** AssetsBiz Corp. incorporates its answers to Paragraphs 1 through 44 above as its answer to this paragraph.

46. 47 U.S.C. § 227(b) provides, in relevant part:

   (1) PROHIBITIONS. – It shall be unlawful for any person within the United States, or any person outside the United States if the


> recipient is within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -- ... (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

**ANSWER:** Admitted that this paragraph quotes a portion of 47 U.S.C. § 227(b). All other allegations are denied.

47. Santander repeatedly violated 42 U.S.C. § 227(b) by attempting to collect a debt from nelson using automated calls placed to Nelson's cellular telephone.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

48. 47 U.S.C. § 227(b)(3) provides:

> PRIVATE RIGHT OF ACTION. – A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State – (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. (emphasis added)

**ANSWER:** Admitted that this paragraph quotes 47 U.S.C. § 227(b)(3).

49. Nelson seeks $500 in damages, trebled to $1,500 if the evidence shows that Santander willfully or knowingly placed the automated calls in violation of this law, for each automated call Santander made to her. Nelson also seeks an injunction prohibiting any future such automated placed to her cellular telephone.

**ANSWER:** AssetsBiz Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies the allegations therein.

Wherefore, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violations of the state Act;

B. Actual damages, including emotional distress and mental anguish, pursuant to 15 U.S.C. § 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Wis. Stat. § 425.304;

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

F. Emotional distress and mental anguish damages pursuant to Wis. Stat. § 427.105;

G. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 425.308;

H. If the evidence supports such a findings at trial, punitive damages; and

I. For Such other and further relief as may be just and proper.

**ANSWER**: AssetsBiz Corp. denies that Plaintiff is entitled to any of the relief sought in this paragraph.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury and all causes of action.

**ANSWER**: AssetsBiz Corp. requests a trial by jury on all causes of action for which a jury trial is allowed.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims waived in whole or in part.

2. Plaintiff has released her claims in whole or in part.

3. Any alleged misconduct by AssetsBiz Corp. was the result of innocent mistake.

4. Any loss, injury, or damage sustained by Plaintiff was caused and contributed to by her own breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct.

5. Any loss, injury, or damage sustained by Plaintiff was caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties.

6. According to 15 U.S.C. § 1692k(c), AssetsBiz Corp. is not liable to Plaintiff because any act or omission by AssetsBiz Corp., if determined to be in violation of the FDCPA, was not intentional, and was the result of a bona fine error notwithstanding the maintenance of procedures reasonably calculated to avoid such an error.

7. Plaintiff has failed or neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing any recovery by her.

8. AssetsBiz Corp. reserves the right to assert additional affirmative defenses in the event discovery indicates that it additional affirmative defenses have merit.

WHEREFORE, Defendant AssetsBiz Corp., respectfully requests that the Court entered judgment in its favor and against Plaintiff, award it its costs in this action, and grant it such other relief as is just and proper in the circumstances.

Dated: February 7, 2012              Respectfully submitted,

                                     ASSETSBIZ CORP.


                                     By:   *s/Garrett L. Boehm, Jr.*
                                           Garrett L. Boehm, Jr.
                                           Johnson & Bell, Ltd.
                                           33 West Monroe Street, Suite 2700
                                           Chicago, IL 60603
                                           TELEPHONE: (312) 372-0770
                                           FAX: (312) 372-9818

                                           *Attorney for Defendant AssetsBiz Corp.*

*GLB/bej #2932572*

**CERTIFICATE OF SERVICE**

    I, Garrett L. Boehm, Jr., hereby state that on February 7, 2012, I electronically filed the foregoing, **Defendant AssetsBiz Corp.'s Answer to Amended Complaint** with the Clerk of the Court using the ECF system, which will send notification to all parties.

                                                    By:  *s/Garrett L. Boehm, Jr.*
                                                              Garrett L. Boehm, Jr.
                                                              Johnson & Bell, Ltd.
                                                              33 West Monroe Street, Suite 2700
                                                              Chicago, IL 60603
                                                             TELEPHONE: (312) 372-0770
                                                             FAX: (312) 372-9818