## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER NELSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SANTANDER CONSUMER USA, INC., *et al.*, | ) ) ) |
| Defendants, | ) ) ) Case No. 11-CV- 307 |
| SANTANDER CONSUMER USA, INC., | ) ) |
| Counter-Plaintiff, | ) ) |
| v. | ) ) |
| HEATHER NELSON, | ) ) |
| Counter-Defendant. | ) |

### SANTANDER CONSUMER USA, INC.'S COUNTERCLAIM

Defendant/Counter-Plaintiff Santander Consumer USA, Inc. ("Santander"), by counsel, states as follows for its Counterclaim against Plaintiff/Counter-Defendant Heather Nelson ("Nelson"):

### PARTIES

1. Defendant/Counter-Plaintiff Santander Consumer USA, Inc. is an Illinois corporation with its principal place of business located in the State of Texas.

2. Plaintiff/Counter-Defendant Nelson is a citizen of Wisconsin, residing at 516 Columbus St., Sun Prarie, WI 53590.

## JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over the claims set forth in this Counterclaim pursuant to 28 U.S.C. § 1367.

4. Venue in this District is proper in that the plaintiff resides here, the defendants transact business here, and the conduct complained of occurred here.

## BACKGROUND FACTS

5. On or about February 4, 2007, Nelson entered into an agreement with HSBC Auto Credit Inc. ("HSBC") to finance the purchase of a Chrysler Town & Country mini-van ("the Mini-Van").  (*See* Exhibit 1 ("the Mini-Van Agreement").)  Pursuant to the Mini-Van Agreement, Nelson borrowed the original principal sum of $19,603.84 bearing an interest rate of 13.79% per year.  The Mini-Van Agreement required Nelson to make 72 monthly payments of $404.03 beginning March 21, 2007, until the "Loan is paid in full."  *Id.* at 2.

6. On or about February 9, 2007, Nelson entered into an agreement with HSBC finance the purchase of a Dodge Ram pick-up truck ("the Pick-Up").  (*See* Exhibit 2 ("the Pick-Up Agreement" and, collectively with the Mini-Van Agreement, "the Loan Agreements").)  Pursuant to the Pick-Up Agreement, Nelson borrowed the original principal sum of $23,034.00 bearing an interest rate of 13.69% per year.  The Pick-Up Agreement required Nelson to make 72 monthly payments of  $473.50 beginning on or before March 26, 2007, until the "Loan is paid in full."  *Id.* at 2.

7. The terms and conditions of the Loan Agreements enabled Nelson to use the financing being provided by HSBC purchase both the Mini-Van and the Pick-Up.

8. The Loan Agreements granted HSBC security interests in both the Mini-Van and the Pick-Up which "secures payment of all amounts owed under this Agreement, your [Nelson's]

other obligations in this Agreement, and in any transfer, renewal, extension, modification, or assignment of this Agreement." (Loan Agreements, Exs. 1 and 2 at 2.)

9. In March 2010, HSBC sold the Loan Agreements to Santander and, as a result, Santander became both the lender and the servicer of the Loan Agreements. Also in March 2010, both companies wrote to Plaintiff, informing her of this. (Exhibit 3.)

10. Santander and its predecessor in interest, HSBC, have performed all of the conditions, covenants, and promises required of them under the terms of the Loan Agreements.

11. The Loan Agreements both provide:

> Upon default, we [HSBC and its successors in interest] may, at our option and without notice except as may be required by applicable law, accelerate this Loan and declare the entire unpaid amount of this Loan immediately due and payable, and exercise all or any of our rights of enforcement, including without limitation the right to peaceably repossess the Vehicle. We may also recover from you any reasonable and lawful expenses related to enforcement of our rights, including attorney's fees if not prohibited by applicable law, court costs, and any fees incurred in repossessing or selling the Vehicle. You may be subject to suit and liability, if not prohibited by applicable law, if any amount obtained upon sale or disposition of the Vehicle is insufficient to pay the balance of the Loan and any other amounts due under this Agreement. You will pay simple interest at the lesser of the Contract Rate or the maximum legal rate of interest on the unpaid balance of any judgment in our favor.

(Loan Agreements, Exs. 1 and 2 at 3.)

12. The Loan Agreements define "default" as a "failure to pay any installment when due…" (*Id.* at 3.)

13. Nelson is currently past due on the Loan Agreements.

14. As of the filing of this Counterclaim, Nelson is 418 days past due on the Mini-Van Agreement and 380 days past due on the Pick-Up Agreement.

15. Nelson has, therefore, defaulted her obligations under the Loan Agreements and Santander has declared the entire balance due under the terms of the Loan Agreements.

16. As of the date of this Counterclaim, Nelson owes $13,969.16 on the Mini-Van loan and $15,879.37 on the Pick-Up Loan.

17. Santander has referred this claim to outside counsel, who are not its regularly salaried employees, and Santander is entitled to recover its reasonable attorneys' fees pursuant to the terms of the Agreement. (Loan Agreements, Exs. 1 and 2 at 3.)

## COUNT I – BREACH OF CONTRACT

18. Santander hereby incorporates all allegations set forth in Paragraphs 1 through 18 of this Counterclaim as if fully set forth herein.

19. The Mini-Van Agreement is a valid, enforceable contract.

20. Santander and its predecessors in interest have fully performed all of their obligations arising out of the Mini-Van Agreement.

21. Nelson has failed to meet her contractual obligations arising out of the Mini-Van Agreement.

22. Nelson has, therefore, committed a material breach of the agreement.

23. As a direct and proximate result of Nelson's breach, Santander has been damaged by being deprived of the payments due under the terms of the Mini-Van Agreement and by Nelson's continuing wrongful possession of the Mini-Van.

## COUNT II – BREACH OF SECURITY AGREEMENT / REPLEVIN

24. Santander hereby incorporates all allegations set forth in Paragraphs 1 through 24 of this Counterclaim as if fully set forth herein.

25. Pursuant to the Mini-Van Agreement, Santander has a security interest in, and is entitled to immediate possession of, the Mini-Van.

26. As Nelson has defaulted under and breached the terms of the Mini-Van Agreement, Santander is entitled to enforce its rights and security interest under the Mini-Van Agreement.

27. The Court should therefore order that Santander may exercise all rights of a secured party under the Wisconsin Uniform Commercial Code and, in addition, exercise any one or more of the rights and remedies upon default as defined in the Mini-Van Agreement, including but not limited to the immediate possession, custody, and control of the collateral, the Chrysler Town & Country bearing Vehicle Identification Number 2C8GP54L75R101561, which, upon information and belief, is currently in Nelson's possession.

## COUNT III – BREACH OF CONTRACT

28. Santander hereby incorporates all allegations set forth in Paragraphs 1 through 18 of this Counterclaim as if fully set forth herein.

29. The Pick-Up Agreement is a valid, enforceable contract.

30. Santander and its predecessors in interest have fully performed all of their obligations arising out of the Pick-Up Agreement.

31. Nelson has failed to meet her contractual obligations arising out of the Pick-Up Agreement.

32. Nelson has, therefore, committed a material breach of the agreement.

33. As a direct and proximate result of Nelson's breach, Santander has been damaged by being deprived of the payments due under the terms of the Pick-Up Agreement and by Nelson's continuing wrongful possession of the Pick-Up.

**COUNT II – BREACH OF SECURITY AGREEMENT / REPLEVIN**

34. Santander hereby incorporates all allegations set forth in Paragraphs 1 through 18 and 29 through 34 of this Counterclaim as if fully set forth herein.

35. Pursuant to the Pick-Up Agreement, Santander has a security interest in, and is entitled to immediate possession of, the Pick-Up.

36. As Nelson has defaulted under and breached the terms of the Pick-Up Agreement, Santander is entitled to enforce its rights and security interest under the Pick-Up Agreement.

37. The Court should therefore order that Santander may exercise all rights of a secured party under the Wisconsin Uniform Commercial Code and, in addition, exercise any one or more of the rights and remedies upon default as defined in the Pick-Up Agreement, including but not limited to the immediate possession, custody, and control of the collateral, the Dodge Ram bearing Vehicle Identification Number 1D7HU18D44S599005 which, upon information and belief, is currently in Nelson's possession.

**JURY DEMAND**

38. Santander Consumer hereby requests a trial by jury on all causes of action.

WHEREFORE, Counterclaim-Plaintiff Santander Consumer USA, Inc. prays for and demands the following relief:

    (a) A monetary judgment, to be calculated according to the express terms of the Loan Agreements, in the amount of $13,969,16 for the Mini-Van Agreement and $15,879.37 for the Pick-Up Agreement plus pre-judgment interest until date of judgment and from then until paid in full at the rate provided by the laws of the State of Wisconsin;

    (b) An award to Santander of its attorneys' fees, costs, and expenses to the extent permitted by the Loan Agreements and the laws of the State of Wisconsin;

    (c) An order allowing Santander to immediately repossess the Mini-Van, a Chrysler Town & Country bearing Vehicle Identification Number 2C8GP54L75R101561, and the Pick-Up, a Dodge Ram bearing Vehicle

        Identification Number 1D7HU18D44S599005, both of which are secured by the Loan Agreements and which, upon information and belief, are currently in Nelson's possession;

(d)    An order enjoining Nelson from further frustrating Santander's lawful right of repossession and, if necessary, commanding Nelson to turn possession of the Mini-Van and the Pick-Up over to Santander; and

(e)    All other relief to which Santander may be entitled.

Dated: May 7, 2012

Respectfully submitted,

SANTANDER CONSUMER USA, INC.

By: *s/*Max A. Stein

Gary S. Caplan
Max A. Stein
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606
312-207-1000
312-207-6400
mstein@reedsmith.com

*Attorney for Defendant Santander Consumer USA, Inc.*

US_ACTIVE-107238032.1

- 8 -

**CERTIFICATE OF SERVICE**

      I, Max A. Stein, hereby state that on May 7, 2012, I electronically filed the foregoing SANTANDER CONSUMER USA, INC.'S COUNTERCLAIM with the Clerk of the Court using the ECF system, which will send notification to all parties.

      By:   *s/*Max A. Stein

      Max A. Stein
      REED SMITH LLP
      10 South Wacker Drive
      Chicago, IL 60606
      312-207-1000
      312-207-6400
      mstein@reedsmith.com