UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

HEATHER NELSON
516 Columbus Street
Sun Prairie, WI  53590-2306,

     Plaintiff,

     v.                           **Case No.:  11-cv-307**

SANTANDER CONSUMER USA, INC.
8585 N. Stemmons Freeway 1100N
Dallas, TX  75247,

PATRICK K. WILLIS CO., INC.,
d/b/a AMERICAN RECOVERY SERVICE
5118 Robert Mathews Parkway
El Dorado Hills, CA  95762, and

ASSETSBIZ CORP.
d/b/a ABC RECOVERY
180 Chicago Street
Cary, IL  60013,

     Defendants.

---

## SECOND AMENDED COMPLAINT

---

COMES NOW the Plaintiff, Heather Nelson, by her attorneys Mary Catherine Fons of Fons Law Office and Ivan J. Hannibal of the Consumer Rights Law Office LLC, and for her Second Amended Complaint against the Defendants, alleges as follows:

### Introduction

In 2005, Heather Nelson ("Nelson") purchased two vehicles, a truck and van, for her personal, family and household purposes.  To finance the purchases of the truck and van, Nelson obtained two loans from the auto dealership from which she purchased the vehicles.

1

In 2007, HSBC Auto Finance, Inc., ("HSBC"), an automobile finance company, and Nelson, entered into two agreements—one for the truck ("Truck Loan") and one for the van ("Van Loan")—to refinance the two loans for Nelson.

In March 2010, HSBC sold and assigned the Van Loan to Santander Consumer USA, Inc. ("Santander") a financial lender engaged in, among other business activities, offering loans to consumers for the purchase and refinance of loans related to automobiles, buying such loans from other lenders, and debt collection.  At the time HSBC sold and assigned the Van Loan to Santander, the loan was in default.

According to some documents provided by Santander, in March 2010, HSBC entered into an agreement with Santander whereby Santander would serve as a third-party servicer to HSBC for the Truck Loan. According to other documents provided by Santander, however, in March 2010, HSBC sold and assigned the Truck Loan to Santander.  At the time HSBC assigned the servicing rights on the Truck Loan or sold and assigned the Truck Loan to Santander, the loan was in default.

Shortly after purchasing the Van Loan and after purchasing or being assigned the servicing the rights to the Truck Loan, Santander, through its employees, embarked on a merciless campaign of harassment, intimidation, and abuse against Nelson in an attempt to collect money it claimed was due on the Van Loan and Truck Loan.

Santander's debt collection campaign was pernicious and persistent, and included conduct that far exceeded the bounds of respectful, legal debt collection.  Santander's employees and agents were rude, intimidating, and abusive during their myriad collection attempts.  They called Nelson hundreds of times, engaged in verbal harassment, lied to Nelson, threatened

Nelson, and contacted Nelson's friends, employers, and family members, in an attempt to collect money.

Santander, through its agents, also conducted an illegal repossession of Nelson's truck, engaging American Recovery Services and ABC Recovery, two automobile repossession companies, for assistance with the illegal repossession, and filed legal claims against Nelson related to the Truck Loan when it had no legal basis to do so.

## I.  Preliminary Statement

1.      This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA); the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, (TCPA); the Wisconsin Consumer Act, Wis. Stats. Chapters 421-427 (WCA); invasion of privacy; private nuisance; and civil theft.

## II.  Jurisdiction and Venue

2.      Jurisdiction is proper in this action under both federal question jurisdiction and diversity jurisdiction.  Federal question jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  Diversity jurisdiction arises under 15 U.S.C. § 1332(a).  The parties are all citizens of different states, and the amount in controversy exceeds $75,000. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the plaintiff resides here, the defendants transact business here, and the conduct complained of occurred here.

## III.  Parties

3.      Plaintiff, Heather Nelson, is a natural person residing at 516 Columbus St., Sun Prairie, WI, 53590.

4.      Nelson is a "consumer" as defined by 15 U.S.C. §1692a(3)

5.      Nelson is a "customer" as defined by Wis. Stat. § 421.301(17).

6.      Defendant Santander Consumer USA, Inc., is a corporation engaged in, among other things, the business of purchasing loans and collecting debts throughout the United States, with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247.

7.      Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.      Santander is a "debt collector" as defined by the WCA, Wis. Stat. § 427.103(3).

9.      Santander used an "automatic telephone dialing system," as that term is defined in 47 U.S.C. § 227(a)(1), to call Nelson's cell phone.

10.     Patrick K. Willis Co., Inc., d/b/a American Recovery Service ("ARS") is a corporation engaged in the business of collecting debts and repossessing automobiles throughout the country, with its principal place of business located at 5118 Robert J. Mathews Parkway, El Dorado Hills, CA  95762.

11.     ARS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

12.     AssetsBiz Corp. is a corporation engaged in the business of collecting debts and repossessing automobiles in Illinois and Wisconsin, with its principal place of business located at 180 Chicago Street, Cary, IL  60013.

13.     AssetsBiz Corp. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Wis. Stat. § 427.103(3).

## IV. Factual Allegations

14.     In 2005, Nelson purchased two vehicles, a 2004 Dodge Ram Truck and 2005 Town and Country Minivan, for her personal, family and household purposes.

15.     To finance the purchases of the truck and van, Nelson obtained two loans from the auto dealership from which she purchased the vehicles.

16.     In 2007, Nelson refinanced the loans on her truck and van with HSBC.  Nelson refinanced the two loans, the Van Loan and Truck Loan, respectively, for her personal, family, and household purposes.

17.     Both the Van Loan and the Truck Loan are loans subject to the Wisconsin Consumer Act.

18.     The Truck Loan and Van Loan documents contain myriad clauses, including, but not limited to clauses that: 1) state that HSBC is authorized to defer payments without Nelson's consent; 2) allow HSBC to take a security interest in items not authorized by statute; 3) define "default" in a manner contrary to the Wisconsin Consumer Act; 4) require Nelson to pay HSBC's attorney's fees; 5) claim that HSBC has a right to communicate with superior officers or members of the U.S. Armed Forces; and 6) required Nelson to verify information that HSBC knew was not true.

19.     In March 2010, HSBC assigned and sold the Van Loan to Santander.

20.     At the time HSBC assigned and sold the Van Loan to Santander, the Van Loan was, upon information and belief, in "default" as that term is defined in the loan agreement between HSBC and Nelson.

21.     In March 2010, HSBC either sold and assigned the Truck Loan to Santander or, alternatively, entered into an agreement with Santander whereby HSBC would continue to own the Truck Loan but Santander would serve as a third-party servicer for HSBC on the Truck Loan.

22.     Upon information and belief, at the time HSBC either assigned the Truck Loan to Santander or, alternatively, entered into an agreement with Santander whereby HSBC would continue to own the truck but Santander would serve as a third-party servicer for HSBC on the Truck Loan, the Truck Loan was, upon information and belief, in "default" as that term is defined in the loan agreement between HSBC and Nelson.

23.     In March 2010, Santander began debt collection communications with Nelson on the Truck Loan and Van Loan in order to try and collect money related to the two loans.

24.     Santander willfully and knowingly made hundreds of telephone calls to Nelson's cellular telephone using an "automatic telephone dialing system," as that term is defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

25.     Nelson never gave Santander her express consent to call her cellular telephone.

26.     Nelson informed Santander orally and in writing not to call her cellular telephone.

27.     Santander made repeated debt collection calls to Nelson many times, making multiple calls in an hour and frequently making multiple calls in one day.

28.     Santander made repeated calls to Nelson's employers without Nelson's permission, and after Nelson told Santander not to call her at her place of employment.

29.     Santander intentionally made the frequent and repeated calls to Nelson for the purpose of causing her anxiety, frustration and fear.

30.     As part of its' debt collection campaign, Santander contacted multiple third parties, including but not limited to Nelson's mother, Cindy Olson, her father, Warren Olson, her

stepmother, Kathy Olson, and Nelson's friend, Nicole Badgley, in an attempt to collect the alleged debts, all without Nelson's consent.

31.     Santander, through its employees and/or agents, threatened Nelson by telling her that she could "go to jail" if she failed to pay the alleged debts.

32.     Santander, through its employees and/or agents, intimidated Nelson by telling her that the caller was with the Department of Justice.

33.     Nelson was scared and intimidated by Santander's and its employees' and agents' conduct and suffered embarrassment, humiliation, anxiety, frustration, and fear.

34.     Upon information and belief, Santander trained its employees and agents to engage in the types of debt collection conduct that Santander engaged in with Nelson.

35.     Upon information and belief, Santander has a policy of engaging in frequent, repeated, and uninvited calls to debtors, debtors' friends, debtors' neighbors, debtors' family members, and debtors' employers in order to try and collect money.

36.     Upon information and belief, Santander engaged in the same conduct it engaged towards Nelson with other consumers and customers, and that it is Santander's practice to engage in frequent, repeated, and uninvited calls to debtors, debtors' friends, debtors' neighbors, debtors' family members, and debtors' employers in order to try and collect money.

37.     On or about late May 2010, Santander retained Patrick K. Willis Co., Inc., doing business as American Recovery Service ("ARS"), to attempt repossession of Nelson's van and truck.  ARS, in turn, retained AssetsBiz Corp. ("AssetsBiz") as its local repossession agent.

38.     In May of 2010 Defendants repossessed Nelson's truck.

39.     In repossessing her truck, Defendant's breached the peace by taking the truck after Nelson had told them to refrain from taking the truck.

7

40.     Defendants failed to send Nelson a proper notice of right to cure default required by Wis. Stat. § 425.104 and 425.105 before repossessing Nelson's truck in May of 2010.

41.     Defendants failed to sent Nelson a proper notice containing all the information required by Wis. Stat. § 425.205 before repossessing Nelson's truck in May of 2010.

42.     Upon information and belief, Defendants attempted to repossess Nelson's van in November 2010.

43.     Defendants' breached the peace in attempting to repossess Nelson's van by attempting to take the van after Nelson had told them to refrain from taking the van.

44.     Prior to attempting to repossess her van, Defendants threatened Nelson by telling her that "the hunt is on," and they were looking for her van, and would take it when they found it.

45.     Defendants failed to send Nelson a proper notice of right to cure default required by Wis. Stat. § 425.104 and 425.105 before attempting to repossess Nelson's van in November of 2010.

46.     Defendants failed to sent Nelson a proper notice containing all the information required by Wis. Stat. § 425.205 before attempting to repossess Nelson's van in November of 2010.

47.     At all times relevant to the allegations in this complaint, both ARS and AssetsBiz were Santander's agents for purposes of repossessing Nelson's van and truck.

48.     At all times relevant to the allegations in this complaint, both ARS and AssetsBiz were Santander's agents for purposes of collecting on Nelson's truck loan and van loan.

49.     At all times relevant to the allegations in this complaint, ARS was acting within the scope of its agency relationship with Santander.

50.     At all times relevant to the allegations in this complaint, AssetsBiz was acting within the scope of its agency relationship with ARS and Santander.

51.     Santander is liable for all the acts committed by its employees and agents within the scope of their agency, including but not limited to ARS's and AssetsBiz's attempts to collect a debt from Nelson and their repossession of the truck from Nelson, and their attempted repossession of Nelson's van from Nelson.

52.     ARS is liable for all the acts committed by its agents, within the scope of their agency, including but not limited to AssetsBiz's attempts to collect a debt from Nelson and AssetsBiz's repossession of the truck from Nelson, and AssetBiz's attempted repossession of Nelson's van from Nelson.

53.     On April 26, 2011, Nelson filed her complaint in this action.

54.     After Nelson filed her complaint in this action, Santander denied Nelson access to Santander's website for payments and refused to send her monthly payment coupons, thereby obstructing her ability to make payments on the Truck Loan and Van Loan.

55.     On May 7, 2012, Santander filed a counterclaim against Nelson in this action.

56.     In filing the counterclaim, Santander alleged that HSBC sold the Truck Loan to Santander in March 2010.

57.     Upon information and belief, HSBC did not sell the Truck Loan to Santander as it alleged in its counterclaim.  Instead, upon information and belief, HSBC entered into an agreement with Santander whereby HSBC would continue to own the Truck Loan but Santander would serve as a third-party servicer for HSBC on the Truck Loan

58.     If HSBC did not sell and assign the truck loan to Santander, as alleged in its counterclaim, it had no legal right to bring a claim against Nelson related to her Truck Loan.

## V. First Claim for Relief
## Multiple violations of FDCPA:  15 U.S.C. § 1692

59.     Nelson realleges all paragraphs as set forth above.

60.     Santander committed multiple and repeated violations of the FDCPA including but not limited to violations of 15 U.S.C. §§ 1692b, 1692c(a), 1692c(b), 1692c(c), 1692d, 1692e, 1692f, and 1692g.

61.     ARS and AssetsBiz committed multiple violations of the FDCPA including but not limited to violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f.

62.     Nelson suffered actual damages as a result of Defendants' multiple and repeated violations of the FDCPA including, but not limited to, monetary payments, emotional distress and mental anguish.

63.     Defendants are liable to Nelson for her actual damages and also for additional damages not to exceed $1,000 pursuant to 15 U.S.C. § 1692k(a)(1) & (2)(A).   Nelson is also entitled to recover her costs and reasonable attorney fees from Defendants pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.  Second Claim for Relief
## Violations of the Wisconsin Consumer Act-Debt Collection:  Wis. Stat. Chapter 427

64.     Nelson realleges all paragraphs as set forth above.

65.     Santander committed multiple and repeated violations of Wis. Stat. § 427, including, but not limited to, violations of Wis. Stat. §§ 427.104(1)(a), 427.104(1)(b), 427.104(1)(c), 427.104(1)(d), 427.104(1)(e), 427.104(1)(f), 427.104(1)(g), 427.104(1)(h), 427.104(1)(i), 427.104(1)(j), 427.104(1)(L).

66.     ARS and AssetsBiz committed multiple and repeated violations of Wis. Stat. §

427, including, but not limited to, violations of Wis. Stat. §§ 427.104(1)(a), 427.104(1)(h),

427.104(1)(i), 427.104(1)(j), 427.104(1)(L).

67.     As a result of the Defendants' illegal conduct, Nelson has suffered  actual

damages, including monetary payments, emotional distress and mental anguish.

68.     Defendants are liable to Nelson for actual damages, including damages related to

Nelson's emotional distress and mental anguish, statutory damages, punitive damages, actual

costs, and attorneys' fees, under Wis. Stat. § 427.105, 425.301(1) and 425.308.

### VII.  Third Claim for Relief
### Violations of Federal Telephone Consumer Protection Act:  47 U.S.C. 227

69.     Nelson realleges all paragraphs as set forth above.

70.     47 U.S.C. § 227(b) provides, in relevant part:

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any
person outside the United States if the recipient is within the United States—(A) to make
any call (other than a call made for emergency purposes or made with the prior express
consent of the called party) using any automatic telephone dialing system or an artificial
or prerecorded voice— . . . (iii) to any telephone number assigned to a paging service,
cellular telephone service, specialized mobile radio service, or other radio common
carrier service, or any service for which the called party is charged for the call.

71.     Santander repeatedly violated 42 U.S.C. § 227(b) by willfully and knowingly

calling Nelson's cellular telephone using automated calls placed to Nelson's cellular telephone.

72.     47 U.S.C. § 227(b)(3) provides:

PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws
or rules of court of a State, bring in an appropriate court of that State—(A) an action
based on a violation of this subsection or the regulations prescribed under this subsection
to enjoin such violation, (B) an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such violation, whichever is greater or
(C) both such actions.  If the court finds that the defendant willfully or knowingly
violated this subsection or the regulations prescribed under this subsection, the court may,
in its discretion, increase the amount of the award to an amount equal to not more than 3
times the amount available under subparagraph (B) of this paragraph

73.     Nelson seeks $500 in damages, trebled to $1,500 if the evidence shows that Santander willfully or knowingly placed the automated calls in violation of this law, for each automated call Santander made to her.  Nelson also seeks an injunction prohibiting any future such automated calls placed to her cellular telephone.

## VIII.  Fourth Claim for Relief
### Illegal Repossession Under The Wisconsin Consumer Act

74.     Nelson realleges all paragraphs as set forth above.

75.     Defendants violated Wis. Stat. § 425.206 because they failed to send a proper notice of right to cure default required by Wis. Stat. § 425.104 and 425.105 before repossessing Nelson's truck in May of 2010.

76.     Defendants violated Wis. Stat. § 425.206 because they failed to sent Nelson a proper notice containing all the information required by Wis. Stat. § 425.205 before repossessing Nelson's truck in May of 2010.

77.     Defendants violated Wis. Stat. § 425.206 because they breached the peace when they repossessed Nelson's truck in May 2010.

78.     Defendants violated Wis. Stat. § 425.206 because they breached the peace when they attempted to repossess Nelson's van in May 2010.

79.     Because Defendants violated Wis. Stat. § 425.206, Nelson is entitled to retain the truck and van without obligation to pay any further amount, and to all sums Nelson paid to Santander, pursuant to Wis. Stat. § 425.305(1) and (2), and all of her costs and attorney's fees pursuant to Wis. Stat. § 425.308.

## IX.  Fifth Claim for Relief
### Additional Violations of the Wisconsin Consumer Act

80.     Nelson realleges all paragraphs as set forth above.

81.     Many of the terms found in the Van Loan documents and Truck Loan documents are prohibited by the Wisconsin Consumer Act.  Nelson has a right to assert claims based on the Van Loan documents and Truck Loan document now because Santander committed violations of the Wisconsin Consumer Act as late as May 2012, and Nelson is entitled to assert her rights under Wis. Stat. § 425.307(2) because Santander filed a counterclaim.

82.     HSBC included terms entitled "Payments" on page 2 of the Van Loan and Truck Loan that violate Wis. Stat. § 422.204 by stating that HSBC is authorized to defer payments without Nelson's consent, despite a required notice. Nelson is entitled to the remedies of Wis. Stat. § 425.304 (greater of $1000 or actual damages) and Wis. Stat. § 425.308 (costs and attorneys' fees) for each violation.

83.     HSBC included terms entitled "Security Interest" on page 2 of the Van Loan and Truck Loan that violate Wis. Stat. § 422.417 by stating that HSBC is taking a security interest in items not authorized by statute.  Nelson is entitled to the remedies of Wis. Stat. § 425.304 (greater of $1000 or actual damages) and Wis. Stat. § 425.308 (costs and attorneys' fees) for each violation.

84.     HSBC included terms entitled "Default" on page 3 of the Van Loan and Truck Loan that violate Wis. Stat. § 425.103 by defining default in prohibited manners. Nelson is entitled to the remedies of Wis. Stat. § 425.302 ($25 and actual damages) and Wis. Stat. § 425.308 (costs and attorneys' fees) for each violation.

85.     HSBC included illegal attorney fee provisions in the section "Remedies Upon Default" on page 3 of the Van Loan and Truck Loan and those provisions violate Wis. Stat. § 422.411.  Nelson is entitled to the remedies of Wis. Stat. § 425.304 (greater of $1000 or actual damages) and Wis. Stat. § 425.308 (costs and attorneys' fees) for each violation.

86.     HSBC included terms entitled "Exchange of Information" on page 4 of the Van Loan and Truck Loan that violate Wis. Stat. § 427.104(1)(j) by claiming that HSBC has a right to communicate with superior officers of members of the U.S. Armed Forces about the loans in violation of Wis. Stat. § 427.104(1)(d), (e), and (h). Nelson is entitled to the remedies of Wis. Stat. §§ 427.105, 425.304 (greater of $1000 or actual damages) and Wis. Stat. 425.308 (costs and attorneys' fees).

87.     In its counterclaim Santander seeks attorneys' fees from Nelson in violation of Wis. Stat. § 427.104(1)(j). Nelson is entitled to the remedies of Wis. Stat. §§ 427.105, 425.304 (greater of $1000 or actual damages) and Wis. Stat. § 425.308 (costs and attorneys' fees).

88.     HSBC included terms entitled "Your Warranties and Obligations" on page 2 of the Van Loan and Truck Loan that state "You represent and warrant that you own the Vehicle free and clear of any liens except for our lien".  HSBC included this term knowing it was false, as evidenced by the payoff to another creditor on page 1 of each Van Loan and Truck Loan. Requiring Nelson to sign false statements is unconscionable in violation of Wis. Stat. § 425.107. Nelson is entitled to the remedies of Wis. Stat. § 425.303 ($100 and actual damages) and Wis. Stat. § 425.308 (costs and attorneys' fees) for each violation.  Nelson is also entitled to an order of the court which refuses to enforce the transactions against Nelson.

89.     Many terms of the Van Loan and Truck Loan described above are unconscionable in violation of Wis. Stat. § 425.107.  Nelson is entitled to the remedies of Wis. Stat. § 425.303 ($100 and actual damages) and Wis. Stat. § 425.308 (costs and attorneys' fees) for each violation.  Nelson is also entitled to a order of the court which refuses to enforce the transactions against Nelson.

90.     All of the terms, clauses, provisions, security interests and other conduct and actions of Santander in violation of chs. 421 to 427 confer no rights to Santander and no obligations by Nelson pursuant to Wis. Stat. § 425.306.  Nelson is also entitled to an award of costs and attorneys' fees pursuant to Wis. Stat. § 425.308.

91.     Santander wrongfully seeks loan balances from Nelson.  Santander's counterclaim seeks both replevin of the vehicles and full payment on the alleged loan balances.  Santander is required to sell any vehicles after a successful replevin in a commercially reasonable manner before it can seek any deficiency amount from Nelson. Santander's conduct is in violation of Wis. Stat. § 427.104(1)(h) and (j).  Nelson is entitled to the remedies of Wis. Stat. §§ 427.105, 425.304 (greater of $1000 or actual damages) and Wis. Stat. 425.308 (costs and attorneys' fees).

## X.  Sixth Claim for Relief
## Invasion of Privacy

92.     Nelson realleges all paragraphs set above.

93.     Nelson has a right of privacy in Wisconsin as recognized in W is. Stat. § 995.50.

94.  Santander's conduct unreasonably invaded Nelson's right to privacy and caused her damages including emotional distress.

95.  Nelson is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount for attorney's fees pursuant to Wis. Stat. § 995.50.

## XI.  Seventh Claim for Relief
## Private Nuisance

96.     Nelson realleges all paragraphs as set forth above.

97.     Santander's conduct invaded Nelson private use and enjoyment of her home.

98.     Santander negligently and recklessly failed to train and supervise its collectors.

99.     Santander's employees' and agents' conduct caused harm to Nelson.

100.    Nelson is entitled to recover from Santander for the harm Santander caused her.

## XII. Eighth Claim for Relief
## Civil Theft

101.    Nelson realleges all paragraphs as set forth above.

102.    Defendants intentionally took and carried away Nelson's truck without her consent and with intent to deprive her permanently of possession of the truck in violation of Wis. Stat. §§ 895.446 and 943.20.

103.    Nelson suffered a property loss and, pursuant to Wis. Stat. § 895.446, is entitled to recover her actual damages, all costs of investigation and litigation that were reasonably incurred, including the value of the time spent by Nelson's attorneys, and exemplary damages of not more than three times her actual damages, from Defendants.

WHEREFORE, Nelson respectfully prays that judgment be entered against the Defendants on her Second Amended Complaint.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all causes of action.

Dated this 9th day of July, 2012.


By:   s/ Mary Catherine Fons
      **Mary Catherine Fons, SBN 1017000**
      FONS LAW OFFICE
      500 South Page Street
      Stoughton, WI  53589
      Phone: (608) 873-1270
      *Fax*: (608) 873-0496
      mfons@chorus.net

      **Ivan J. Hannibal, SBN 1050360**
      CONSUMER RIGHTS LAW OFFICE

5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone:  (608) 852-6702
consumerrightslawoffice@gmail.com

**ATTORNEYS FOR PLAINTIFF**