UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                                        Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,               Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SANTANDER CONSUMER USA, INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

In this action, Plaintiff Heather Nelson ("Plaintiff") asserts claims against Santander Consumer USA, Inc. ("Santander") for violation of the federal Fair Debt Collection Practices Act, codified at 15 U.S.C. Section 1692, *et seq.* ("FDCPA"). The FDCPA, however, only applies to debt collectors, not creditors. Santander is an automobile finance company; its principal business is originating automobile finance loans. It is not, nor has it ever been, in the business of debt collection.

Nevertheless, Plaintiff attempts to shoe-horn Santander into the FDCPA due to the ownership history of her auto-finance loans. Plaintiff's loans were initially made by HSBC Auto Finance, Inc. ("HSBC") in 2007. In 2010 Santander acquired the entire auto-finance business of HSBC, including HSBC's entire portfolio of open and active auto loan accounts and facilities. As multiple courts have already held, Santander's purchase of HSBC and its portfolio of loans

does not convert Santander from a creditor to a debt collector under the FDCPA. Because the FDCPA does not apply to Santander, Santander is entitled to partial summary judgment pursuant to Fed. R. Civ. P. 56, granting judgment in Santander's favor on the First Claim for Relief set out in Plaintiff's Second Amended Complaint.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. The Ownership Of Plaintiff's Loans.

In 2005 Plaintiff purchased a 2004 Dodge Ram Truck and a 2005 Town & Country Minivan for personal use. (Proposed Findings of Fact, at ¶ 6.) In 2007, plaintiff refinanced both loans with HSBC. (Proposed Findings of Fact, at ¶ 7.) Santander became the creditor on the loan secured by Plaintiff's minivan in March 2010, when it acquired the Loan Repayment and Security Agreement from HSBC. (Proposed Findings of Fact, at ¶ 8.) Santander became the creditor on the loan secured by Plaintiff's truck in August 2010, when it acquired that Loan Repayment and Security Agreement from HSBC. (Proposed Findings of Fact, at ¶ 9.)

The Santander/HSBC transaction began in March 2010, with Santander's purchase of certain divisions of HSBC, including certain of HSBC's facilities. (Proposed Findings of Fact, at ¶ 13.) Santander's purchase of HSBC's auto-finance business was completed in August 2010. (Proposed Findings of Fact, at ¶ 12.) Santander acquired Plaintiff's accounts as a result of this transaction. (Proposed Findings of Fact, at ¶¶ 8-9.) Through the transaction, Santander in effect purchased the entirety of HSBC's auto-finance business, including its entire portfolio of existing auto finance loans. (Proposed Findings of Fact, at ¶¶ 10-12.) Santander purchased HSBC's entire portfolio of existing auto finance loans without regard to whether they were current or in default. (Proposed Findings of Fact, at ¶ 10.)

Santander is not a debt collector, it is an automobile finance company, and its principal business is originating automobile retail installment sales contracts on direct and indirect lending program platforms. (Proposed Findings of Fact, at ¶ 5.) Where, as here, Santander purchases a portfolio of loans, it becomes the creditor on those loans, and the FDCPA does not apply.

## ANALYSIS

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also* Fed. R. Civ. Proc. 56(c). The nonmoving party "may not rest upon the mere allegations or denials of his pleadings," but "must set forth specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 322.

"Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to [their] case, and on which [they] bear the burden of proof at trial." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999). On an issue as to which the nonmoving party has the burden of proof, the moving party can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 323. To avoid summary judgment, the nonmoving party must produce more than "a scintilla of evidence" to support his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Indeed, the opposing party must set forth evidence sufficient for a jury to reasonably decide in its favor. *Id.*

## A. The FDCPA Does Not Apply To Creditors Like Santander.

"A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004). In fact, "for purposes of applying the [FDCPA] to a particular debt, these two categories—debt collectors and creditors—are mutually exclusive." *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 501 (7th Cir. 2008). "[O]ne may not bring claims under the FDCPA against creditors...." *Wilkinson v. Wells Fargo Bank Minn.*, No. 06-C-1288, 2007 WL 1414888, at *4 (E.D. Wis. May 9, 2007).

The FDCPA specifically defines the term debt collector as, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). As is apparent from this definition, the FDCPA targets organizations collecting debts on behalf of others (e.g., collection agencies). Courts have consistently held that creditors collecting their own debts fall outside the reach of the FDCPA. *See, e.g., Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) (holding that those who collect in their own name and on behalf of themselves are not subject to the federal FDCPA). *See also Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003); *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103–04 (N.D. Cal. 2011).

Indeed, the "legislative history of [the federal FDCPA] indicates conclusively that a debt collector does not include the consumer's creditors." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (referencing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Even the officers and employees of a

creditor are expressly exempted from liability under the federal FDCPA for their collection activities on behalf of the creditor. 15 U.S.C. § 1692a(6)(A); *see Aubert*, 137 F.3d at 978 (the creditor exemption exists because "creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill...").

A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default ***solely for the purpose of facilitating collection of such debt for another***." 15 U.S.C. § 1692a(4) (emphasis added). This provision has been interpreted to mean that "collecting debt *not* for another, whether or not the debt is assigned in default, makes one a creditor." *Schlegel*, 799 F. Supp. 2d at 1103–04 (emphasis added). Stated differently, an assignee of debt is a creditor under the FDCPA if it acquired the debt to collect on its own behalf, even if the debt was assigned in default. *See id.* An assignee of a debt may be considered a "debt collector" only where the assignee acquired the debt in default "solely for the purpose of facilitating the collection of debt for another." *Id.* at 1105-06.

This principle was recently affirmed by the Fourth Circuit Court of Appeals, in *Blagogee v. Santander Consumer USA, Inc.*, No. 12-1018, 474 Fed. App'x 366, 366 (4th Cir. July 30, 2012) (per curiam), which affirmed the District Court's dismissal of an FDCPA claim against Santander. In *Blagogee*, Santander purchased a debt in default from HSBC Auto Finance, Inc., and thereafter serviced and collected that debt on its own behalf. The District Court found that the Plaintiff's FDCPA claim against Santander failed because, "[Plaintiff] belies his own assertion that Santander is a 'debt collector' by also alleging that Santander is an assignee of the sales contract, making Santander a creditor for the purposes of the FDCPA.... Specifically, even after construing his allegations liberally, [Plaintiff] has failed to allege, at a minimum, that

Santander received its assignment [in default] 'solely for the purpose of facilitating collection of such debt *for another*.'" *Blagogee v. Santander Consumer USA, Inc.*, No. 1:11-cv-680 (AJT/TRJ), 2011 WL 8186750, *2 (E.D.Va. Nov. 29, 2011).

The Eastern District of California reached a similar result in *Meyer v. Santander Consumer USA*, No. 2:10-cv-2786 GGH PS, 2012 WL 3528117 (E.D. Cal. Aug. 15, 2012). In *Meyer*, the plaintiff purchased a vehicle in 2004 with financing from Triad. *Id.* at *1. The plaintiff frequently made partial payments and later began missing payments altogether. Santander purchased the plaintiff's account from Triad between June and November 2008. *Id.* at *2. In her complaint, the plaintiff alleged that Santander was a debt collector as defined by the FDCPA, and Santander violated the FDCPA by placing telephone calls in an attempt to collect a debt from the plaintiff. *Id.* at *1.

In response, Santander filed a partial summary judgment motion to the FDCPA claim, and argued that it was a creditor as defined by the FDCPA because it purchased the plaintiff's account from Triad in 2008 through a transaction involving Santander's purchase of Triad's entire automobile finance portfolio (much like Santander's purchase of HSBC's entire portfolio in this case). *Id.* at *2. The Court agreed with Santander and held, "in light of the fact that Santander purchased Triad's entire assets and operations, which no doubt included loans in default and loans not in default, the court cannot draw a reasonable inference that Santander is merely a debt collector masquerading as a creditor by buying up selected loans in default. For these reasons, the court concludes that Santander is a creditor exempt from the FDCPA, and that Santander's motion for partial summary judgment with respect to plaintiff's FDCPA claim should be granted." *Id.* at *5. The facts of the present case are indistinguishable.

### B. Plaintiff's First Claim For Relief Fails As A Matter Of Law Because Santander Is A Creditor, Not A "Debt Collector," As Defined By The FDCPA.

Plaintiff cannot succeed on her First Claim for Relief because Santander is a creditor, not a "debt collector" regulated by the FDCPA. *See, e.g.*, 15 U.S.C. § 1692d(6) ("A *debt collector* may not ... place[] ... telephone calls without meaningful disclosure of the caller's identity") (emphasis added); 15 U.S.C. § 1692e(11) ("A *debt collector* may not ... fail[] to disclose ... that the *debt collector* is attempting to collect a debt and that any information obtained will be used for that purpose....") (emphasis added); 15 U.S.C. § 1692c(a)(2) ("... a *debt collector* may not communicate with a consumer in connection with the collection of any debt—(2) if the *debt collector* knows the consumer is represented by an attorney with respect to such debt....") (emphasis added).

Like in *Blagogee* and *Meyer*, here, Santander is a "creditor" as defined by the FDCPA because Santander is an automobile finance company whose principal business is originating automobile finance loans. Santander's purchase of HSBC's auto-finance business, including its entire portfolio of existing loans without regard to their current/default status, simply expanded the pool of loans owned by Santander. There is no evidence in the record to support the conclusion that Santander purchased Plaintiff's loans "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4) (defining "creditor" under the FDCPA). In fact, the undisputed evidence is that Santander purchased Plaintiff's loans—along with the rest of HSBC's auto-loan portfolio—to hold and service as its own. (Proposed Findings of Fact, at ¶ 15.) As a result, Santander is not facilitating the collection of a debt owed to HSBC or any other party.

Plaintiff will likely contend that Santander is a "debt collector" under the FDCPA because her accounts were in default when Santander purchased them from HSBC. However,

this argument finds no support in the language of the FDCPA. The assignee of a debt is not a "creditor" only if it acquired a debt in default "*solely for the purpose of facilitating collection of such debt for another.*" 15 U.S.C. § 1692a(4) (emphasis added). *See Schlegel*, 799 F. Supp. 2d at 1103–05 ("under the FDCPA, if someone receives an assignment of debt in default but does not do so 'solely for the purpose of facilitating collection of such debt for another,' he may still be a creditor"). Here, the undisputed material facts establish that Santander acquired Plaintiff's accounts—indeed, all of the HSBC accounts—as its own, to collect on its own behalf, without regard to their default status. (Proposed Findings of Fact, at ¶ 10, 15.) Accordingly, no court could "draw a reasonable inference that Santander is merely a debt collector masquerading as a creditor by buying up selected loans in default." *Meyer*, 2012 WL 3528117, at *5.

The Seventh Circuit's decisions in cases such as *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536–539 (7th Cir. 2003) and *McKinney*, 548 F.3d at 502, are distinguishable. Unlike Santander's purchase of HSBC's auto-finance business in the present case, the defendants in those cases did not acquire the entire business of another creditor. Instead, they merely purchased loans, some or all of which were already in default at the time of the transaction. By purchasing the entirety of HSBC's auto-finance business, the only change is one creditor stepping into the shoes of another. As an auto-finance creditor, Santander has every incentive to protect its good will by treating debtors with honesty and respect. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 797 (7th Cir. 2009) (citing difference in incentives for creditor, as opposed to debt collector, as basis for distinction between the two under the FDCPA). That incentive is no different for Santander with respect to the auto-finance business it purchased from HSBC. That is why the FDCPA only excludes creditors that acquired a debt in default "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Because Santander's

acquisition of HSBC's auto-finance business had nothing to do with the collection of debt for another, it is a creditor under the express terms of the FDCPA.

Because Santander is a "creditor" as defined by the FDCPA, Plaintiff's First Claim for Relief fails as a matter of law, and Santander is entitled to summary judgment pursuant to Fed. R. Civ. P. 56.

## CONCLUSION

The undisputed material facts demonstrate that Santander is a creditor as defined by the FDCPA. Given the clarity of the record, Santander respectfully requests that this Court grant Santander's motion for partial summary judgment, dismissing Plaintiff's First Claim for Relief with prejudice.

Dated: January 7, 2013

Santander Consumer USA, Inc.

s/ David Z. Smith
David. Z. Smith
Gary S. Caplan
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
dzsmith@reedsmith.com

US_ACTIVE-111571772.1

## CERTIFICATE OF SERVICE

I, David Z. Smith, hereby state that on January 7, 2013, I electronically filed the foregoing *Memorandum of Law in Support of Defendant Santander Consumer USA, Inc.'s Partial Motion for Summary Judgment* with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

By: /s/ David Z. Smith

David Z. Smith (IL ARDC #6256687)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: 312.207.1000