UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

v.

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

Case No.: 11-cv-307

Honorable Barbara B. Crabb

## DEFENDANT SANTANDER CONSUMER USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF WAYNE NIGHTENGALE'S DECLARATION AND MOTION FOR SANCTIONS AGAINST SANTANDER AND ITS COUNSEL

### INTRODUCTION

Plaintiff has manufactured a dispute over a document that was produced 11 days prior to Defendant Santander Consumer USA, Inc.'s ("Santander") filing its motion for summary judgment, and 32 days before her responsive pleading was due. The document relates to a non-controversial factual issue – that Santander owns Plaintiff's automobile loans and purchased HSBC's entire automobile loan portfolio between March and August 2010 – that has already been the subject of written and oral discovery and, if need be, can be further explored by limited additional deposition testimony pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

Plaintiff asserts that Santander, as well as its counsel, Reed Smith LLP, allegedly "sandbagged" Plaintiff when it produced two documents in this litigation (out of more than 3800 pages produced) – one on December 28, 2012 and another document on January 4, 2013 that

were attached as Exhibits D and E, respectively, to the affidavit of Santander's corporate representative, Wayne Nightengale, submitted in support of Santander's motion for Partial Summary Judgment on Plaintiff's Fair Debt Collection Practices ("FDCPA") Claims ("Motion").[1] In its Motion, Santander argues that its actions relating to Plaintiff's loans purchased as part of a portfolio of loans from HSBC are not subject to the FDCPA. Exhibit D is a 37-page Asset Sale and Purchase, Assignment and Assumption Agreement dated as of August 27, 2010 ("Purchase Agreement"), relating to Santander's purchase of HSBC's auto loan portfolio. (Dkt# 82, ¶ 8 and Ex. D.) The portfolio sold by HSBC to Santander included loans from HSBC Auto Credit, Inc., the entity that originally financed Plaintiff's auto loans at issue in this case. (Dkt# 82, ¶¶ 6-8.) Exhibit E is a similar purchase agreement for loans from additional affiliated HSBC entities that have no connection to Plaintiff's loans.[2] (Dkt # 82, ¶ 8 and Ex. E.)

As set forth below, Plaintiff's motion should be denied for at least three reasons. First, Santander did not hide the HSBC sale from Plaintiff. On the contrary, Plaintiff already knew that such a sale took place pursuant to other documents already produced in the case as well as the deposition testimony of Santander's corporate representative. Second, Plaintiff has suffered no prejudice from the production of Exhibit D, not only because she already had previous knowledge of the sale, but also because the issue raised in Santander's Motion is a legal rather than factual one. Third, Plaintiff was offered a practical solution to her claim – Santander offered to produce its corporate representative for a short additional deposition about the two

---

[1] The Declaration of Wayne Nightengale submitted in support of Santander's Motion was filed under seal as Docket No. 82, and Exhibits D and E that are the subject of this motion to strike are attached thereto.

[2] The HSBC Purchase Agreement (Ex. D to Mr. Nightengale's affidavit) involved the sale of automobile loans held by certain entities, including HSBC Auto Credit Inc., to Santander. HSBC Auto Credit Inc. held Plaintiff's two auto loans. (Dkt# 82, ¶¶ 4-8 and Exs. A-D.) Exhibit E is a similar purchase and sale agreement, but it was for other HSBC affiliates that did not originate or hold Plaintiff's auto loans. (*Id.* at ¶8 and Ex. E.) Thus, only the production of Exhibit D is relevant to Plaintiff's motion to strike.

documents pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ahead of Plaintiff's January 28, 2013 due date to respond to Santander's Motion or, if necessary, Santander would agree to provide Plaintiff with additional time (with Court approval) to respond to the Motion following the deposition of Santander's corporate representative. Plaintiff refused both options and instead brought her motion to strike and for sanctions.[3]

## I. SANTANDER DID NOT HIDE THE AUGUST 27, 2010 HSBC AUTOMOBILE PORTFOLIO SALE TO SANTANDER.

Neither Santander nor its counsel purposely hid anything from Plaintiff. Santander has consistently maintained that it purchased Plaintiff's two auto loans as part of the entire HSBC portfolio of automobile loans. Santander produced the two documents at issue, among others, as part of a supplemental production made on December 28, 2012 and January 4, 2013. This is in addition to the approximately 3,000 pages of documents Santander previously produced in this case, which included the Bills of Sale from the very transaction between HSBC and Santander that Plaintiff inquired about at Santander's corporate representative deposition. (Declaration of Gary S. Caplan ("Caplan Decl."), attached hereto as Ex. A.) While Plaintiff now purports to challenge the transfer of her loans from HSBC to Santander, Plaintiff herself alleged in her Second Amended Complaint that Santander purchased her two auto loans from HSBC. (Dkt # 49, Plaintiff's Second Amended Complaint, ¶¶ 19, 21.) Moreover, other documents have been produced in this case demonstrating that Plaintiff received notice from Santander that it had

---

[3] Counsel for Santander offered a similar solution for the other discovery dispute pending in this case: Plaintiff's refusal to sit for her deposition prior to the January 28, 2013 deadline for Santander to respond to Plaintiff's motion for summary judgment, despite Santander's efforts to reschedule her deposition since December 4, 2012. There, Santander proposed that Plaintiff sit for her deposition before January 28, 2013 or, alternatively, if Plaintiff was not available until after that date, the parties could schedule the deposition and seek a short amount of additional time (with Court approval) pursuant to Rule 56(d) for Santander to respond to Plaintiff's summary judgment motion until after the Plaintiff was deposed. Plaintiff's counsel rejected both options. Accordingly, Santander filed its Motion to Compel Plaintiff's Deposition on January 17, 2013, which is currently pending before the Court. (Dkt# 87.)

purchased her loans. (Caplan Decl., ¶ 3 and Ex. 2.) Thus, Exhibit D simply supplements the non-controversial proposition that Santander purchased Plaintiff's auto loans, and in fact the entire automobile loan portfolio, from HSBC.

The Purchase Agreement (Exhibit D) that Plaintiff now complains of was produced 11 days before Santander filed its Motion, and 32 days prior to Plaintiff's response was due. Discovery in this matter does not close until May 10, 2013. To date, Plaintiff has taken only one deposition. During that 30(b)(6) deposition of Santander's corporate representative, Wayne Nightengale, Plaintiff's counsel had the opportunity and *did in fact* question Mr. Nightengale about Santander's purchase of HSBC's entire automobile loan portfolio. (Caplan Decl., ¶ 4 and Ex. 3.) Thus, the documents produced by both parties in the case, as well as Santander's corporate representative's deposition testimony, was consistent and unambiguous: Santander purchased all of HSBC's automobile loans by August 27, 2010, including Plaintiff's two auto loans. (*Id.*) Accordingly, Mr. Nightengale's affidavit that was submitted in support of Santander's Motion for summary judgment on January 7, 2013, which states that Santander purchased HSBC's "entire portfolio of existing auto-finance loans," merely confirms information about that issue that was previously provided to Plaintiff in both document and testimony form. (Dkt # 82, ¶ 6.)

Not only did Plaintiff and her counsel have actual knowledge of these facts, there is absolutely basis for their claim that Santander or its' counsel hid or otherwise intentionally elected not to produce the Purchase Agreement. In fact, during Mr. Nightengale's 30(b)(6) deposition on November 28, 2012, Plaintiff's counsel questioned him about the existence of the Purchase Agreement (Ex. D), and requested that Santander check its files again and produce that document. (Caplan Decl., ¶ 4 and Ex. 3.) Counsel for Santander agreed to do so, and Plaintiff's

- 4 -

counsel indicated that she expected to depose Mr. Nightengale again on those documents when they were produced. (*Id.*) Following the deposition, counsel for Santander directed the client to renew its search for a copy of the Purchase Agreement as well as other documents requested by Plaintiff's counsel, and additional documents, including the Purchase Agreement (Ex. D) and Exhibit E were subsequently located. Santander produced the Exhibit D at issue to Plaintiff's counsel as part of a 650-page supplemental document production on December 28, 2012. (*Id.* at ¶ 6.) Additionally, on January 4, 2013, the undersigned made another supplemental document production that consisted of 180-pages and the Exhibit E at issue. (*Id.*)

## II. PLAINTIFF HAS NOT DEMONSTRATED PREJUDICE.

Plaintiff has not demonstrated any prejudice associated with the alleged delay in producing Exhibits D and E. Plaintiff claims she did not "have the opportunity to receive and review the documents, prepare questions related to the documents to ask Santander, and ask Santander about the documents in its corporate designee deposition… Nelson should have an opportunity to ask Santander about any documents it claims prove a valid assignment or sale of the loans." (Plaintiff's Br. at 13-14.) Yet, Plaintiff's counsel did have that opportunity after receiving the Exhibit D document on December 28, 2012, which was well in advance of the January 28, 2013 due date to respond to Santander motion for summary judgment. Rather than focus on the reasonable resolution proposed by Santander, Plaintiff's counsel instead elected to spend her time preparing and filing the present motion to strike and for sanctions. Accordingly, Plaintiff's attempt to demonstrate prejudice relating to the production of Purchase Agreement rings hollow.

Santander's Motion for partial summary judgment is based exclusively on a legal argument – that the FDCPA is inapplicable to the purchase of a loan portfolio. Plaintiff deposed

Mr. Nightengale for approximately 8 hours on November 28, 2012. (Caplan Decl., ¶ 4.) Mr. Nightengale was asked repeated questions and testified that Santander purchased the entire portfolio of HSBC automobile loans, including even HSBC's physical structures and employees. (*Id.*) Plaintiff's loans were part of this purchase, as all automobile loans were. (*Id.*) In short, there is no real dispute that Santander purchased HSBC's entire portfolio of loans, including Plaintiff's loan. Exhibit D does not change the facts known to Plaintiff, or, more importantly, the law holding that the FDCPA does not apply to creditors that purchase portfolios of loans. Plaintiff was hardly "sandbagged" on the FDCPA issue raised in Santander's Motion.

### III. PLAINTIFF'S RELIANCE ON RULE 37 IS FLAWED.

Plaintiff's motion is procedurally flawed. Plaintiff complains that two documents were produced too close to the filing of Santander's Motion, and left her with no time to ask questions about the documents or use those questions in her response. *Plaintiff did not bring a motion to compel under Rule 37(a) for failing to produce documents.* Instead, Plaintiff's motion is brought pursuant to Rule 37(c) of the Federal Rules of Civil Procedure relating to the sufficiency of Rule 26 disclosures.

Throughout this litigation, Santander has produced documents relating to Plaintiff's account and the relevant issues, including the issue of the purchase of HSBC's portfolio. The production of one document 11 days prior to filing a motion and 5 months prior to the close of discovery, when Plaintiff is fully aware of the issue and has not moved to compel disclosure, has not caused Plaintiff any harm or prejudice, and should not give rise to sanctions.

To the extent that Plaintiff believes she needs the opportunity to depose a Santander corporate representative on the document, Plaintiff could have filed a motion under Rule 56(d) of the Federal Rules of Civil Procedure, which allows the Court discretion to (i) defer the motion or

deny it, (ii) allow Plaintiff time to depose Santander about the document, or (iii) issue any appropriate order. Plaintiff, however, does not seek such a request. In fact, when Plaintiff's counsel called on January 9, 2013 to complain about the production of the two documents, counsel for Santander offered two reasonable alternatives to Plaintiff's concern: (i) Plaintiff could further depose a Santander corporate representative about the two documents; and (ii) pursuant to Rule 56(d), Santander would agree to additional time, if necessary, for Plaintiff to file its opposition brief currently due January 28, 2013. (Caplan Decl., ¶ 7.) Plaintiff rejected both alternatives and filed the instant motion on January 15, 2013. (*Id.* at ¶ 8, and Dkt # 83.) The next day, on January 16, 2013, the undersigned renewed the offer to have Plaintiff depose Mr. Nightengale on the two documents at issue if she believes that testimony is necessary to respond to Santander's Motion. (Caplan Decl., ¶ 9 and Ex. 4.) Plaintiff's counsel has not accepted that offer. (*Id.*)

Santander remains willing to allow Plaintiff's counsel to depose Mr. Nightengale on the two documents at issue if she believes that testimony is necessary to respond to Santander's Motion and, furthermore, pursuant to Rule 56(d), and subject to the Court's approval, Santander is willing to extend the Plaintiff's due date to respond to Santander's Motion until Plaintiff's can complete that deposition.

## IV. CONCLUSION

For all the foregoing reasons, Santander respectfully requests that the Court deny Plaintiff's Motion to Strike Portions of Wayne Nightengale's Declaration and Motion for Sanctions Against Santander and Its Counsel, and award such further relief as the Court deems just.

Dated: January 22, 2013

Santander Consumer USA, Inc.

s/ Gary S. Caplan
Gary S. Caplan (IL ARDC No. 6198263)
David. Z. Smith (IL ARDC No. 6256687)
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
gcaplan@reedsmith.com

# CERTIFICATE OF SERVICE

I, Gary S. Caplan, hereby state that on January 22, 2013, I electronically filed the foregoing DEFENDANT SANTANDER CONSUMER USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF WAYNE NIGHTENGALE'S DECLARATION AND MOTION FOR SANCTIONS AGAINST SANTANDER AND ITS COUNSEL with the Clerk of the Court using the ECF system, which will send notification to all parties.

By: /s/ Gary S. Caplan
Gary S. Caplan (IL ARDC No. 6198263)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000