UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                                      Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,            Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

### DEFENDANTS' MOTION IN LIMINE NUMBER 4: TO EXCLUDE ANY REFERENCE TO PRE-TRIAL DISCOVERY DISPUTES

Defendants Santander Consumer USA, Inc., Patrick K. Willis Co., Inc., d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery ("Defendants"), by their attorneys, respectfully request this Court enter an order *in limine* to exclude at trial any and all reference in the presence of the jury to any discovery dispute or any other comment that falsely implies that Defendants have not complied with discovery requirements or are otherwise obscuring facts or hiding evidence at trial.

Such comments exceed the scope of legitimate argument and must be precluded under Federal Rules of Evidence 401 and 403 as irrelevant and unfairly prejudicial. Trial is not the time to raise issues pertaining to discovery matters, particularly those for which either relief has been granted, or for which no relief was sought before trial. Plaintiff should not be allowed to create the false impression that any of the defendants are not forthright and has not complied with discovery requests. The tactic is used to inflame the jury and bias it against the defendants and their counsel.

Here, Defendants are concerned that Plaintiff may lodge baseless allegations that certain

witnesses, evidence or other information were not made available to their client during discovery in this litigation. Throughout the litigation, Plaintiff has raised certain issues with the magistrate judge regarding discovery disputes. The magistrate judge has issued various rulings, but has not awarded sanctions or costs under Rule 37 of the Federal Rules of Civil Procedure pursuant to any motion.

Plaintiff's counsel must be prohibited from engaging in these tactics at trial. It is black letter law that counsel must confine comments to the jury "to evidence in the record and to reasonable inferences from that evidence." *Whittenburg v. Werner Enters. Inc.,* 561 F.3d 1122, 1128-29 (10th Cir. 2009); *see also United States ex rel. Gardner v. Meyer*, 519 F. Supp. 75, 81 (N.D. Ill. 1981) (a lawyer may not make comments in his closing argument which are not supported by the evidence of record in the case). Of course, this Court can and will decide what evidence will get into the record.

Plaintiff Nelson has had ample time and been provided the evidence she requested to attempt to support her claims. She should not be permitted to argue to the jury that any shortcomings on her burden of proof is due to some undefined misconduct by Defendants. *See Cooper v. Dailey*, No. 07 C 2144, 2012 WL 1748150 (N.D. Ill. May 16, 2012) (granting motion *in limine* to exclude evidence that defendants were purposefully hiding evidence). If counsel is permitted to make the same unfounded claims to the jury, the prejudice to Defendants will be incurable. *See Whittenburg*, 561 F.3d at 1131-32. The preclusion of such unfairly prejudicial conduct before trial is therefore warranted.

WHEREFORE, defendants Santander Consumer USA, Inc., Patrick K. Willis Co., Inc., d/b/a/ American Recovery Service and AssetBiz Corp., d/b/a/ ABC Recovery, respectfully request that this Court enter an order precluding plaintiff Heather Nelson and her counsel, from disclosing or otherwise mentioning in the presence of the jury any and all references to any to discovery disputes.

- 3 -

Dated: May 10, 2013   SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC., d/b/a
AMERICAN RECOVERY SERVICE AND
ASSETSBIZ CORP., d/b/a/ ABC
RECOVERY
*Defendants*

s/ David Z. Smith_____
David. Z. Smith
Gary S. Caplan
Robert O'Meara
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
dzsmith@reedsmith.com

## **CERTIFICATE OF SERVICE**

   I, David Z. Smith, hereby state that on May 10, 2013, I electronically filed the foregoing **DEFENDANTS' MOTION IN LIMINE NUMBER 4** with the Clerk of the U.S. District Court for the Western District of Wisconsin using the ECF system, which will send notification to all parties of record.

              By: /s/ David Z. Smith
              David Z. Smith (IL ARDC No. 6256687)
              REED SMITH LLP
              10 South Wacker Drive
              Chicago, Illinois 60606
              (312) 207-1000