UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                                  Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,            Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

### DEFENDANTS' MOTION IN LIMINE NUMBER 6: TO EXCLUDE ALL EVIDENCE, TESTIMONY AND ARGUMENT RELATING TO DEFENDANTS' SIZE, OVERALL FINANCIAL CONDITION AND NET WORTH

Defendants Santander Consumer USA, Inc., Patrick K. Willis Co., Inc. d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery ("Defendants"), by their attorneys, respectfully requests this Court enter an order *in limine* to exclude evidence, testimony and argument relating to Defendants' size, overall financial condition, or net worth – e.g., the valuation of any of the Defendants as a whole, or the ability of Defendants to pay damages.

Defendants anticipate that plaintiff Heather Nelson will attempt to reference Defendants' overall financial condition, size and net worth at trial on issues relating to Defendants' liability under plaintiff's federal statutory and state law claims. As the Court has bifurcated the trial [*see* D.E. #48 at 5] presumably to divide between the liability/damages phase and the punitive damages issues, this evidence has no bearing on whether Santander violated any federal or state statute or breached any duty to plaintiff or caused her alleged injuries under Federal Rules of Evidence 401 and 402. Alternatively, to the extent the Court's order bifurcating the trial does

not split off the punitive damages issue from the liability/damages issues, this evidence should be excluded under Federal Rule of Evidence 403 because its probative value as to issues of liability or compensatory damages is substantially outweighed by the likelihood that it will unfairly prejudice Santander and waste the Court's time.

It is well recognized that references to the wealth and corporate status of a defendant arouse unfair prejudice and exceed the scope of legitimate argument. *See Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994) ("the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases"); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 491-92 (1993) (O'Conner, J., dissenting) (wealth creates a "special danger of bias" because "juries may feel privileged to correct perceived social ills stemming from unequal wealth distribution by transferring money from 'wealthy' corporation to comparatively needier plaintiffs"); *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672, 676, (7th Cir. 2003) ("[punitive damages] should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not for who he is, even if the who is a huge corporation."). It this recognition that leads courts to prohibit evidence of a party's financial condition on the issue of liability. *See, e.g.*, *Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 826-27 (7th Cir. 2005) (evidence of parties financial situation irrelevant to liability issues and would be prejudicial to the jury's determination of damages); *United States v. Fuesting*, 845 F.2d 664, 673 (7th Cir. 1988) (affirming exclusion of evidence of defendant's financial transactions and general financial status because irrelevant to the offenses with which he was charged); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 932 F. Supp. 220, 223 (N.D. Ill. 1996) (party's financial information irrelevant except for issue of punitive damages). Here, under the first phase of the trial – to determine liability and compensatory damages – the size,

wealth, and financial value of the Defendants is completely irrelevant to any of the issues the jury is to decide.  Thus all of that information should be excluded under FRE 401 and 402.

Alternatively, if the first phase of the bifurcated trial were to include issues of punitive damages, information regarding the Defendants' size and finances should not be admissible until the Court determines, as Wisconsin law requires, that plaintiff Nelson has made the necessary showing to be eligible for punitive damages.  Here, plaintiff Nelson may only seek an award of punitive damages under her Wisconsin common law claims; punitive damages are not available under either the Fair Debt Collection Practices Act or the Wisconsin Consumer Act.  *See Bruesewitz v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 06-C-400-S, 2006 WL 3337361, at *4 (W.D. Wis. Nov. 15, 2006) (citing *Randolf v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2001) and Wis. Stat. § 427.105(1)).  Accordingly, Wis. Stat. § 895.043 governs any award of punitive damages.  The statute sets a "heightened threshold" for punitive damages: that the defendants conduct be "(1) deliberate, (2) in actual disregard of the rights of another, and (3) sufficiently aggravated to warrant punishment by punitive damages."  *Berner Cheese Corp. v. Krug*, 752 N.W.2 800, 814 (Wis. 2008) (internal quotations omitted).  In addition, Wisconsin trial judges are to act as "gatekeepers", *i.e,*. determine that plaintiff has submitted sufficient evidence of all three prongs of the statutory threshold, before submitting the issue of punitive damages to the jury.  *Id.* (quoting *Strenke v. Hogner*, 694 N.W.2d 296, 305 (Wis. 2005)).  Accordingly, there is no reason to impart any information regarding Defendants' size, overall financial condition, or net worth except to bias the jury's determination as to liability.  That is, the dearth of probative value and well-recognized inflammatory nature of information of this type warrants exclusion from trial unless and until this Court in its "gatekeeping" function determines that plaintiff Nelson may be entitled to punitive damages under Wis. Stat. § 895.043.

Even if the Court determines that Nelson is entitled to punitive damages, Wis. Stat. § 895.043 limits the amount of punitive damages she may recover. Specifically, Wis. Stat. § 895.043(6) provides that punitive damages received by a plaintiff may not exceed twice the amount of any compensatory damages recovered by the plaintiff or $200,000, whichever is greater. Because the amount of punitive damages that Nelson may recover is limited by statute, Defendants' ability to pay punitive damages is irrelevant and would be prejudicial to the jury's determination of damages. *See Van Bumble*, 407 F.3d at 826-27. Accordingly, there is no reason to disclose any information regarding Defendants' financial condition or net worth unless Defendants' ability to pay punitive damages becomes an issue.

WHEREFORE, defendants Santander Consumer USA, Inc., Patrick K. Willis Co., Inc. d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery., respectfully request that this Court enter an order excluding any evidence, testimony or argument relating to Defendants' size, financial condition and overall net worth.

Dated: May 10, 2013

SANTANDER CONSUMER USA, INC.;
PATRICK K. WILLIS CO., INC. D/B/A
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. D/B/A ABC
RECOVERY
*defendants*

s/ David Z. Smith_____
Gary S. Caplan
Robert O'Meara
David Z. Smith
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
dzsmith@reedsmith.com

## **CERTIFICATE OF SERVICE**

      I, David Z. Smith, hereby state that on May 10, 2013, I electronically filed the foregoing **DEFENDANTS' MOTION IN LIMINE NUMBER 6** with the Clerk of the U.S. District Court for the Western District of Wisconsin using the ECF system, which will send notification to all parties of record.

                                                By: /s/ David Z. Smith
                                                David Z. Smith (IL ARDC No. 6256687)
                                                REED SMITH LLP
                                                10 South Wacker Drive
                                                Chicago, Illinois  60606
                                                (312) 207-1000

US_ACTIVE-112825739.2