UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                                      Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,              Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

## DEFENDANTS' MOTION IN LIMINE NUMBER 7: TO EXCLUDE ALL EVIDENCE, TESTIMONY AND ARGUMENT RELATING TO DEFENDANTS' ACTIONS (OR NON-ACTIONS) TO DISCIPLINE EMPLOYEES THAT ENGAGED IN THE CONDUCT AT ISSUE.

Defendant Santander Consumer USA, Inc. ("Santander") Patrick K. Willis Co., Inc., d/b/a American Recovery Service ("ARS"), and AssetsBiz Corp. d/b/a ABC Recovery ("AssetsBiz" and with Santander and ARS, "Defendants"), by their attorneys, respectfully requests this Court enter an order *in limine* to exclude at trial any and all evidence, testimony and argument relating to Defendants' alleged failure to discipline employees that engaged in actions that allegedly constitute violations of the federal or state statues at issue and/or allegedly constitute breaches of a common law duty.

Specifically, that information should be excluded under Federal Rules of Evidence 401 and 403 because it is irrelevant and prejudicial. Whether Defendants disciplined their employees has no bearing on liability. The employees' conduct was what it was; any subsequent disciplinary actions would and could not change the fact that those actions occurred nor would such discipline have any bearing on damages Nelson suffered as a result of those employees

actions. At most, plaintiff Nelson may try to argue that such non-action is relevant to Defendants' "bona fide error" defense to plaintiff Nelson's Fair Debt Collection Practice Act claims. But that argument is incorrect. Whether the employee involved in the alleged FDCPA violation was later disciplined is irrelevant to the validity of the "bona fide error" defense. *See, e.g.*, *Rose v. Roach*, No. 6:12-CV-00061, 2013 WL 1563655, at *2, *6 (W.D. Va. Apr. 12, 2013) (granting defendant summary judgment on "bona fide error" defense despite individual debt collect "was not disciplined for his failure to include . . . required disclosures"); *Durthaler v. Account Receivable Mgmt., Inc.*, 854 F. Supp. 2d 485, 495-96 (S.D. Ohio 2012) (granting defendant summary judgment on "bona fide error" defense despite that individual collector involved in alleged violation "was never disciplined").

Arguably the only marginal relevance this evidence could possibly have would on the issue of punitive damages. As argued in Defendants' contemporaneously filed Motion in Limine Number 6, the Court has bifurcated the trial [see D.E. #48 at 5] presumably to divide between the liability/damages phase and the punitive damages issues. Accordingly, this evidence of Defendants' alleged failure to discipline employees should be barred from the first of the two trials (i.e. on liability/damages). Alternatively, to the extent the Court's order bifurcating the trial does not split off the punitive damages issue from the liability/damages issues, this evidence should be excluded until such time as the Court under its "gatekeeping" function determines that plaintiff Nelson has presented enough evidence to be entitled to punitive damages under her Wisconsin state law claims pursuant to Wis. Stat. § 895.043. *See Berner Cheese Corp. v. Krug*, 312 Wis. 2d 251, 280 (2008).[1]

---

[1] Punitive damages are not available under either the Fair Debt Collection Practices Act or the Wisconsin Consumer Act. *See Bruesewitz v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 06-C-400-S, 2006 WL 3337361, at *4 (W.D. Wis. Nov. 15, 2006) (citing *Randolf v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2001) and Wis. Stat. § 427.105(1)).

WHEREFORE, defendant Santander Consumer USA, Inc., Patrick K. Willis Co., Inc. d/b/a American Recovery Service and AssetsBiz Corp., d/b/a ABC Recovery respectfully request that this Court enter an order precluding plaintiff Heather Nelson, her counsel, and all witnesses from disclosing or otherwise mentioning in the presence of the jury any and all references to Defendants' alleged failure to discipline employees that engaged in actions that constituted alleged violations of the federal or state statues at issue and/or constituted breaches of a common law duty.

Dated:  May 10, 2013

SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICE AND ASSETSBIZ CORP., d/b/a/ ABC RECOVERY
*Defendants*

s/ David Z. Smith_____
David. Z. Smith
Gary S. Caplan
Robert O'Meara
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
dzsmith@reedsmith.com

# CERTIFICATE OF SERVICE

      I, David Z. Smith, hereby state that on May 10, 2013, I electronically filed the foregoing **DEFENDANTS' MOTION IN LIMINE NUMBER 7** with the Clerk of the U.S. District Court for the Western District of Wisconsin using the ECF system, which will send notification to all parties of record.

                                                          By:   /s/ David Z. Smith
                                                      David Z. Smith (IL ARDC No. 6256687)
                                                       REED SMITH LLP
                                                       10 South Wacker Drive
                                                       Chicago, Illinois  60606
                                                       (312) 207-1000

US_ACTIVE-112897594.1