**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

HEATHER NELSON,

     Plaintiff,

        v.

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

     Defendants.

Case No.: 11-cv-307

Honorable Barbara B. Crabb

---

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendant Santander Consumer USA, Inc. ("Santander") Patrick K. Willis Co., Inc.,

d/b/a American Recovery Service ("ARS"), and AssetsBiz Corp. d/b/a ABC Recovery

("AssetsBiz" and with Santander and ARS, "Defendants"), by their attorneys, and pursuant to

this Court's Preliminary Pretrial Conference Order, hereby submits the following Proposed Jury

Instructions for use at trial.

Dated: May 10, 2013

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC., d/b/a
AMERICAN RECOVERY SERVICE
AND ASSETSBIZ CORP., d/b/a/ ABC
RECOVERY
*Defendants*

s/ Gary S. Caplan
David. Z. Smith
Gary S. Caplan
Robert O'Meara
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
gcaplan@reedsmith.com

## TABLE OF CONTENTS

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| I.A | Standard Introductory Instruction | *Court's Standard Civil Jury Instructions* | 1 |
| I.B | Summary Contentions of the Parties | | 8 |
| II.A | Post-Trial Instructions Introduction | *Court's Standard Civil Jury Instructions* | 10 |
| II.B | Burden of Proof – Preponderance of the Evidence | *Court's Standard Civil Jury Instructions* | 11 |
| II.C | Answers Not Based on Guesswork | *Court's Standard Civil Jury Instructions* | 12 |
| II.D | Selection of Presiding Juror; Communication with the Judge; Verdict | *Court's Standard Civil Jury Instructions* | 13 |
| II.E | Suggestions for Conducting Deliberations | *Court's Standard Civil Jury Instructions* | 14 |
| III.A | Violations of FDCPA: 15 U.S.C. § 1692 (All Defendants) | 15 U.S.C. § 1692 | 15 |
| III.B | Violations of FDCPA:  15 U.S.C. § 1692(b) (Santander) | 15 U.S.C. § 1692(b) | 16 |
| III.C | Violations of FDCPA: 15 U.S.C. § 1692(c) (Santander) | 15 U.S.C. § 1692(c) | 18 |

| Number | Title | Source | Page Number |
|---|---|---|---|
| III.D | Violations of FDCPA:  15 U.S.C. § 1692(d) (All Defendants) | 15 U.S.C. § 1692(d) | 20 |
| III.E | Violations of FDCPA:  15 U.S.C. § 1692(e) (All Defendants) | 15 U.S.C. § 1692(e) | 21 |
| III.F | Violations of FDCPA:  15 U.S.C. § 1692(f) (All Defendants) | 15 U.S.C. § 1692(f) | 24 |
| III.G | Violations of FDCPA:  15 U.S.C. § 1692(g) (Santander) | 15 U.S.C. § 1692(g) | 26 |
| III.H | FDCPA:  15 U.S.C. § 1692(k)(c)—Bona Fide Error | 15 U.SC. § 1692(k)(c) | 28 |
| III.I | FDCPA:  15 U.S.C. § 1692 – Vicarious Liability | *Scally v. Hilco Receivables, LLC*, 392 F.Supp.2d 1036 (N.D. Ill. 2005); *see also Fleming-Dudley v. Legal Investigations, Inc.*, 05 C 4648, 2007 WL 952026 (N.D. Ill. Mar. 22, 2007); *Wis. JI-Civil 4000, modified to reflect the facts of the case* | 29 |

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| III.J | Agency:  Control | *Scally v. Hilco Receivables, LLC*, 392 F.Supp.2d 1036 (N.D. Ill. 2005); *see also Fleming-Dudley v. Legal Investigations, Inc.*, 05 C 4648, 2007 WL 952026 (N.D. Ill. Mar. 22, 2007); *Wis. JI-Civil 4000* | 30 |
| III.K | Debt Collector Under FDCPA:  Debt Not in Default | 15 U.S.C. § 1692a(6)(F)(iii); *see also McKinney v. Candleway Props., Inc.*, 548 F.3d 496, 501-02 (7th Cir. 2008); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) | 31 |
| III.L | Violations of Wisconsin Consumer Act – Wis. Stat. § 427 (All Defendants) | Wis. Stat. §§ 427.103-104; *see also* Wis. Stat. § 421.301 | 32 |
| III.M | Wisconsin Consumer Act: § 425.301(3)—Bona Fide Error | Wis. Stat. § 425.301(3) | 35 |
| III.N | Invasion of Privacy – Wis. Stat. § 995.50 (Santander) | *Wis. JI-Civil 2551* | 36 |
| III.O | Private Nuisance (Santander) | *Wis. JI-Civil 1922; Restatement (Second) of Torts, § 821; Dumas v. Saxon Mortg. Servcs., Inc.,* 2012 WL 1801694 (E.D. Cal. May 16, 2012) | 37 |

| Number | Title | Source | Page Number |
|---|---|---|---|
| III.P | Civil Theft (All Defendants) | *Wis. JI-Civil 2200* | 38 |
| III.Q | Independent Contractor | *Wis. JI-Civil 4060, modified to reflect the facts of the case* | 39 |
| IV.A | Damages – General | *Court's Standard Civil Jury* | 40 |
| IV.B | Income Taxes | *Court's Standard Civil Jury Instructions* | 41 |
| IV.C | Duty to Mitigate Damages | *Court's Standard Civil Jury Instructions* | 42 |
| IV.D | Pain and Suffering | *Wis. JI-Civil 1766, modified to reflect the facts of the case* | 43 |
| IV.E | Punitive Damages | *Wis. JI-Civil 1707.1, modified to reflect the facts of the case, see Defendants' Motion in Limine No. 6* | 44 |
| IV.F | Punitive Damages Not Available Under the Fair Debt Collection Practices Act | *Randolf v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir.2001); *see also Bruesewitz v. Law Offices of Gerald E. Moore & Associates, P.C.*, No. 06-C-400-S, 2006 WL 3337361 (W.D. Wis. 2006) | 46 |

| Number | Title | Source | Page Number |
|---|---|---|---|
| IV.G | Punitive Damages Not Available Under the Wisconsin Consumer Act | *Bruesewitz v. Law Offices of Gerald E. Moore & Associates, P.C.*, No. 06-C-400-S, 2006 WL 3337361 (W.D. Wis. 2006) (citing *Associates Financial Services Co. v. Hornik*, 114 Wis.2d 163, 172-73, 336 N.W.2d 395 (Ct.App.1983)) | 47 |
| IV.H | Double Recovery-Fair Debt Collection Practices Act and Wisconsin Consumer Act | *Bruesewitz v. Law Offices of Gerald E. Moore & Associates, P.C.*, No. 06-C-400-S, 2006 WL 3337361 (W.D. Wis. 2006) | 48 |
| IV.I | Double Recovery-Same Injury | *Duran v. Town of Cicero, Illinois*, 653 F.3d 632 (7th Cir. 2011); *Berner Cheese Corp. v. Krug*, 752 N.W.2d 800 (2008); *Leitinger v. Dbart, Inc.*, 736 N.W.2d 1 (2007) | 49 |

# I.    Introductory Instructions

## I.A    Standard Introductory Instruction

Members of the jury, we are about to begin the trial of the case.  Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff.  In this action, the plaintiff is Heather Nelson or "Nelson."  The parties against whom the suit is brought are called the defendants.  In this action, the defendants are Santander Consumer USA, Inc. or "Santander," Patrick K. Willis Co., Inc., d/b/a American Recovery Service or "ARS" and Assetsbiz Corp. d/b/a/ ABC Recovery or "AssetsBiz."

Nelson is contending that the actions of Santander, ARS and AssetsBiz to collect debts owed on separate automobile loans on two vehicles Nelson had financed violated her rights under the Fair Debt Collection Practices Act and the Wisconsin Consumer Act and amounted to civil theft.   Additionally, Nelson claims that Santander's actions in connection with the collection of that same debt violated her right to privacy and constituted a private nuisance.

Santander, ARS and AssetsBiz deny that their actions violated Nelson's rights under the Fair Debt Collection Practices Act and the Wisconsin Consumer Act or amounted to civil theft.  Likewise, Santander denies that its actions violated her right to privacy or created a private nuisance.

The case will proceed as follows:

First, plaintiff Nelson's counsel will make an opening statement outlining plaintiff's case.  Immediately after plaintiff's statement, defendants' counsel will also make an opening statement outlining defendants' case.  What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the plaintiff Nelson will introduce evidence in support of her claim.  At the conclusion of the plaintiff's case, the defendants may introduce evidence in support of its defenses.  The defendants are not required to introduce any evidence or to call any witnesses.  If defendants introduce evidence, Nelson may then introduce rebuttal evidence.

Third, after the evidence is presented, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence.  What is said in closing argument is not evidence.  The plaintiff has the right to give the first closing argument and to make a short rebuttal argument after the defendants' closing argument.

Fourth, I will instruct you on the law that you are to apply in reaching your verdict.

Fifth, you will retire to the jury room and begin your deliberations.

You will hear the term "burden of proof" used during this trial.  In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim.  At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

The trial day will run from 9:00 a.m. until 5:30 p.m.  You will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.

During recesses you should keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial.  The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial.  You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and have retired to deliberate with the other members of the jury.

Second, do not permit any third person to discuss the case in your presence.  If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able.  Do not discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Third, although it is a normal human tendency to converse with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or witnesses.  By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day.  In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

Fourth, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial.  If a newspaper headline catches your eye, do not examine the article further.  Media accounts may be inaccurate and may contain matters that are not proper for your consideration.  You must base your verdicts solely on the evidence produced in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation or experimentation.  Do not look up materials on the internet or in other sources.  Again, you must base your verdict solely on the evidence produced in court.

Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about, the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other

evidence that may have contracted the witness's testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

Depositions

During the course of a trial the lawyers will often refer to and read from depositions. Depositions are transcripts of testimony taken while the parties are preparing for trial. Deposition testimony is given under oath just like testimony on the trial.  You should give it the same consideration you would give it had the witnesses testified herein court.

Objections

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses.  When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it.  Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

Questions

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper.  If, when the lawyers have finished all of their questioning of the witness, the question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked.  If it cannot, I will tell you that.  I will try to remember to ask about questions after each witness has testified.

Notetaking

The clerk will give each of you a notepad and pencil for taking notes.  This does not mean you <u>have</u> to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations.  Do not let notetaking interfere with your important duties listening carefully to all of the evidence and of evaluating the credibility of the witnesses.  Keep in mind that just because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing.  No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence.  Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being reported, you should not expect to be able to use trial transcripts in your deliberations.  You will have to rely on your own memories.

Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel.  You may consider only evidence that is admitted into the record.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be either direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to

either direct or circumstantial evidence.   You are to decide how much weight to give any evidence.

Contradictory or Impeaching Evidence

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters.   You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial.   You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case.   If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

Drawing of Inferences

You are to consider only the evidence in the case.   But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify.   You are

permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

**I.B        Summary Contentions of the Parties**

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are Nelson, Santander, ARS and AssetsBiz.  Nelson is seeking damages from Santander, ARS and AssetsBiz for allegedly violating the Fair Debt Collection Practices Act or "FDCPA" and the Wisconsin Consumer Act or "WCA" and committing civil theft in connection with their actions to collect a debt on two vehicles Nelson had financed. Additionally, Nelson is seeking damages from Santander for invasion of privacy and private nuisance for Santander's actions to collect on that same debt.

Specifically, Nelson alleges that Santander called Nelson's cellular telephone number numerous times over the course of a year in an attempt to collect on the debt.  Nelson further alleges that in May 2010, Santander repossessed one of Nelson's financed vehicles with the assistance of its independent contractors, ARS and AssetsBiz.

Santander denies that it violated the FDCPA or WCA when placing telephone calls regarding collection on the two automobile loans.  Furthermore, Santander, ARS and AssetsBiz deny they violated the FDCPA, and further contend that they cannot be liable under the FDCPA because they were not "debt collectors" as defined in the statute.  Santander, ARS and AssetsBiz also deny that the committed civil theft, and Santander denies that its actions constituted an invasion of privacy or amounted to a private nuisance.

Santander and ARS also claim that they are not liable to Nelson for an additional reason. ARS and AssetsBiz were acting as independent contractors at the time Defendants repossessed one of Nelson's financed vehicles, or attempted to repossess one of Nelson's vehicles, and for this reason, Santander and ARS are not vicariously liable for the actions of AssetBiz in connection with the repossession.

Your job will be to decide whether or not Santander, ARS or AssetsBiz violated the FDCPA or WCA or committed civil theft, and whether or not Santander invaded Nelson's privacy or its actions constituted a private nuisance.  You will also be asked to review the defenses of Santander, ARS and AssetsBiz relating to Nelson's claims.  If you decide for Nelson on any of her claims, you will need to decide any money damages to be awarded to Nelson to compensate her.

## II.        Post-Trial Instructions

**II.A       Introduction**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room.  It is my job to decide what rules of law apply to the case and to explain those rules to you.  It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them.  You must follow <u>all</u> of the rules; you may not follow some and ignore others.

The decision you reach in the jury room must be unanimous.  In other words, you must all agree on the answer to each question.

Your deliberations will be secret.  You will never have to explain your verdict to anyone.

If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea.  It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a special verdict consisting of ____ questions.  In answering the questions, you should consider only the evidence that has been received at this trial.  Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that certain questions in the verdict are to be answered only if you answer a preceding question in a certain manner.  Read the introductory portion of each question very carefully before you undertake to answer it.  Do not answer questions needlessly.

**II.B     Burden of Proof – <u>Preponderance of the Evidence</u>**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.   You should base your decision on all of the evidence, regardless of which party presented it.

**II.C      Answers Not Based on Guesswork**

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

**II.D     Selection of Presiding Juror; Communication with the Judge; Verdict**

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide or select whomever you like as a presiding juror. However, I am going to provide some general suggestions on the process to help you get started. When thinking about who should be presiding juror, you may want to consider the role that the presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of insuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me.  However, don't tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.  When you have reached a decision, the presiding juror will sign the verdict form, put a date on it, and all of you will return with the verdict into the court.

**II.E     Suggestions for Conducting Deliberations**

In order to help you determine the facts, you may want to consider discussing one claim at a time, and use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense.  I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion.  I also suggest that you assign separate tasks, such as note taking, time keeping and recording votes to more than one person to help break up the workload during your deliberations.  I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors.  Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

### III.    Final Instructions

### III.A   Violations of FDCPA:  15 U.S.C. § 1692 (All Defendants)

To demonstrate a violation of the Fair Debt Collection Practices Act ("FDCPA"), Nelson must prove the following by a preponderance of the evidence:

(1)    She is a "consumer" within the meaning of the FDCPA;

(2)    The obligation or alleged obligation which was the subject of collection was a "debt" within the meaning of the FDCPA;

(3)    [Santander/ARS/AssetsBiz] is a "debt collector" within the meaning of the FDCPA; and

(4)    [Santander/ARS/AssetsBiz] violated by act or omission a provision of the FDCPA, as set forth in the following instructions.

The FDCPA defines a "debt collector" as any person, including a corporation, who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.  The FDCPA also defines a "debt collector" as any person, who regularly collects or attempts to collect debts owed or asserted to be owed to another.


The FDCPA defines a "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes.

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt.

### III.B   Violations of FDCPA:  15 U.S.C. § 1692(b) (Santander)

You may only find that Santander violated § 1692(b) of the FDCPA if Nelson proves by a preponderance of the evidence that Santander, when communicating with any person other than Nelson for the purpose of acquiring location information about Nelson, failed to comply with certain requirements under the FDCPA.

The FDCPA provides that a debt collector, when communicating with any person other than the consumer, shall:

(1)   Identify itself, state that it is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify its employer;

(2)   Not state that such consumer owes any debt;

(3)   Not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

(4)   Not communicate by post card;

(5)   Not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

(6)   After the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than the

attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector.

**III.C   Violations of FDCPA:  15 U.S.C. § 1692(c) (Santander)**

You may find that Santander violated § 1692(c) if Nelson proves by a preponderance of the evidence that Santander, without the prior consent of Nelson given directly to Santander or the express permission of a court of competent jurisdiction, communicated with Nelson in connection with the collection of any debt in the following ways:

(1)     at any unusual time or place or a time or place known or which should have been known to be inconvenient to Nelson.

(2)     if Santander knew that Nelson was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address, unless the attorney failed to respond within a reasonable period of time to a communication from Santander or unless the attorney consented to direct communication with Nelson; or

(3)     at Nelson's place of employment if Santander knew or had reason to know that Nelson's employer prohibits Nelson from receiving such communication.

Futhermore, you may find that Santander violated § 1692(c) if [except as provided in § 1692(b)] without the prior consent of Nelson given directly to Santander, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, Santander communicated, in connection with the collection of any debt, with any person other than Nelson, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of Santander.

Additionally, you may find that Santander violated § 1692(c) if Nelson notified Santander in writing that Nelson refused to pay a debt or that Nelson wished for Santander to

cease further communication with Nelson, and Santander continued to communicate further with Nelson with respect to such debt, except --

(1) to advise Nelson that Santander's further efforts were being terminated;

(2) to notify Nelson that Santander could invoke specified remedies which are ordinarily invoked by Santander; or

(3) where applicable, to notify Nelson that Santander intended to invoke a specified remedy.

If such notice from Nelson was made by mail, notification shall be complete upon receipt.

For the purpose of this section, the term "consumer" includes Nelson's spouse.

**III.D   Violations of FDCPA:  15 U.S.C. § 1692(d) (All Defendants)**

You may only find that Santander, ARS or AssetsBiz violated § 1692(d) of the FDCPA if Nelson proves by a preponderance of the evidence that Santander, ARS or AssetsBiz engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

The FDCPA provides the following examples of harassing, oppressive, or abusive debt collection conduct:

(1)     The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2)     The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3)     The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency.

(4)     The advertisement for sale of any debt to coerce payment of the debt.

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6)     Except as provided in 15 U.S.C. § 1692(b), the placement of telephone calls without meaningful disclosure of the caller's identify.

**III.E   Violations of FDCPA:  15 U.S.C. § 1692(e) (All Defendants)**

You may only find that Santander, ARS or AssetsBiz violated § 1692(e) of the FDCPA if Nelson proves by a preponderance of the evidence that Santander, ARS or AssetsBiz used a false, deceptive, or misleading representation or means in connection with the collection of any debt.

The FDCPA provides the following examples of false, deceptive or misleading representations:

(1)     The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2)     The false representation of—

        a)     The character, amount, or legal status of any debt; or

        b)     Any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3)     The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6)     The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

- 21 -

        a)      Lose any claim or defense to payment of the debt; or

        b)      Become subject to any practice prohibited by this title.

(7)     The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9)     The use or distribution or any written communication which stimulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11)    The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12)    The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13)    The false representation or implication that documents are legal process.

(14)     The use of any business, company, or organization name other than the true name
         of the debt collector's business, company or organization.

(15)     The false representation or implication that documents are not legal process forms
         or do not require action by the consumer.

(16)     The false representation or implication that a debt collector operates or is
         employed by a consumer reporting.

**III.F   Violations of FDCPA:  15 U.S.C. § 1692(f) (All Defendants)**

You may only find that Santander, ARS or AssetsBiz violated § 1692(f) of the FDCPA if Nelson proves by a preponderance of the evidence that Santander, ARS or AssetsBiz used unfair or unconscionable means to collect or attempt to collect any debt.

The FDCPA provides the following examples of unfair or unconscionable means of debt collection conduct:

(1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2)   The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3)   The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4)   Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5)   Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6)   Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if --

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7)    Communicating with a consumer regarding a debt by post card.

(8)    Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

### III.G   Violations of FDCPA:  15 U.S.C. § 1692(g) (Santander)

You may only find that Santander violated § 1692(g) if Nelson proves by a preponderance of the evidence that, within five days after the initial communication with Nelson in connection with the collection of the debt, Santander failed to send Nelson a written notice containing the following items:

(1)     The amount of the debt;

(2)     The name of the creditor to whom the debt is owed;

(3)     A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

If Nelson notified Santander in writing within the thirty-day period described in subsection (5) that the debt, or any portion thereof, was disputed, or Nelson requested the name and address of the original creditor, you may only find that Santander violated § 1692(g) if it failed to cease collection of the debt, or any disputed portion thereof, until Santander obtained verification of the debt or any copy of a judgment, or the name and address of the original

creditor, and a copy of such verification or judgment, or name and address of the original creditor, was mailed to Nelson by Santander.

### III.H   FDCPA:  15 U.S.C. § 1692—Bona Fide Error Defense

A debt collector may not be held liable for any action brought under the Fair Debt Collection Practices Act if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### III.I   FDCPA:  15 U.S.C. § 1692—Vicarious Liability

A debt collector under the FDCPA is not liable for a collection contractor's actions where there is no fiduciary relationship between the parties and the collection contractor did not act as the debt collector's agent.

An agency is created as the result of the conduct of two parties.

The party for whom action is to be taken is the principal.  The party who is to act is the agent.

An agency is based on an agreement between the parties which embodies three factual elements:

(1)      The conduct of the principal showing that the agent is to act for him or her;

(2)      The conduct of the agent showing that he or she accepts the undertaking;

(3)      The understanding of the parties that the principal is to control the undertaking.

~~[The conduct on the part of the principal must show that he or she is willing that the agent act for him or her and must indicate that the agent is to do so, subject to the principal's control. The conduct on the part of the agent must show that the agent acts or agrees to act on the principal's behalf, subject to the principal's control.]~~

A principal-agent relationship may be created or exist between the parties as a result of their acts and conduct, even if they had no knowledge or intent that the relationship was, or is being, created.

**III.J   Agency:  Control**

Where a debt collector does not control either the mechanisms or the content of a collection contractor's contact with a debtor, the debt collector does not have control over the collection contractor, and an agency relationship does not exist between the parties.

**III.K   Debt Collector Under FDCPA:  Debt Not in Default**

Under the FDCPA, the term "debt collector" does not include any person collecting or attempting to collect a debt to the extent such activity concerns a debt which was not in default at the time it was obtained by such a person.  Therefore, you will be asked to determine whether each of the two automobile loans were in default at the time they were obtained by Santander.

**III.L   Violations of Wisconsin Consumer Act – Wis. Stat. § 427 (All Defendants)**

To prove a violation of the Wisconsin Consumer Act ("WCA"), Nelson must prove the following:

(1)     [Santander/ARS/AssetsBiz] is a "debt collector" within the meaning of the WCA;

(2)     The obligation or alleged obligation which was the subject of collection was a "consumer credit transaction" within the meaning of the WCA; and

(3)     [Santander/ARS/AssetsBiz] violated by act or omission a provision of the WCA.

The WCA defines a "debt collector" as a person who directly or indirectly engages in debt collection.  It defines a "debt collection" as an action, conduct or practice in collecting or in soliciting for collection, consumer debts that are due or alleged to be due a merchant by a customer.  It defines a "claim" as any obligation or alleged obligation arising from a consumer transaction.  It defines "consumer credit transaction" as a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed.

In this matter, a violation of the WCA occurred only if Nelson proves by a preponderance of the evidence that [Santander/ARS/AssetsBiz] engaged in one or more of the following forms of conduct:

(1)     Using or threatening force or violence to cause physical harm to the customer or the customer's dependents or property;

(2)     Threatening criminal prosecution;

(3)     Disclosing or threatening to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false;

(4)     Initiating or threatening to initiate communication with the customer's employer prior to obtaining final judgment against the customer, except as permitted by statute;

(5)     Disclosing or threatening to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information;

(6)     Disclosing or threatening to disclose information concerning the existence of a debt known to be reasonably disputed by the customer without disclosing the fact that the customer disputes the debt;

(7)     Communicating with the customer or a person related to the customer with such frequency or at such unusual hours on in such a manner as can reasonably be expected to threaten or harass the customer;

(8)     Engaging in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer;

(9)     Using obscene or threatening language in communicating with the customer or a person related to the customer;

(10)    Claiming, or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist;

(11)     Using a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, government agency or attorney-at-law when it is not;

(12)     Threatening action against the customer unless like action is taken in regular course or is intended with respect to the particular debt; or

(13)     Engaging in conduct in violation of a rule adopted by the administrator after like conduct has been restrained or enjoined by a court in a civil action by the administrator against any person pursuant to the provisions on injunctions against false, misleading or unconscionable agreements or conduct.

### III.M   Wisconsin Consumer Act:  § 425.301(3)—Bona Fide Error

A debt collector may not be held liable for any action brought under the Wisconsin Consumer Act if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**III.N   Invasion of Privacy – Wis. Stat. § 995.50 (Santander)**

Nelson claims that Santander invaded her privacy by placing calls to Nelson's cellular phone.  To prove this claim, Nelson must prove the following three elements:

(1)      Santander intentionally intruded upon the privacy of Nelson;

(2)      The intrusion by Santander was of a nature that would be highly offensive to a reasonable person; and

(3)      The intrusion was in a place that a reasonable person would consider private.

The requirement that Santander intended to intrude means that Santander had the mental purpose to intrude upon the privacy of Nelson or was aware that its conduct was practically certain to intrude upon the privacy of Nelson.

In deciding whether an intrusion is highly offensive, among the things you may consider are:

(1)      The degree of intrusion,

(2)      The context, conduct, and circumstances of the intrusion,

(3)      Santander's motives or objectives,

(4)      The setting in which the intrusion occurred, and

(5)      How much privacy a reasonable person could expect in that setting.

**III.O  Private Nuisance (Santander)**

To sustain a claim of nuisance in this case, Nelson must prove the following four elements:

First, a private nuisance existed.  A private nuisance is an invasion of or interference with Nelson's interest in the private use and enjoyment of her land.

Second, the invasion or interference resulted in significant harm.  "Significant harm" means harm involving more than a slight inconvenience or petty annoyance.  When the interference involves personal discomfort or annoyance, it is sometimes difficult to determine whether the invasion or interference is significant.  If ordinary persons living in the community would regard the invasion or interference as substantially offensive, seriously annoying or intolerable, then the invasion or interference is significant.  If not, then the invasion or interference is not significant.  Rights and privileges to use and enjoy land are based on the general standards of ordinary persons in the community and not on the standards of persons who are more sensitive than ordinary persons.

Third, Santander was negligent.  A company is negligent when it fails to exercise ordinary care.  Ordinary care is the care that a reasonable person would use in similar circumstances.  A company is not using ordinary care and is negligent, if the company, without intending to do harm does something that a reasonable person would recognize as creating an unreasonable risk of invading or interfering with another's use or enjoyment of property.

Fourth, Santander's negligence caused the private nuisance.  This does not mean that Santander's negligence was "the cause" but rather "a cause" because a private nuisance may have more than one cause.  Someone's negligence caused the private nuisance if it was a substantial factor in producing the nuisance.

- 37 -

**III.P   Civil Theft (All Defendants)**

A conversion is committed by a person who without consent of the owner takes property of another in such a way that it seriously interferes with the right of the owner to control the property permanently or for an indefinite period of time.   Before you may find that [Santander/ARS/AssetsBiz] committed a conversion of property belonging to Nelson, you must find the following:

1. That [Santander/ARS/AssetsBiz] intentionally took property belonging to Nelson;

2. That [Santander/ARS/AssetsBiz] took the property without the consent of Nelson or without lawful authority; and

3. That [Santander's/ARS's/AssetsBiz's] acts with respect to the property seriously interfered with the right of Nelson to possess the property.

Wrongful or unlawful intent is not an element of conversion.   Thus, it is not necessary that [Santander/ARS/AssetsBiz] knew that Nelson was entitled to possession of the property or that [Santander/ARS/AssetsBiz] intended to interfere with Nelson's possession.   It is simply enough that [Santander/ARS/AssetsBiz] intended to deal with the property in a way that would seriously interfere with Nelson's possession.   Thus, a person may be liable for conversion where the person has exercised control over property even though he or she may be unaware of the existence of the rights with which he or she interferes.

### III.Q   Independent Contractor

Question _____ inquires whether, at the times material hereto, ARS and AssetsBiz were independent contractors. If you determine that ARS and AssetsBiz were independent contractors, Santander cannot be liable for their actions to collect on a debt. Similarly, if AssetsBiz is an independent contractor, then ARS cannot be liable for the actions of AssetsBiz to collect on a debt.

An "independent contractor" is a person who contracts with another to do something for him or her, but who is not controlled by the other, nor subject to the other's right to control, with respect to his or her physical conduct in the performance of the undertaking.

In arising at your decision as to what your answer to this question should be, you may consider the contract between the parties; the nature of the business or occupation of the parties; the party furnishing the instrumentalities or the tools for the work; the place of the work; the time of employment; the method of payment; the right to summarily discharge employees; the intent of the parties to the contract, so far as it is ascertainable; and any and all of the surrounding circumstances that tend to characterize the relationship.

# IV.   DAMAGES

## IV.A   General

On the damages question, the party asking for damages has the burden of convincing you, by the preponderance of the evidence, both that he or she has been injured or damaged and the amount of the damages.

The party seeking damages need not produce evidence that is as exact as the evidence needed to support findings on other questions in the verdict.  Determining damages involves the consideration of many different factors that cannot be measured precisely.  In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case.  You should award as damages the amount of money that you find fairly and reasonably compensates the named party for his or her injuries.

Do not measure damages by what the lawyers ask for in their arguments.  Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence.  It is your job to determine the amount of the damages sustained from the evidence you have seen and heard.  Examine that evidence carefully and impartially.  Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side.  Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

**IV.B   Income Taxes**

You must not add to any award of damages any money to compensate the plaintiff for state or federal income taxes.  Damages received as an award for personal injuries are exempt from income taxes.  On the other hand, you must not subtract any money from your award of damages just because the plaintiff is not required to pay income taxes.

**IV.C   Duty to Mitigate Damages**

A person who has been damaged may not recover for losses that he or she could have reduced by reasonable efforts. "Reasonable efforts" do not include efforts that might cause serious harm or subject the person making the effort to an unreasonable risk, unreasonable inconvenience, unreasonable expense, disorganization of his or her business or loss of honor and respect.

If you find that a reasonable person would have taken steps to reduce the loss, and if you find that the plaintiff did not take such steps, then you should not include as damages any amount the plaintiff could have avoided.  If you find that a reasonable person would not have taken steps to reduce the loss under all of the circumstances existing in the case, then you should not consider the plaintiff's failure to act when you determine damages.

It is defendants' burden to satisfy you by the greater weight of the credible evidence that plaintiff should have taken steps to reduce the loss and failed to do so.

**IV.D   Pain and Suffering**

Question ___ asks what sum of money, if any, will fairly and reasonably compensate Nelson for any alleged past pain, distress and suffering. and disability.

[Your answer to this question should be the amount of money that will fairly and reasonably compensate Nelson, if any, for the pain, suffering, and disability she has suffered from the date of the accident up to this time as a result of the accident.]

In determining how much money will fairly and reasonably compensate plaintiff for past pain, distress and suffering, mental anguish or loss of capacity for enjoyment of life, you should consider any pain, distress and suffering, mental anguish and apprehension; sorrow and anxiety plaintiff has endured from the time of the incident up to the present time.   There is no exact standard for deciding how much to award plaintiff for these damages.   Your award should be fair and just in light of the evidence.

Pain, distress and suffering includes any physical pain, humiliation, embarrassment, worry and distress which Nelson has suffered in the past caused by Defendants.   You should consider to what extent her injuries impaired her ability to enjoy the normal activities, pleasures, and benefits of life.

**IV.E   Punitive Damages**

If you award compensatory damages, you may also award punitive damages ~~may be awarded~~ for Nelson's invasion of privacy, private nuisance and civil theft claims, if you find that the [Santander/ARS/AssetsBiz] acted maliciously toward the Nelson or in an intentional disregard of the rights of Nelson.

A person's acts are malicious when they are the result of hatred, ill will, desire for revenge, or inflicted under circumstances where insult or injury is intended.

A person acts in an intentional disregard of the rights of the plaintiff if the person acts with the purpose to disregard the plaintiff's rights, or is aware that his or her acts are substantially certain to result in the plaintiff's rights being disregarded.  Before you can find an intentional disregard of the rights of Nelson, you must be satisfied that [Santander's/ARS'/AssetsBiz's] act or course of conduct was:

(1)   deliberate;

(2)   an actual disregard of Nelson's right to safety, health, or life, a property right, or some other right; and

(3)   sufficiently aggravated to warrant punishment by punitive damages.

A defendant's conduct giving rise to punitive damages need not be directed at the plaintiff seeking punitive damages.  There is no requirement that [Santander/ARS/AssetsBiz] intended to cause harm or injury to Nelson.

The purpose of punitive damages is to punish a wrongdoer or deter the wrongdoer and others from engaging in similar conduct in the future.  Punitive damages are not awarded to compensate the plaintiff for any loss he or she has sustained.  Nelson is not entitled to punitive damages as a matter of right.  Even if you find that [Santander/ARS/AssetsBiz] acted maliciously or in an intentional disregard of Nelson's rights, you do not have to award punitive

- 44 -

damages.  Punitive damages may be awarded or withheld at your discretion.  You may not, however, award ~~punitive~~ damages unless you have awarded compensatory damages.

~~[If you determine that punitive damages should be awarded, you should determine the amount you believe will accomplish the purpose of punishing or deterring wrongful conduct. Factors you should consider in answering question ____ include:~~

~~(1)     the grievousness of [Santander's/ARS'/AssetsBiz's] acts,~~

~~(2)     the degree of malice involved,~~

~~(3)     the potential damage which might have been done by such acts as well as the actual damage, and~~

(4)     ~~[Santander's/ARS'/AssetsBiz's]  ability  to  pay.    You  may  consider [Santander's/ARS'/AssetsBiz's]  wealth  in  determining  what  sum  of  punitive damages  will  be  enough  to  punish  [Santander/ARS/AssetsBiz]  and  deter [Santander/ARS/AssetsBiz] and others from the same conduct in the future.]~~

~~[The law provides that punitive damages may not exceed twice the amount of compensatory damages you have awarded the plaintiff or $200,000.00, whichever is greater. These dollar limitations are not a measure of damages, but a limit on recovery.  You should determine the amount, if any, you believe should be awarded in punitive damages.]~~  If you believe punitive damages should be awarded, they may not exceed the amounts set forth above.

**IV.F** **Punitive Damages Not Available Under the Fair Debt Collection Practices Act**

Punitive damages are not available for a violation of the Fair Debt Collection Practices Act.

**IV.G   Punitive Damages Not Available Under the Wisconsin Consumer Act**

Punitive damages are not available for a violation of the Wisconsin Consumer Act.

**IV.H   Double Recovery-Fair Debt Collection Practices Act and Wisconsin Consumer Act**

Nelson may not recover under both the Fair Debt Collection Practices Act and Wisconsin Consumer Act for violations of those acts resulting from the same conduct.

### IV.I   Double Recovery-Same Injury

Nelson may not receive more than one recovery for a single harm.

## CERTIFICATE OF SERVICE

I, Gary S. Caplan, hereby state that on May 10, 2013, I electronically filed the foregoing DEFENDANTS' PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the ECF system, which will send notification to all counsel fo record.

By:     /s/ Gary S. Caplan            
Gary S. Caplan (IL ARDC No. 6198263)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois  60606
(312) 207-1000