## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
_____

**HEATHER NELSON,**

        **Plaintiff,**

**v.**                                  **Civil Case No.:  3:11-cv-307**

**SANTANDER CONSUMER USA, INC.,**
**PATRICK K. WILLIS, CO., INC. d/b/a**
**AMERICAN RECOVERY SERVICE, and**
**ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

        **Defendants.**

_____

## PLAINTIFF'S MOTIONS IN LIMINE

_____

Plaintiff Heather Nelson, by her attorneys, hereby moves in limine for the following orders:

**Plaintiff's Motion in Limine Number 1**

### MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY FROM ANY PERSON, INCLUDING DEFENDANTS' EMPLOYEES

Plaintiff requests this Court exclude expert opinion testimony from any individual, including defendants' employees.

### ARGUMENT

Plaintiff seeks to exclude expert opinion testimony from any person, including defendants' employees, on behalf of any of the defendants.  Defendants should not be allowed to rely on expert opinion of any person who was not disclosed in a timely

manner pursuant to Federal Rule of Civil Procedure 26(a)(2)(A)-(D).   Federal Rule of Civil Procedure 26(a)(2)(D) requires a party, absent stipulation or court order, to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Civil Procedure 702, 703, or 705, at least 90 days before the date set for trial or for the case to be ready for trial.

To date, none of the defendants has disclosed the identity of any witness it may use at trial to present evidence under Federal Rule of Civil Procedure 702, 703, or 705— or provided any of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) or (C).  The time for disclosing expert witnesses, and to make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) or (C), has elapsed in this case. Therefore, defendants should not be allowed to rely on the expert opinion of any person who was not disclosed as an expert in a timely manner, including any of defendants' employees.  The Court should exclude expert opinion testimony from any individual, including defendants' employees.

**Plaintiff's Motion in Limine Number 2**

**<u>MOTION IN LIMINE TO EXCLUDE HEARSAY EVIDENCE BY DEFENDANTS REGARDING RECORDS ALLEGEDLY PRODUCED BY NEUSTAR, INC., OR VERIZON WIRELESS</u>**

Plaintiff requests this Court exclude hearsay evidence by defendants regarding records allegedly produced by Neustar, Inc., or Verizon Wireless.

**ARGUMENT**

Plaintiff seeks to exclude hearsay evidence by defendants regarding records allegedly produced by Neustar, Inc., in response to a subpoena issued by defendants' counsel, Attorney Gary Caplan.

On February 27, 2013, plaintiff's counsel was notified that Attorney Gary Caplan, defendants' counsel, served a subpoena on Verizon Wireless, demanding production of documents related to Account No. 385537302-00001, documents that refer or relate to any communications between Verizon Wireless and Raymond Nelson or Heather Nelson, and documents that evidence, refer or relate to cellular telephone records for any account with Raymond Nelson from 2008 to the present.  (5/10/13 Affidavit of Mary Catherine Fons ¶ 5 & Exh. A)

On April 11, 2013 plaintiff's counsel received a letter from Attorney Caplan and a disc allegedly containing Verizon records batestamped Verizon 0001 - 3397. (Id., ¶ 6) Included in the records on the disc was a Declaration Of Custodian of Records on Neustar letterhead, batestamped Verizon 1703. (Id. ,¶ 7 & Exh. B)  Also included in the records on the disc was a 3/20/13 letter on Neustar letterhead allegedly signed by one Juli Servi, batestamped Verizon 1704. (Id. ,¶ 8 & Exh. C)

To date, none of the defendants has provided reasonable written notice that it intends to offer the records allegedly produced by Nesutar, Inc., into evidence during the trial.

Defendants should be excluded from offering the alleged cellular telephone records allegedly produced by Neustar, Inc.—or any documents related to those records—for two reasons: 1) none of the defendants has provided reasonable written

3

notice that it intends to offer the records allegedly produced by Neustar, Inc., into evidence during the trial as required by Federal Rule of Evidence 902(11), and 2) the records do not meet the requirements of Federal Rule of Evidence 803(6), for records of a regularly conducted activity.

### A) Defendants Failed to Provide Reasonable Written Notice

Federal Rule of Evidence 902(11) provides:

Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that must be signed in a manner that, if falsely made, would subject the signer to criminal penalty under the laws where the certification was signed. *Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record*—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

To date, none of the defendants has provided reasonable written notice that it intends to offer the records allegedly produced by Neustar, Inc., into evidence during the trial as required by Federal Rule of Civil Procedure 902(11).   Discovery cutoff is today, May 10, 2013.  The trial in this case is scheduled to begin on Monday, June 10, 2013. Because none of the defendants has provided reasonable written notice that it intends to offer the records allegedly produced by Neustar, Inc., into evidence during the trial, and because plaintiff will not have the opportunity to conduct discovery related to the records, the defendants should be prohibited from introducing the alleged telephone records—and all documents related to those records—into evidence at the trial under the Federal Rule of Evidence 902(11), the business records exception.

**B)**   **The Documents do not Meet the Requirements of Federal Rule of Evidence 803(6)**

Under Federal Rule of Evidence 803, the following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> …
> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.
> …

The defendants should not be able to introduce the records allegedly produced by Neustar, Inc., because the records do not meet the requirements of Federal Rule of Evidence 803(6).  The "Declaration of Custodian of Records" on Neustar, Inc., letterhead consists of nothing more than a parroting of the language of Federal Rule of Evidence 803(6).  It simply provides:

> I am a United States citizen and over eighteen (18) years of age.  I am acting in behalf of the custodian of records of the business named in the subpoena, or I am otherwise qualified as a result of my position with the business named in the subpoena to make this declaration.
>
> I am in receipt of a Civil Proceeding Subpoena Request served on Verizon Wireless, signed by the Clerk of Court, and requesting specified records of the business named below.  Attached to this declaration are records responsive to the subpoena.  Pursuant to Federal Rules of Evidence Rules 803(6) (Records of regularly conducted activity) and 902(11) (Certified domestic records of regularly conducted activity), I hereby certify that the records attached to this declaration:

a)  Were made at or near the time of the occurrence of the   matters set forth in the records by, or from information         transmitted b a person with knowledge of those matters:

b)  Were kept in the course of a regularly conducted business activity; and

c)  Were made by the regularly conducted activity as a regular practice.

(5/10/13 Affidavit of Mary Catherine Fons  ¶ 7 & Exh. B)

The Declaration is untrustworthy in multiple respects.

1.  Juli Servi does not specifically identify the company she works for—Neustar or Verizon Wireless—in the Declaration.  Instead, she simply states that, "I am acting in (sic) behalf of the custodian of records of the business named in the subpoena, or I am otherwise qualified as a result of my position with the business named in the subpoena to make this declaration."   On one hand she avers that she is acting on behalf of the custodian of records of the business named in the subpoena, and on the other hand she avers that she is otherwise qualified as a result of position with the business named in the subpoena.  These are inconsistent statements.

2. Servi does not identify the identity of the "custodian of records" referred to in the Declaration.  Servi does not aver in the Declaration that Neustar is the custodian of records for Verizon Wirelsss, but the Declaration is on Neustar letterhead and Servi's signature appears over the name Neustar in the signature line.

3.  Servi does not identify the relationship, if any, between Neustar and Verizon Wireless—two distinct legal entities—in the Declaration.   Servi certainly does not identify how Neustar—or an employee of Neustar—can make any averments regarding records allegedly created and maintained by Verizon Wireless, and retrieved from Verizon Wireless' records.

4.   Servi does not make any averment in the Declaration regarding her job title, job position or job duties that would allow plaintiff or the Court to determine that Servi is qualified to aver that the records 1) were made at or near the time of the occurrence of the matters set forth in the records by, or from information transmitted by a person with knowledge of those matters; 2) were kept in the course of a regularly conducted business activity; or 3) were made by the regularly conducted activity as a regular practice.   Servi provides no information regarding her access to the records produced, provides no information showing she could possibly know the averments she made in the Declaration are true or accurate, and provides no information showing that she knows how Verizon Wireless made the records, kept the records, or that the records were made as a regularly conducted activity of Verizon Wireless.

5.   Servi states that she received a subpoena request served on Verizon Wireless, signed by the Clerk of Court, but this is not true.   The subpoena for Verizon Wireless records in this case was issued by defendants' counsel, Attorney Gary Caplan, not the Clerk of Court.

6.   Servi does not identify what recordkeeping systems she allegedly accessed or what records she allegedly reviewed to make the Declaration. Nor does she identify how those records were compiled, obtained, or maintained.

7.   Servi does not identify who made the records, compiled the data, or transmitted the information in the records.

The March 20, 2013 letter—on Neustar letterhead—allegedly signed by Servi and produced along with the Declaration, is also untrustworthy. (5/10/13 Affidavit of Mary Catherine Fons  ¶ 8 & Exh. C)

First off, although Servi avers in the letter that Neustar is "a designated agent of Verizon Wireless authorized to respond to subpoenas, search warrants, and court orders for the production of customer and call detail records," it is not signed under oath. Secondly, in the letter, Servi states that the only records that she produced pursuant to Attorney Caplan's subpoena related to "Payment Details" on a particular account. The spot where one would confirm (i.e., place an "X" on) production of subscriber information, monthly statements, incoming calls, outgoing calls, SMS messages, IP traffic related content, records provided on disk, MMS messages, cell sites information, customer notes/comments, or MAC address are all left unchecked. Thus this letter seems to contradict the Declaration, which had thousands of pages of alleged cell phone records attached.

For the foregoing reasons, the Declaration is untrustworthy. Therefore, the Court should exclude this hearsay evidence by defendants regarding telephone records allegedly produced by Neustar, Inc., or Verizon Wireless.

**Plaintiff's Motion in Limine Number 3**

<u>**MOTION IN LIMINE TO PRECLUDE DEFENDANTS AND THEIR COUNSEL FROM INTRODUCING EVIDENCE OF, OR MAKING ARGUMENTS ABOUT, MONETARY DAMAGES THIS COURT HAS ALREADY AWARDED PLAINTIFF**</u>

Plaintiff requests this Court issue an order barring defendants and their counsel from introducing evidence of, making arguments about, or mention within the hearing of

the jury any monetary damages this Court has already awarded plaintiff in its March 8, 2013, Opinion and Order.

## ARGUMENT

Under the Federal Rules of Evidence, relevant evidence is admissible unless any of the following provides otherwise: 1) the United State Constitution; 2) a federal statute; 3) the rules of evidence; or 4) other rules prescribed by the Supreme Court.  Federal Rule of Evidence 402.   Under Federal Rule of Evidence 402, irrelevant evidence is not admissible.

Evidence is relevant if 1) it has any tendency to make a fact more or less probably that it would be without the evidence; and 2) the fact is of consequence in determining the action.  Federal Rule of Evidence 401.

A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Federal Rule of Evidence 403.

In its March 8, 2013, Opinion and Order on plaintiff's motion for summary judgment, this Court granted summary judgment to plaintiff on several of her claims. (Dkt 141)  In doing so, this Court awarded plaintiff $571,000 in statutory damages under 47 U.S.C. § 227(b)(3)(B) and $1000 in statutory damages under Wis. Stat. § 425.304. (Dkt 141)  The amounts awarded plaintiff by the Court in its Opinion and Order are not relevant to the parties' remaining claims or defenses and, therefore, the defendants' and their counsel should be barred from introducing any evidence regarding the monetary

awards or making any arguments regarding those monetary awards.  The fact that the Court has awarded plaintiff certain amounts thus far will not tend to help prove or disprove any elements of the parties' claims or defenses, or any facts related to the elements the parties must prove to succeed on their claims or defenses in this case.

Furthermore, any evidence presented or arguments made regarding the amounts awarded to the plaintiff in this case by the Court will be prejudicial to plaintiff's claims, in that a jury may deny plaintiff damages on her remaining claims based solely on the amounts already awarded by the Court in its Opinion and Order—instead of the evidence presented at trial.  Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury. Therefore, the Court should exclude any evidence or arguments made regarding the amounts awarded to the plaintiff in this case by the Court, and should prohibit defendants and their counsel from mentioning the awards within hearing of the jury.

Plaintiff is submitting the issue of whether defendant Santander Consumer USA knowingly and willingly violated the provisions of the TCPA as well as the determination of whether treble damages are warranted to the Court.  Plaintiff will present additional evidence on those topics solely to the Court.

**Plaintiff's Motion in Limine Number 4**

**<u>MOTION IN LIMINE TO PERMIT PLAINTIFF TO INFORM THE JURY OF FACTS AND CONCLUSIONS OF LAW FOUND BY THE COURT IN ITS MARCH 8, 2013 OPINION AND ORDER AND TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS THAT WOULD UNDERMINE THOSE FACTS AND CONCLUSIONS OF LAW</u>**

Plaintiff moves the Court for permission to inform the jury of the facts and conclusions of law found by the Court in its March 8, 2013, Opinion and Order, set forth below, and an order precluding defendants from offering evidence or making arguments that would contradict or undermine those facts and conclusions of law.

## ARGUMENT

In its March 8, 2013, Opinion and Order, the Court made several findings of fact and conclusions of law, including:

1. In 2007 plaintiff obtained credit from HSBC Auto Credit, Inc., to refinance two automobile loans, one for a van and another for a truck.  (p. 3, Dkt 141)

2. Beginning in March or April 2010 defendant Santander Consumer USA, Inc., began making calls to plaintiff's cellular telephone in an attempt to collect the debt from those loans.  (p. 4, Dkt 141)

3. In the calls to plaintiff, defendant Santander Consumer USA, Inc., "demanded" that plaintiff make payments on her loan.  (p. 5, Dkt 141)

4. In a letter dated April 13, 2010, plaintiff wrote the following message to defendant Santander Consumer USA, Inc.: "You may not at anytime contact me at any work number listed.  This includes [three telephone numbers including plaintiff's cellular telephone][1].  Any conversations need to be addressed in writing."  (p. 5, Dkt 141)

5. Defendant Santander Consumer USA, Inc., continued to call plaintiff at the same number after she sent this letter.  (pp. 5-6, Dkt 141)

---

[1] The opinion states "four" but, based on the document, it should be "three."

6.   In making calls to plaintiff defendant Santander Consumer USA, Inc., used the Aspect telephony system, a computer telephone software system that routes and places inbound and outbound calls.  (p. 5, Dkt 141)

7.   The Aspect telephony system has the capacity to 1) store telephone numbers and then call them; and 2) perform "predictive dialing" and "preview dialing."  (p. 5, Dkt 141)

8.    In predictive dialing, the system times the dialing of numbers using an algorithm to predict when an agent will become available to receive the next call. (p. 5, Dkt 141)

9.    To facilitate that method of dialing, defendant Santander Consumer USA, Inc., created lists of customer telephone numbers to be called on a particular day.

10.   In preview dialing, an employee chooses a telephone number by clicking on a computer screen and the system calls it. (p. 5, Dkt 141)

11.   Defendant Santander Consumer USA, Inc.'s employees never called plaintiff by pressing numbers on a keypad. (p. 5, Dkt 141)

12.   On May 29, 2010, defendant repossessed plaintiff's truck.  (p. 6, Dkt 141)

13.   Between March 2010 and April 2011, defendant Santander Consumer USA, Inc., called plaintiff's cellular telephone 1026 times and left 116 prerecorded messages in the voicemail of plaintiff's cellular telephone.  (p. 6, Dkt 141)

14.   Defendant Santander Consumer USA, Inc., violated 47 U.S.C. § 227 by using an automatic telephone dialing system to call plaintiff on her cellular telephone 1026 times and leaving her 116 prerecorded messages.  (p. 31, Dkt 141)

15.   Defendant Santander Consumer USA, Inc., violated Wis. Stat. § 425.206 by repossessing plaintiff's truck before giving her proper notice of the right to cure the default.  (pp. 31-32, Dkt 141)

16.   Defendant Santander Consumer USA, Inc., included provisions in its loan agreements with plaintiff that violated Wis. Stat. §§ 422.204, 422.411 and 422.417.  (p. 32, Dkt 141)

To avoid duplicative testimony and evidence, and to avoid the possibility of inconsistent findings of fact (between the Court and the jury), plaintiff should be allowed to inform the jury of the above facts and conclusions of law.  Likewise, defendants and their counsel should be prohibited from offering evidence or making arguments that would undermine, or are inconsistent with, the Court's findings of fact and conclusions of law.

Therefore, the Court should allow plaintiff to inform the jury of facts and conclusions of law found by the Court in its March 8, 2013, Opinion and Order, set forth above, and preclude defendants from offering evidence or making arguments that would contradict or undermine those facts and conclusions of law.


**Plaintiff's Motion in Limine Number 5**


<u>**MOTION IN LIMINE TO PROHIBIT SANTANDER FROM RAISING THE AFFIRMATIVE DEFENSE OF CONSENT**</u>

Plaintiff moves the Court for an order prohibiting defendant Santander Consumer USA from raising the affirmative defense of consent.

**ARGUMENT**

In its March 8, 2013, Opinion and Order, the Court denied defendant Santander's motion for leave to file an amended answer raising the affirmative defense of consent. (pp. 11-14; Dkt 141)  Because the Court has already decided this issue, Santander should be prohibited from offering evidence or making arguments that plaintiff gave Santander consent to call her on her cellular telephone.

**Plaintiff's Motion in Limine Number 6**

<u>**MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING RAYMOND NELSON'S ARREST HISTORY**</u>

Plaintiff requests this Court issue an order prohibiting defendants, defendants' witnesses, and defendants' counsel from offering any evidence, making any reference to, or making any argument related to, Raymond Nelson's arrest history.

**ARGUMENT**

In this case, plaintiff anticipates that defendants will seek to introduce evidence of plaintiff's husband, Raymond Nelson's arrest history.  Raymond Nelson has been arrested several times related to arguments between he and plaintiff.  These arrests occurred in 2001, 2006, and 2008.

Under Federal Rule of Evidence 404(b), evidence of "other act[s] is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of prior bad acts may be admitted to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."   Federal Rule of Evidence 404(b).

The Seventh Circuit has developed a four-part test to determine whether evidence of other acts are admissible: (1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value. *Mathis v. Phillips Chevrolet, Inc*., 269 F. 3d 1771, 775-776, (7th Cir. 2001) (quoting *Gastineau v. Fleet Mortgage Corp*., 137 F.3d 490, 494-495 (7th Cir. 1998)).

In this case, Raymond Nelson's arrests have no relevance to the claims or defenses in this case. The only legal issues in this case are whether defendants' actions violated the FDCPA, TCPA, WCA, and invaded plaintiff's right to privacy and whether defendants committed civil theft in attempting to collect two alleged debts.  Raymond Nelson's prior arrest history has nothing to do with these issues, so such evidence should not be admissible.

The arrests are also too remote in time to have any relevance to this case.  The last arrest occurred two years prior to the events that give rise to the parties' claims in this case.

Alternatively, even if this Court finds that evidence of Raymond Nelson's arrest history is relevant, such evidence would still be unfairly prejudicial, confusing, and misleading to the jury under Federal Rule of Evidence 403 and 404(b). If defendants attempt to introduce such evidence, they would unfairly prejudice Raymond Nelson's— and by implication—plaintiff's character by inferring that he and plaintiff are somehow

bad people for incidents that occurred in the past.  Defendants could also attempt to mislead and confuse the jury by trying to take the jury's focus off of the issues in the present case and place the jury's focus instead onto Raymond Nelson's arrest history. Defendant's attempt to introduce evidence of Raymond Nelson's prior offenses is nothing more than a veiled attempted to interject irrelevant, prejudicial, and inflammatory evidence before the jury, and therefore, any such evidence should be excluded.

**Plaintiff's Motion in Limine Number 7**

<u>**MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM USING IMPROPER AND PREJUDICIAL TACTICS AGAINST PLAINTIFF'S CHARACTER**</u>

Plaintiff moves this Court to preclude defendants from using improper and prejudicial tactics against plaintiff's character.

**ARGUMENT**

Improperly vilifying a plaintiff's character and inflammatory or prejudicial arguments are typical in FDCPA, WCA and invasion of privacy cases. However, the Plaintiff's character is not an issue in this case, nor is it related to any claim or defense. In fact, direct or implied attacks on the plaintiff are improper.  See Federal Rule of Evidence 401, 403, 404.  As such, plaintiff moves the Court to preclude defendants  from denigrating or maligning plaintiff as an individual and otherwise using prejudicial and improper tactics. The only legal issues in this case are whether defendants' actions violated the FDCPA, the WCA and plaintiff's right to privacy, and if defendants

committed civil theft, in attempting to collect consumer debts. defendants' examination of plaintiff and arguments therefore should be limited only to defending the legal issues in this case.

Defendants should be prohibited from using the "deadbeat" argument. "One of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are deadbeats." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1697. Despite this congressional finding, defense counsel may claim that, by bringing an FDCPA action, plaintiff seeks to immunize herself from the collection process by bringing this action and the natural, legitimate consequences of nonpayment of debt. Such a claim, however, is immaterial and speculative. Bringing an FDCPA, WCA or invasion of privacy enforcement action does not immunize anyone from the underlying debt.

This case involves the actions and inactions of defendants while they were attempting to collect debts. As the 7th Circuit Court of Appeals has noted, "No section of the [FDCPA] requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1330 (7th Cir. 1997).

Congress itself recognized the kind of thinking that would label beneficiaries of debt collection legislation as "deadbeats" as a fallacy. Therefore, any suggestion that plaintiff's motives in bringing this action were to avoid the payment or other ramifications of the alleged debts are improper, prejudicial, and must be avoided. Defendants should be precluded from making any "deadbeat" claims or comments. Such

reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403, 404, 608, 802. As such, defendants should be prohibited from making any negative reference to plaintiff's character

**Plaintiff's Motion in Limine Number 8**

**<u>MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AS TO THE EXISTENCE OF PLAINTIFF'S ALLEGED DEBTS</u>**

Plaintiff moves the Court to preclude defendants from offering any evidence of the existence of any debt alleged to be owed by plaintiff.

**ARGUMENT**

Similar to the deadbeat argument discussed above in Plaintiff's Motion in Limine No. 7, is any argument by defendants as to the existence of plaintiff's debts. Defendants are required to comply with the FDCPA whether or not any debt is owed. *See* 15 U.S.C. §1692a(3),(5),(6). The existence or validity of an underlying debt is not material in an FDCPA action. *See McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992)*; Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982). Defendants should not be allowed to examine or refer to the underlying debt, other than to acknowledge that there was a debt allegedly owed, nor to the fact that the debt may still be owed, nor should they be permitted to refer to any other debts allegedly owed by plaintiff, either now or in the past. If defendants address these issues, they will only serve to prejudice and confuse the

18

jury with regard to the legal issues in this case. Additionally, plaintiff's debt is irrelevant to the only issues in this case, those are whether defendants' actions violated the FDCPA, WCA and plaintiffs' right to privacy and whether defendants committed civil theft when they repossessed Nelson's truck in attempting to collect a consumer debt.

The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Whether or how much plaintiff actually owed on the debt is not a factor in the jury's deliberations. Debt collectors must comply with the FDCPA whether plaintiff owed the underlying debts or not. Therefore, a jury may not consider whether the debt was owed or how much may have been owed when determining whether the debt collectors violated the FDCPA. *See Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Such references have no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues or misleading the jury. *See* Fed. R. Evid. 403, 404, 608, 802; *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Haynes v. Coughlin*, 79 F.3d 285, 291-93 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); *McKee v. Erikson*, 37 Conn. App. 146, 152-53, 654 A.2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the jury system).

As such, plaintiff respectfully requests that defendants be prohibited from making any reference to the existence and/or amount of plaintiff's debts.

**Plaintiff's Motion in Limine Number 9**

## MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM USING IMPROPER AND PREJUDICIAL TACTICS AGAINST PLAINTIFF'S MOTIVES

Plaintiff moves this Court to preclude defendants from using improper and prejudicial tactics against plaintiff's motives.

## ARGUMENT

The FDCPA relies on and encourages consumers, such as plaintiff, to act as private attorneys general to enforce the public policies expressed therein. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994); 15 U.S.C. 1692k(a). Congress has stated its unequivocal intent "that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). Further, Congress intended that the FDCPA be enforced by private attorneys general. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994).

Here, defense counsel may attempt to inflame or provoke the jury by claiming that plaintiff is only in this case "for the money." However, by denigrating the motives of plaintiff, defendants contravene Congress' express intent that persons such as Plaintiff perform the functions of private attorneys general.

Thus, plaintiff's motives are immaterial and any speculation about them by defense counsel is improper, prejudicial, and must be avoided. Such reference has no

probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury. *See* Federal Rule of Evidence 403, 404, 608, 802.

Plaintiff respectfully requests that Court grant her motion to preclude defendants and their counsel from using improper and prejudicial tactics against plaintiff's motives, and to restrict the evidence and arguments to the relevant issues (whether defendants' actions violated the FDCPA, the WCA and plaintiff's right to privacy and whether defendants committed civil theft), to prevent severe prejudice to plaintiff.

**Plaintiff's Motion in Limine Number 10**

**MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO THE AVAILABILITY OF AN AWARD OF ATTORNEY'S FEES TO PLAINTIFF**

Plaintiff moves this Court for an Order that defendants, including their witnesses and attorneys, shall not reference, suggest, or mention, within the hearing of the jury, the availability of an award of attorney's fees to plaintiff should she succeed in this litigation.

**ARGUMENT**

At the end of the case, if plaintiff prevails on one or more or her claims that have cost and fee-shifting provisions, the Court must determine how much to award plaintiff in costs and attorneys' fees. The amount of the award is a determination solely for the Court. There is no jury issue. Defendants should be precluded from mentioning or suggesting that plaintiff will or may get paid money for costs and attorney's fees. It is unrelated to all issues before the jury and its introduction could mislead or confuse the jury or unfairly prejudice plaintiff's case.

The danger of permitting the jury to hear evidence of attorney's fees was discussed by the Ninth Circuit Court of Appeals in *Brooks v. Cook*, 938 F.2d 1048, 1050 (9th Cir. 1991).  In that case, a civil rights action brought under § 1983, the court of appeals held:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are nominal, there is a risk that the jury may believe that the 'harm' does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees.

*Id*.

As such, this Court should prevent defendants from introducing any evidence related to the availability of an award of costs and attorney's fees.  Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury.

An award of attorney's fees under the Wisconsin Consumer Act is also a matter for the judge, not the jury.  *See, e.g.,* Wis. Stat. § 425.308 (the Wisconsin Consumer Act statute mandating an award of attorney's fees to a successful consumer to be "determined by the court"); *Reusch v. Roob*, 234 Wis. 2d 270, 292, 610 N.W.2d 168, 179, 2000 Wis. App. ¶ 36 (Ct. App. 2000) (attorney's fees under Wisconsin Consumer Act are not damages).

Plaintiff respectfully requests that the Court grant plaintiff's motion in limine directing defendants' witnesses and attorneys not to mention the availability of costs and attorneys' fees in the presence of the jury.

**Plaintiff's Motion in Limine Number 11**

## MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM USING IMPROPER AND PREJUDICIAL TACTICS AGAINST PLAINTIFF'S ATTORNEYS' MOTIVES

Plaintiff moves the Court to preclude defendants from using improper and prejudicial tactics against plaintiff's attorneys' motives.

## ARGUMENT

FDCPA defendants often argue that the fee recovery for plaintiffs' attorneys is the "engine running this suit." That claim, however, is contrary to the intent of Congress that the FDCPA be enforced by private attorneys rather than overburdened public servants. *See Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act be enforced by debtors acting as private attorneys general").

Moreover, the argument is spurious where, as here, it is completely within defendants' power to keep plaintiff's fees to a minimum. Defendants have mounted a stalwart defense with full awareness that they are exposing their clients to a higher award of fees by doing so. *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981); *See also Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992). Defendants therefore should not be heard to complain when this comes to pass.

Plaintiff moves this Court to preclude defendants and their attorneys from using improper and prejudicial tactics against plaintiff's attorneys' motives.

**Plaintiff's Motion in Limine Number 12**

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR FINANCIAL MATTERS, INCLUDING PREVIOUS COLLECTION LAWSUITS,  PREVIOUS REPOSSESSION ACTIONS, AND A BANKRUPTCY ACTION

Plaintiff moves this Court to exclude any evidence offered by defendants regarding plaintiff's' prior financial matters, including any previous collection lawsuits, previous repossession actions, and a nine-year old bankruptcy action.


### ARGUMENT

Defendants asked questions at depositions in this case regarding plaintiff's financial matters other than the alleged debts to HSBC/Santander, and have indicated their intention to present evidence on these topics.

Evidence of plaintiff's prior collection lawsuits, previous repossession actions and a past bankruptcy action is not only irrelevant to the current case, but it is extremely prejudicial and is likely to confuse and mislead the jury. As such, this Court should exclude any evidence defendants' seek to offer regarding plaintiffs' financial matters outside the dealings with HSBC and Santander. The only legal issues in this case are whether defendants' actions violated the FDCPA, the WCA and plaintiff's right to privacy in attempting to collect consumer debts and whether defendants committed civil theft when they repossessed plaintiff's truck. Defendants' examination of plaintiff or other witnesses and arguments therefore should be limited only to defending the legal issues in this case.

Federal Rules of Evidence 402 provides that "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." *See Physician Care, P.C. v. Caremark, Inc.*, 16 F.Supp.2d 806, 812 (E.D. Mich. 1998); *see also Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994)("Only relevant evidence may be admitted at trial."). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Physician Care, P.C.*, 16 F.Supp.2d at 811 (quoting Federal Rule of Evidence 401). However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence 403; *see also Cobbins v. Tennessee Dept. of Transp.*, 566 F.3d 582 (6th Cir. 2009) (holding evidence of plaintiff's prior case was inadmissible as irrelevant and more prejudicial than probative). Here, evidence of plaintiff's prior collection lawsuits, previous repossession actions and a nine-year old bankruptcy is irrelevant and prejudicial. Therefore, all evidence on these topics should be excluded as such.

Alternatively, even if this Court finds that evidence of any of plaintiff's prior collection lawsuits, or previous repossession actions, or the nine-year old bankruptcy action, is relevant, such evidence would still be unfairly prejudicial, confusing, and misleading to the jury. *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Haynes v. Coughlin*, 79 F.3d 285, 291-93 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same);

*Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); If defendants attempt to introduce evidence of plaintiffs' prior collection lawsuits, or previous repossession actions, or the nine-year old bankruptcy action, they would unfairly prejudice plaintiff's character by inferring that she is somehow a bad person for having been involved in previous financial collection activities.  The introduction of prior lawsuits against plaintiff would require min-trial as to the facts of those lawsuits. Further, the jury's focus would be taken off of the issues in the present case and they would be confused by evidence of other lawsuits.

Defendants' attempt to introduce evidence of plaintiffs' prior collection lawsuits, or previous repossession actions, or the nine-year old bankruptcy action, is nothing more than a veiled attempted to interject irrelevant, prejudicial, and inflammatory evidence before the jury, and therefore, any such evidence should be excluded.

**Plaintiff's Motion in Limine Number 13**

### MOTION IN LIMINE TO EXCLUDE ALL DOCUMENTS AND OTHER EVIDENCE PRODUCED BY SANTANDER AFTER THE MAY 1, 2013 CONTINUED RULE 30(b)(6) DEPOSITION OF SANTANDER

Plaintiff moves the Court to preclude Santander Consumer USA from offering all documents and other evidence that it has had in its possession and failed to provide to plaintiff until after the May 1, 2012 continued deposition of Santander.

## ARGUMENT

Plaintiff served a second set of discovery requests on Santander on June 14, 2012. Counsel for the parties engaged in multiple discovery dispute conferences regarding Santander's failure to respond to many of the discovery requests. 10/3/12 Affidavit of Mary Catherine Fons. (Dkt. 55)  The parties were unable to resolve many of the disputes and plaintiff filed a motion to compel responses to many of the requests with the Court. (Dkt. 53 )  On  October 17, 2012 the Court, Judge Crocker presiding, denied the motion to compel without prejudice and provided the parties with instructions on how to narrow the issues before returning to the Court with a more limited motion to compel.  (Dkt. 61)

On November 28, 2012, plaintiff conducted a deposition of Santander pursuant to FRCP 30(b)(6). (11/28/12 Deposition of Wayne Nightengale)  It became apparent at the November 28, 2012 deposition that Santander had possession of, but had not provided to plaintiff, many documents that had been requested in plaintiff's June 14, 2012 set of discovery requests.  (*Id*., See, e.g. 50:21 – 54:9 (Santander retains all documents on a consumer's account including contracts and correspondence in its Optika file, and he had not reviewed the Optika file on plaintiff to see if we had been given all the contents); 71:15 – 73:2 (witness had reviewed complete purchase agreements between HSBC and Santander but had not produced them to plaintiff); 159:2-8 (Santander had produced notices of right to cure default it claimed to have sent on van but not truck); 373:10-14 (faxes from Nelson and correspondence had not been produced)  For that reason plaintiff's counsel continued the deposition until a date after which plaintiff would have received all the documents and materials previously requested from Santander. (Id., 392:23 – 393:4)

On December 27, 2012 Santander produced 652 pages of new documents to plaintiff that had been requested in the June 2012 set of discovery requests. (1/15/13 Affidavit of Mary Catherine Fons ¶ 5, 11-16; Dkt. 85).   On January 4, 2013 at 5:37 p.m. Santander produced approximately 175 more pages of new documents to plaintiff that had been requested in the June 2012 set of discovery requests. (*Id*., and ¶ 6) Santander provided the documents on January 4, 2013 apparently because it intended to use some of the documents to support its January 7, 2013 motion for summary judgment. (Id., ¶¶ 5-19)  Those documents had also been previously requested by plaintiff in June of 2012. (Id.)

The parties agreed that, since Santander had not produced a multitude of documents that had been requested months before the November 28, 2012 deposition, the deposition of Santander's Rule 30(b)(6) witness would continue.  The parties eventually set the continuing deposition of the Santander Rule 30(b)(6) witness for May 1, 2013 in order to complete all testimony.

Now, *after the May 1, 2013 deposition was completed*, Santander has produced yet more documents that had previously been requested by plaintiff.  Plaintiff now has no opportunity to question Santander's representative about the new documents.  In addition, Santander's counsel has sent the documents simply attached to an email, not in the form of a supplemental discovery response, or with any explanation by Santander of what the newly produced documents are, or too which discovery request they respond to.

Specifically, on May 7, 2013 at 6:03 p.m. Rosede Olson, an assistant to Santander's counsel emailed documents Batestamped SCUSA 5045 – 5118 to plaintiff's counsel for the first time. On its face the document is labeled "Asset Purchase

28

Agreement" and it is dated November 9, 2009.  These are documents that have clearly been in Santander's possession during the entirety of this lawsuit.  The document appears to be responsive to plaintiff's discovery requests made June 14, 2012 specifically plaintiff's Document Request No. 31 to Santander which sought "The purchase and/or assignment agreement between HSBC and Santander which evidences the transfer, sale or agreement of Plaintiff's account to Santander by HSBC, and/or which evidences that HSBC gave Santander the right to service Plaintiff's account or conduct collection activities related to Plaintiff's account." (1/15/13 Affidavit of Mary Catherine Fons ¶ 11; Dkt. 85)

Then, on May 8, 2013 at 6:48 p.m. Santander's counsel emailed what is labeled a zip drive (no title or identification on it) which includes lists of numbers and Santander's counsel identified it in the email as account numbers that Santander purchased from HSBC.  This information is not attached to any document or identified in the text of the materials in any way. Santander did not provide this information in the form of a supplemental discovery response indicating that it responded to any particular discovery request.  And again, there is no longer time for plaintiff to be able to question Santander's Rule 30(b)(6) witness about whatever the material is. This unidentified, confusing, unauthenticated, late-produced material should be excluded under Federal Rule of Evidence 401 and 403.  The material as presented, as unclear as it is, should also be excluded under Federal Rule of Evidence 802 as hearsay.

Santander cannot argue that its failure to provide the documents was harmless. plaintiff has been unfairly surprised by defendant's last-minute, unauthenticated, confusing materials. Plaintiff did not have the opportunity to examine Santander's Rule

30(b)(6) witness on these materials either at the November 28, 2012 deposition or at the May 1, 2013 continuation of that deposition caused by Santander's withholding documents other previously requested.

Plaintiff has also been unfairly prejudiced by these untimely disclosures. "Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence 403; *see also Cobbins v. Tennessee Dept. of Transp.*, 566 F.3d 582 (6th Cir. 2009). Santander's newly produced materials should be excluded.

Finally, if Santander continues to produce new materials that it has had in its possession after today, plaintiff asks the Court to exclude the use of any such additional late-produced documents by Santander.

**Plaintiff's Motion in Limine Number 14**

**MOTION IN LIMINE TO EXCLUDE ANY WITNESSES NOT IDENTIFIED IN DEFENDANTS RULE 26(a)(1) DISCLOSURES OR IN RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS AND TO EXCLUDE THE USE BY SANTANDER OF ANY TESTIMONY OF ALL COLLECTORS IDENTIFIED BY SANTANDER AS HAVING WORKED ON NELSON'S ACCOUNTS**

Plaintiff moves the Court to preclude (1) any of the defendants from offering testimony from any witnesses defendants have not already named or identified in their Rule 26(a)(1) disclosures; (2) any defendant from offering testimony from any witness not identified in response to plaintiff's discovery requests asking for the identification of individuals with information pertaining to the facts in this case; and (3) any defendant

from offering testimony from the collectors Santander identified in response to Interrogatory No. 6, as having worked on plaintiff's accounts.

## ARGUMENT

Plaintiff moves the court to preclude defendants from offering testimony from any witnesses defendants have not already named in their Rule 26(a)(1) disclosures or identified in response to plaintiff's discovery requests asking for the identification of individuals with information pertaining to the facts in this case. Allowing testimony from as yet unidentified fact witnesses would be prejudicial to plaintiff, as she would not have had the opportunity to conduct discovery of those individuals. Federal Rule of Evidence 403.

In addition, plaintiff's Interrogatory No. 6 asked Santander to "identify all persons known to Santander who have personal knowledge of any facts or issues involved in this lawsuit.. . ." (Plaintiff's Brief in Support of Motion to Compel Discovery Responses To Her First and Second Set of Discovery Requests, at 9-10; Dkt. 9)  One of the topics on the Rule 30(b)(6) deposition notice to Santander included all the communications between Nelson and Santander. (11/28/12 Deposition of Wayne Nightengale Exhibit 1, No.2)  At the November 28, 2012 deposition, plaintiff questioned Santander's Rule 30(b)(6) witness about what information it gathered from any of the debt collectors who worked on Nelson's accounts. Santander's witness testified that Santander had not asked any of the debt collectors for information about plaintiff's accounts.  (Id. 23: 1-18) Santander must not be allowed to offer testimony from any of those individuals now, after it chose not to try to gather the information in preparation for the Rule 30(b)(6)

deposition on that topic.  Allowing such testimony would be prejudicial to plaintiff as she properly conducted discovery to find out any information those would individuals may have, and Santander chose to deny her that information at the Rule 30(b)(6) deposition. Federal Rule of Evidence 403.

**Plaintiff's Motion in Limine Number 15**

<u>**MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SANTANDER'S COUNTERCLAIM**</u>

Plaintiff moves the Court to preclude Santander from offering seven particular categories of evidence in support of its Counterclaim.

**ARGUMENT**

On May 5, 2012 Santander filed *Santander Consumer USA, Inc.'s Counterclaim* in this action. (Dkt. 37) Santander included four Counts against Nelson: Count I – BREACH OF CONTRACT regarding Nelson's van loan account; Count II – BREACH OF SECURITY AGREEMENT/REPLEVIN regarding Nelson's van; Count III – BREACH OF CONTRACT regarding Nelson's truck loan account; and Count II [sic] – BREACH OF SECURITY AGREEMENT/REPLEVIN regarding Nelson's truck. (Id., ¶¶ 18 – 37)  Plaintiff moves the Court to preclude Santander from offering evidence in support of its Counterclaim as set forth below.

First, the Court has already ruled that Santander violated Wis. Stat.  § 425.206(1) by failing to meet any of the requirements in that provision before taking possession of plaintiff's Truck. March 8, 2013 *Opinion and Order* at 24 -25. (Dkt. 141) This Court

noted that a violation of Wis. Stat.  § 425.206(1) may be remedied under Wis. Stat.  § 425.305, which provides that the customer retain the goods without obligation to pay any amount and shall be entitled to recover any sums paid pursuant to the transaction.  (Id.) Therefore, Santander should be precluded from offering any evidence to support the breach of contract claim or replevin claim for plaintiff's truck (i.e. Counterclaim Count III – BREACH OF CONTRACT regarding Nelson's truck loan account; and Count II [sic] – BREACH OF SECURITY AGREEMENT/REPLEVIN regarding Nelson's truck).

Second, plaintiff asked in her first set of discovery requests for "All documents relating to any attempts to repossess a vehicle from Nelson" and "All documents that relate to any letters, faxes, emails, or any other written communication sent by Santander in an attempt to collect a debt from Nelson."  Plaintiff's First Set of Request for the Production of Documents Nos. 3 and 6.  Wis. Stat. §§ 425.104 and 425.105 mandate that a notice of right to cure default with particular contents be sent to a customer before a merchant can sue on a debt.  Wis. Stat. 425.203(1) requires that a merchant wait to commence an action to recover collateral until after the expiration of the period for cure of default.  Plaintiff moves the Court to preclude Santander from offering into evidence any Notice of Right to Cure Default which it has not already produced in discovery in this matter to avoid any confusion or surprise and prejudice to Plaintiff.  Federal Rule of Evidence 403.

Third, Santander is seeking to enforce a security interest in Nelson's van based on the loan contract between plaintiff and HSBC.  Santander Consumer USA Inc., Counterclaim ¶¶ 5, 8, 9, 24 – 27. (Dkt. 37)  This Court has found that the security interest provision of that contract violates Wisconsin law. March 8, 2013 *Opinion and Order* at

33

27. (Dkt. 141)  Therefore, Santander is seeking to enforce a security interest provision that this Court has found to be illegal.  Plaintiff moves the Court to preclude any evidence in support of a security interest that the Court has found to be illegal.  Plaintiff further moves the Court to preclude defendants from offering any evidence regarding any additional security interest in plaintiff's van that it has not already provided to Nelson in discovery in this case to avoid any confusion or surprise and prejudice to plaintiff. Federal Rule of Evidence 403.

Fourth, in its Counterclaim, Santander seeks to recover its reasonable attorneys' fees from Nelson pursuant to the terms of the loan agreements between plaintiff and HSBC. Santander Consumer USA Inc., Counterclaim ¶ 17 . (Dkt. 37) This Court has found that the term included in the loan contracts which calls for the customer to pay HSBC's attorney fees violates Wis. Stat. §  422.411.  March 8, 2013 *Opinion and Order* at 27. (Dkt. 141)  Therefore, Santander is seeking to enforce a provision of the HSBC contracts that this Court has found to be illegal.  Plaintiff moves the Court to preclude any evidence to support a request made pursuant to an illegal attorney fee provision in the HSBC contracts.

Fifth, Santander filed its Counterclaim for replevin in this Court, without having followed the mandatory procedures for a Wisconsin replevin set forth in Wis. Stat. §§ 425.205 and Wis. Ch. 799. Two examples of Santander's non-compliance are that Santander did not file a summons in compliance with § 425.205(1)(b) nor a complaint in compliance with § 425.205(1)(b) and (3) and § 425.109. Plaintiff moves the Court to preclude Santander from offering evidence in support of a counterclaim which was not filed in accordance with Wisconsin law.

Sixth, Santander should be precluded from presenting evidence seeking both breach of contract damages and replevin of the van.  If a merchant repossesses a vehicle, a customer is not liable for any deficiency on the loan amount unless and until the merchant has disposed of the vehicle in a commercially reasonable manner.  Wis. Stat. § 425.209.  Therefore, Santander must first only present evidence of its right to repossess the van, and then, if it obtains a judgment of replevin, and then proves to the appropriate Court that it disposed of the van in a commercially reasonable manner, it can seek a deficiency judgment.  Plaintiff moves the Court to preclude Santander from presenting evidence on any breach of contract damages from Plaintiff related to her van loan.

Seventh, Santander should be precluded from presenting any evidence regarding any debt plaintiff may have had. The existence or validity of an underlying debt is not material in an FDCPA action. *See McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992)*; Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982). Therefore, if Santander is allowed to present any evidence that plaintiff allegedly owes any amount to Santander, plaintiff's FDCPA claims will be compromised as such evidence is immaterial and will confuse the jury and prejudice plaintiff. See Federal Rule of Evidence 403.


**Plaintiff's Motion in Limine Number 16**


<u>**MOTION IN LIMINE TO PRECLUDE ALL DEFENDANTS FROM OFFERING EVIDENCE OF A BONA FIDE ERROR DEFENSE UNDER THE FDCPA OR THE WCA**</u>

Plaintiff moves the court to preclude all defendants from offering any evidence of a "bona fide error" defense available under the Fair Debt Collection Practices Act and the Wisconsin Consumer Act.

## ARGUMENT

The FDCPA contains a defense to liability if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c).  *Booth v. Collection Experts, Inc.* 969 F. Supp. 1161 (E.D. Wis. 1997) (bona fide error defense must be supported by evidence that there was an error *and* it was unintentional; not enough to show procedures to guard against errors).  The Wisconsin Consumer Act provides an identical defense for liability under the WCA. Wis. Stat. § 425.301(3).

All defendants must be precluded from offering any evidence to support the bona fide error defense under either law because, in the case of Santander and American Recovery Service, neither pled the defense in response to plaintiff's FDCPA claims and WCA claims. (See Santander Consumer USA, Inc.'s Amended Answer to Plaintiff's Second Amended Complaint; Dkt. 65, and Patrick K. Willis Company Inc.'s Answer to Plaintiff's Second Amended Complaint; Dkt. 51)

In the case of AssetsBiz, although it pled the defense in response to plaintiff's FDCPA claims (AssetsBiz Corp.'s Answer to Second Amended Complaint at 24;Dkt 53), its Rule 30(b)(6) representative testified that it made no mistakes in its dealings on plaintiff's account, thereby negating any basis it may have had for the defense. (February 12, 2013 Deposition of AssetsBiz Corporation's corporate designee Michael Terrault 80:18-24)

Plaintiff moves the Court to preclude defendants from offering any evidence of the bona fide error defense under the FDCPA or the WCA.


Dated this 10th day of May, 2013.


By: s/Ivan Hannibal
               **Mary Catherine Fons, SBN 1017000**
               FONS LAW OFFICE
               500 South Page Street
               Stoughton, WI  53589
               Phone: (608) 873-1270
               *Fax*: (608) 873-0496
               mfons@chorus.net

               **Ivan J. Hannibal, SBN 1050360**
               CONSUMER RIGHTS LAW OFFICE
               5908 Running Deer Trail
               Mc Farland, WI 53558-9053
               Phone:  (608) 852-6702
               consumerrightslawoffice@gmail.com

               **ATTORNEYS FOR PLAINTIFF**