IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER NELSON,<br><br>　　　　Plaintiff,<br>v.<br><br>SANTANDER CONSUMER USA, INC.,<br>PATRICK K. WILLIS CO., INC., d/b/a/<br>AMERICAN RECOVERY SERVICE, and<br>ASSETSBIZ CORP., d/b/a ABC<br>RECOVERY,<br><br>　　　　Defendants,<br><br>SANTANDER CONSUMER USA, INC.,<br><br>　　　　Counter-Plaintiff,<br>v.<br><br>HEATHER NELSON,<br><br>　　　　Counter-Defendant. | Case No.: 11-cv-307<br><br><br><br>PLAINTIFF'S RULE 26(a)(3) PRETRIAL<br>DISCLOSURES |

**PRELIMINARY ISSUES PLAINTIFF BRINGS TO THE ATTENTION
OF THE COURT**

1.　The Preliminary Pretrial Conference Order estimated the length of trial in this matter to be three days. Plaintiff now believes that it is more likely that the trial will last approximately five days.

2.　Plaintiff withdraws her claim for private nuisance.

3.　Plaintiff previously brought to the Court's attention an issue regarding depositions she scheduled of former Santander employees. Plaintiff had chosen individuals from a list

1

of former employees provided by Santander in discovery and scheduled depositions and subpoenaed three individuals for the week of April 22nd in Dallas. Shortly before the depositions were scheduled to take place, Santander's counsel informed Plaintiff's counsel that the individuals who had been represented to be former employees were in fact current Santander employees. Due to the short notice, Plaintiff conducted the scheduled depositions in Dallas, then sought an order from the Court to allow Plaintiff additional time for her to conduct depositions of former employees and to be allowed to exceed the statutory ten deposition limit. At an April 29, 2013 hearing, Judge Crocker presiding, the Court granted Plaintiff's request for three additional depositions of former Santander employees and for Plaintiff to be able to conduct those depositions up until trial. Therefore, Plaintiff may take up to three additional depositions of former Santander employees before trial. Plaintiff's counsel will file any deposition transcripts of depositions not yet taken as soon as they become available.

4. Plaintiff arranged the April 23rd and April 24th depositions of several current Santander employees through Santander's counsel. One of the current employees, Yolanda Patterson, did not appear for her deposition at the agreed upon time. Santander's counsel informed Plaintiff's counsel that Ms. Patterson did not attend due to the death of her mother. Santander's counsel promised to make Ms. Patterson available for her deposition. To that end, Plaintiff's counsel intends on taking the deposition of Ms. Patterson in the near future. Plaintiff's counsel will file any deposition transcript as soon as it become available.

5. This Court has already found that defendant Santander Consumer USA violated the TCPA by calling plaintiff on her cellular telephone more than a thousand times and by

2

leaving more than a hundred prerecorded messages on plaintiff's cellular telephone using an automatic telephone dialing system. (Dkt 141) In its March 8, 2013, Opinion and Order, this Court awarded plaintiff $571,000 for Santander's violation of the TCPA. (Dkt 141) At the close of evidence in this case, plaintiff will ask the Court, not the jury, to determine whether Santander willfully or knowingly called plaintiff on her cellular telephone and left prerecorded messages on her cellular telephone, without plaintiff's consent, using an automatic telephone dialing system, and, if so, determine whether plaintiff is entitled to treble damages under the TCPA. Because plaintiff has decided to let the Court make these determinations, she has not submitted jury instructions or special verdicts related to her TCPA claims.

> The TCPA provides a private right of action for consumers. On this, it provides:
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). "Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly," courts have

generally interpreted willfulness to imply only that an action was intentional. *Sengenberger v. Credit Control Services, Inc*., No. 09 C 2796, 2010 U.S. Dist. LEXIS 43874, 2010 WL 1791270, at *16 (N.D. Ill. May 5, 2010) (citing *Smith v. Wade*, 461 U.S. 30, 41 n.8, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)). "While the TCPA does not define willfully, the Communications Act of 1943, of which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation.'" *Id.* at *16-17. In *Dubsky v. Advanced Cellular Communications, Inc.*, No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), a decision cited to by the *Sengenberger* court, the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute.

Similarly, in *Bridgeview Health Care Center LTD v. Clark*., Case No. 09 C 5601 (N.D. Ill 2013), the Court, when asked to adopt a heightened standard for determining "willfully" and "knowingly" under the TCPA, stated that:

> The TCPA provides for recovery of either actual damages or $500 per violation of subsection 227(b), but allows a court "in its discretion" to increase the award up to a maximum of treble damages if the defendant "willfully or knowingly violated" the statute. 47 U.S.C. § 227(b)(3). "Willfully" and "knowingly" are not defined in the TCPA. Defendant argues that the Court should adopt the heightened standard from *Texas v. American Blastfax, Inc.,* which required that the defendant "have reason to know, or should have known, that his conduct would violate the statute." 164 F.Supp.2d 892, 899 (W.D. Tex. 2001) (finding that defendants knew their conduct was prohibited by the TCPA but continued it anyway); *see also Maryland v. Universal Elections, Inc., 862 F. Supp. 2d 457, 463 (D. Md. 2012)* (finding that defendants knew of TCPA requirements "months, if not years, before" the communications in question). The Court declines, noting that the few cited cases that adopt such a standard have still found liability under the TCPA, and thus it appears that no court has interpreted this provision as requiring a "reason to know" and then found for the

4

defendant. *See id.; American Blastfax,* 164 F.Supp.2d at 899.

Instead, the Court adopts the more common interpretation that "willfully" or "knowingly" simply requires that the act be intentional or volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the statute. *See Sengenberger v. Credit Control Services, Inc.,* No. 09 C 2796, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010), *adhered to on reconsideration,* No. 09 C 2796, 2010 WL 6373008 (N.D. Ill. June 17, 2010). The Communications Act of 1943, which contains the TCPA, defines acting "willfully" as a voluntary act, but does not require knowledge that the act violates the statute. *See id.* (citations omitted). The plain language of 47 U.S.C. § 227(b) makes the sender of an unauthorized commercial facsimile strictly liable, so interpreting "willfully" as requiring a volitional act does not render the treble damages provision redundant with simple liability under the TCPA. Thus, a plaintiff "need not prove that defendant had knowledge of the TCPA's provisions in order to establish that the defendant willfully or knowingly violated the TCPA." *Stewart v. Regent Asset Mgmt. Solutions,* No. 10 C 2552, 2011 WL 1766018, at *2 (N.D. Ga. May 4, 2011) (*citing Chavrat v. Ryan 2007-Ohio-6833, 879 N.E.2d 765, 770).* In this case, Defendant has admitted that he hired B2B to send facsimiles on his behalf containing his commercial advertisement. (LR 56.1(b)(3) ¶ 16.) This is sufficient to make his violation "willful" within the meaning of the statute. *See Sengenberger,* 2010 WL 1791270, at *6.

Plaintiff will ask the Court to determine whether Santander willfully and knowingly called plaintiff on her cellular telephone and left prerecorded messages on her cellular telephone, without plaintiff's consent, using an automatic telephone dialing system, and to award treble damages for Santander's conduct under the TCPA.

## PLAINTIFF'S DISCLOSURES

Plaintiff, Heather Nelson, provides these disclosures pursuant to FRCP 26(a)(3) and the Court's Preliminary Pretrial Conference Order.

**I.     Rule 26a(3)(A)(i): The name and, if not previously provided, the address and telephone number of each witness — separately identifying those the party expects to present and those it may call if the need arises.**

Plaintiff expects to present testimony from the following witnesses:

1.     Heather Nelson, 516 Columbus Street, Sun Prairie, WI 53590, 608-512-8375.

2.     Raymond Nelson, 516 Columbus Street, Sun Prairie, WI 53590, 608-512-8374.

3.     Warren Olson, 5700 Otto Kerl Road, Cross Plains, WI 53528, 608-798-1810. If Plaintiff is unable to obtain this witness' testimony by subpoena she will present deposition testimony.

4.     Kathy Olson, 5700 Otto Kerl Road, Cross Plains, WI 53528, 608-798-1810.  If Plaintiff is unable to obtain this witness' testimony by subpoena she will present deposition testimony.

5.     Cynthia Olson, 4501 Gold Road, Windsor, WI  53598, 608-846-5110. If Plaintiff is unable to obtain this witness' testimony by subpoena she will present deposition testimony.

6.     Vicky Nelson, 2253 Myrtle Street, Madison, WI 53704, 608-576-8251. If Plaintiff is unable to obtain this witness' testimony by subpoena she will present deposition testimony.

7.     Andrea Sipek, 6742 Sunset Meadow Drive, Windsor, WI 608-443-8083.  If Plaintiff is unable to obtain this witness' testimony by subpoena she will present deposition testimony.

8.     If Santander does not stipulate to the number of calls it made on Plaintiff's accounts, as identified in the account notes it produced in discovery in this case, as well

6

as the numbers of calls made to specific persons and during certain time periods, Plaintiff will provide a witness who has counted each such category of calls on Santander's account notes.

9. Diane Burling, 243 Division Street, Madison, WI  53704, 608-241-4532.

10. Santander Rule 30(b)(6) witness Wayne Nightengale.

11. American Recovery Service Rule 30(b)(6) witness Steven Schelk.

12. AssetsBiz Rule 30(b)(6) witness Michael Terrault.

13. Santander employee Calvin Antwine.

14. Santander employee Tracey Calamease.

15. Santander employee Daniel Colon.

16. Santander employee Sheneikqua Johnson.

17. Santander employee Jamie Kubecka.

18. Santander employee Shenequa  Pinkett.

19. Santander employee Yolanda Patterson.

20. Former Santander employee to be determined

21. Former Santander employee to be determined

22. Former Santander employee to be determined

**II.     Rule 26a(3)(A)(ii): The designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition.**

Plaintiff expects to present testimony from the following witnesses by deposition. All deposition transcripts have been filed with the court.

1. Santander Rule 30(b)(6) witness Wayne Nightengale. Plaintiff anticipates presenting video deposition testimony.

2. American Recovery Service Rule 30(b)(6) witness Steven Schelk.

3. AssetsBiz Rule 30(b)(6) witness Michael Terrault.

4. Santander employee Calvin Antwine. Plaintiff anticipates presenting video deposition testimony.

5. Santander employee Tracey Calamease. Plaintiff anticipates presenting video deposition testimony.

6. Santander employee Daniel Colon. Plaintiff anticipates presenting video deposition testimony.

7. Santander employee Sheneikqua Johnson. Plaintiff anticipates presenting video deposition testimony.

8. Santander employee Jamie Kubecka. Plaintiff anticipates presenting video deposition testimony.

9. Santander employee Shenequa Pinkett. Plaintiff anticipates presenting video deposition testimony.

10. Santander employee Yolanda Patterson. Plaintiff anticipates presenting video deposition testimony. Plaintiff arranged Yolanda Patterson's deposition for April 23, 2013 in Dallas Texas through counsel for Santander. Plaintiff's attorneys were informed on April 23, 2013, while they were in Dallas Texas, that Ms. Patterson would not be

appearing for her deposition that day because she had called in sick to work.  Later, Attorney Caplan stated that Ms. Patterson's mother had passed away and that she could not appear the week the depositions were set in Dallas. Plaintiff intends to arrange Ms. Patterson's deposition in the near future.

11.	Former Santander employee. Plaintiff intends to arrange this deposition in the near future.

12.	Former Santander employee. Plaintiff intends to arrange this deposition in the near future.

13.	Former Santander employee.  Plaintiff intends to arrange this deposition in the near future.

   **III.	Rule 26a(3)(A)(iii): An identification of each document or other exhibit, including summaries of other evidence — separately identifying those items the party expects to offer and those it may offer if the need arises.**

**PLAINTIFF EXPECTS TO OFFER THESE EXHIBITS**

1.	April 13, 2010 letter from Heather Nelson to Santander. Exhibit 2 to Deposition of Wayne Nightengale taken on 11/28/12.

2.	Declaration of Wayne Nightengale In Support of Defendant Santander Consumer USA Inc.'s Motion for Summary Judgment and attached documents, filed in the case of  Meyer v. Santander Consumer USA et al. Exhibit 4 to Deposition of Wayne Nightengale

taken on 5/1/13.

3. Servicing Agreement. (SCUSA 003719 – 003831) Exhibit 5 to Deposition of Wayne Nightengale taken on 5/1/13.

4. Declaration of Wayne Nightengale in Support of Defendant Santander Consumer USA, Inc.'s Motion for Summary Judgment and attached documents filed in this case. (SCUSA 97 – 100; 103 – 106; 319 – 322; 3166 - 3225; 3655 – 3712; 323 – 326) Exhibit 6 to Deposition of Wayne Nightengale taken on 5/1/13.

5. HSBC contracts related to Nelson's truck loan. (SCUSA 3584 – 3588) Exhibit 7 to Deposition of Wayne Nightengale taken on 5/1/13.

6. HSBC contracts related to Nelson's van loan. (SCUSA 3359 – 3363) Exhibit 8 to Deposition of Wayne Nightengale taken on 5/1/13.

7. Better Business Bureau documents and letters related to complaint made by Heather Nelson. (SCUSA 3650 – 3654) ) Exhibit 9 to Deposition of Wayne Nightengale taken on 5/1/13.

8. Texas Office of Consumer Credit Commissioner documents and email related to complaint made by Heather Nelson. (SCUSA 3648 – 3649) ) Exhibit 10 to Deposition of Wayne Nightengale taken on 5/1/13.

9. Account Notes produced by Santander related to Nelson's truck loan. (SCUSA 1 – 96) Exhibit 11 to Deposition of Wayne Nightengale taken on 5/1/13.

10. Account Notes produced by Santander related to Nelson's van loan. (SCUSA 1746 – 1880) Exhibit 12 to Deposition of Wayne Nightengale taken on 5/1/13.

11. Account Notes produced by Santander related to Nelson's truck loan. (SCUSA 3002 –3101) Exhibit 13 to Deposition of Wayne Nightengale taken on 5/1/13.

12. Account Notes produced by Santander related to Nelson's van loan. (SCUSA 3226 – 3325) Exhibit 14 to Deposition of Wayne Nightengale taken on 5/1/13.

13. Account Notes produced by Santander related to Nelson's truck loan. (SCUSA 3444 – 3543) Exhibit 15 to Deposition of Wayne Nightengale taken on 5/1/13.

14. List of Santander employees who worked on Heather Nelson's account. (SCUSA 301 – 307) Exhibit 16 to Deposition of Wayne Nightengale taken on 5/1/13.

15. List of codes used by Santander employees. (SCUSA 308 – 317) Exhibit 17 to Deposition of Wayne Nightengale taken on 5/1/13.

16. Truck payment records produced by Santander (SCUSA 3544 – 3552) Exhibit 18 to

Deposition of Wayne Nightengale taken on 5/1/13.

17. Truck payment records produced by Santander (SCUSA 3557 - 3568) Exhibit 19 to Deposition of Wayne Nightengale taken on 5/1/13.

18. Van payment records produced by Santander (SCUSA 3326 – 3336) Exhibit 20 to Deposition of Wayne Nightengale taken on 5/1/13.

19. Van payment records produced by Santander (SCUSA 3341 – 3354) Exhibit 21 to Deposition of Wayne Nightengale taken on 5/1/13.

20. Various notices of right to cure default sent by Santander. (SCUSA 3626 – 3627; 3424 – 3436) Exhibit 22 to Deposition of Wayne Nightengale taken on 5/1/13.

21. Various HSBC and Santander letters. (SCUSA 3381 – 3382; 3397: 3390 – 3395; 3398; 3553; 3337) Exhibit 23 to Deposition of Wayne Nightengale taken on 5/1/13.

22. Post repossession letters from Santander. (SCUSA 3611, 3619 – 3620) Exhibit 24 to Deposition of Wayne Nightengale taken on 5/1/13.

23. Cease and desist letter received by Santander. (SCUSA 3599) Exhibit 25 to Deposition of Wayne Nightengale taken on 5/1/13.

24. Letter from Attorney Lan Waddell. (SCUSA 3601) Exhibit 26 to Deposition of Wayne Nightengale taken on 5/1/13.

25. Fax from Nelson to Santander dated June 1, 2010 8:39 a.m. (SCUSA 3600, 3598, 3613, 3614) Exhibit 27 to Deposition of Wayne Nightengale taken on 5/1/13.

26. Fax from Nelson to Santander dated June 1, 2010 4:19 p.m. (SCUSA 3612 ) Exhibit 28 to Deposition of Wayne Nightengale taken on 5/1/13.

27. Fax from Nelson to Santander dated July 27, 2010 10:16 a.m. (SCUSA 3400, 3418) Exhibit 29 to Deposition of Wayne Nightengale taken on 5/1/13.

28. Fax from Nelson to Santander dated July 29, 2010 8:45 a.m. (SCUSA 3415 - 3417) Exhibit30 to Deposition of Wayne Nightengale taken on 5/1/13.

29. Fax from Nelson to Santander dated July 30, 2010 4:19 p.m. (SCUSA 3401) Exhibit 31 to Deposition of Wayne Nightengale taken on 5/1/13.

30. Mary Kinman-Sexton letter from Santander (SCUSA 3580) Exhibit 32 to Deposition of Wayne Nightengale taken on 5/1/13.

31. HSBC notification of account extension for Nelson's truck and van. (SCUSA 3593, 3380) Exhibit 33 to Deposition of Wayne Nightengale taken on 5/1/13.

32. Santander modification denial. (SCUSA 3442) Exhibit 34 to Deposition of Wayne Nightengale taken on 5/1/13.

33. Defendant Santander's Amended Response To Interrogatory No. 2 from Plaintiff's First Set of Interrogatories. Exhibit 35 to Deposition of Wayne Nightengale taken on 5/1/13.

34. Santander employee discipline records. (SCUSA 5000 – 5032) Exhibit 36 to Deposition of Wayne Nightengale taken on 5/1/13.

35. November 28, 2011 letter written by Michael Terreault . Exhibit 2 to Deposition of Michael Terreault taken on 2/12/13.

36. October 1, 2010 letter from State of Wisconsin Department of Financial Institutions (00001)

37. August 4, 2010 from the Texas Office of the Consumer Credit Commissioner (000002)

38. August 3, 2010 email from Heather Nelson to Mark Baker (000003)

39. Print out of live chat between Heather Nelson and Sharonda (000005)

40. August 3, 2010 email from Heather Nelson to Mark Baker and August 4, 2010 response by Mark Baker (000010-11)

41. April 18, 2011 letter from Heather Nelson (000013)

42. December 9, 2010 email from Heather Nelson to Paul Egide and response (000014-15)

43. Complaint filed by Heather Nelson with Wisconsin Department of Financial Institutions (000016-17)

44. Complaint filed by Heather Nelson with the Better Business Bureau (000018)

45. July 30, 2010 letter from Heather Nelson to Santander (000019)

46. 3 page fax of July 29, 2010 from Heather Nelson to Santander's ASU department (000026-28)

47. Call log maintained by Heather Nelson (000040-50)

48. August 29, 2010 modification agreement from Santander to Heather Nelson (000057-59)

15

49. August 19, 2010 letter from Santander to Heather Nelson (000060)

50. Recording of messages left on Heather Nelson's cell phone

51. April 13, 2010 cease and desist letter from Heather Nelson to Santander (200100)

52. Live chat between Heather Nelson and Laurence (200130)

53. Live chat between Heather Nelson Terri (200131)

54. May 31, 2010 Letter from Heather Nelson to ASU department (200135)

55. Various payment receipts for Heather Nelson's payments (200136 – 200157)

56. July 8, 2009 HSBC account extension on truck (200159)

57. HSBC contract for Dodge Truck (200164 – 200167)

58. Letter from Nelson to ASU department (200193)

59. HSBC contract for Chrysler Van (200226- 200229)

60. August 29, 2010 modification offer from Santander and September 8, 2010 fax

16

from Nelson accepting (200430 – 200435)

61. Heather Nelson payment receipts on truck and van (200540 – 200543)

62. Walmart Payment receipt June 1, 2010 (200552 - 200553)

63. June 2, 2010 Receipt for Truck release (200554)

64. 4/12/2010 proof of payment to HSBC Auto Finance (200562)

65. Handwritten notes about Yesenia (200563)

66. Heather Nelson Payment records (200564 – 200565)

67. Truck payment records (200566)

68. HSBC notice of extension July 8, 2009 for van (200596)

69. Proof of payment receipt February 22, 2010 (200604)

70. Certified copy of Complaint (Dkt 1) in Deuel v. Santander Consumer USA, Inc., U.S. Dist Court, Southern District of Florida, filed December 4, 2009.

71.  Certified copy of Santander Consumer USA, Inc.'s Answer (Dkt 22) in Deuel v. Santander Consumer USA, Inc., U.S. Dist Court, Southern District of Florida, filed on April 29, 2009.

72.  Certified copy of Complaint (Dkt 1) in Evenrud v. Santander Consumer USA, Inc., U.S. Dist Court, District of Oregon, filed on February 23, 2009.

73.  Certified copy of Santander Consumer USA, Inc.'s Answer (Dkt 4) in Evenrud v. Santander Consumer USA, Inc., U.S. Dist Court, District of Oregon, filed 18, 2009.

**PLAINTIFF MAY OFFER THESE EXHIBITS**

1. Santander Consumer USA, Inc.'s Third Supplemental Response to Plaintiffs' Second Set of Interrogatories and Requests For Production of Documents.
   Exhibit 3 to Deposition of Wayne Nightengale taken on 11/28/12

2. Santander 's payment histories from My Account for Heather Nelson (000020-25)

3. Santander bills and payment records (200436 – 200539)

Dated this 10th day of May, 2013.

<u>s/ Ivan Hannibal</u>
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
Fax: (608) 873-0496

**Ivan Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
McFarland, WI 53558
Phone: (608) 852-6702

**ATTORNEYS FOR PLAINTIFF**
