**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| HEATHER NELSON,<br><br>        **Plaintiff,**<br><br>v.<br><br>**SANTANDER CONSUMER USA, INC.,**<br>**PATRICK K. WILLIS CO., INC., d/b/a/**<br>**AMERICAN RECOVERY SERVICE, and**<br>**ASSETSBIZ CORP., d/b/a ABC**<br>**RECOVERY,**<br><br>        **Defendants,**<br><hr><br>**SANTANDER CONSUMER USA, INC.,**<br><br>        **Counter-Plaintiff,**<br><br>v.<br><br>**HEATHER NELSON,**<br><br>        **Counter-Defendant.** | **Case No.:  11-cv-307**<br><br><br><br>**PLAINTIFF'S PROPOSED JURY**<br>**INSTRUCTIONS** |

Plaintiff, Heather Nelson, proposes the Court give the following jury instructions.

# I.   COURT'S INSTRUCTIONS IN PRELIMARY PRETRIAL CONFERENCE ORDER

**Pretrial Instructions**.

Plaintiff requests the Court give the Introductory Instruction as set forth by the Court in the Preliminary Pretrial Conference Order, with the exception of the "Experts" section, as there will be no expert testimony in this case. Below is Plaintiff's proposed description of the claims and basic legal elements of claims and defenses.

1

**Post Trial Instructions.**

Plaintiff requests the Court give the Post-Trial Instructions as set forth by the Court in the Preliminary Pretrial Conference Order.

**Damages.**

Plaintiff requests that the Court make the following changes to the Damages instructions in the Preliminary Pretrial Conference Order:

(1) Pain and Suffering section: insert "mental anguish and emotional distress" where brackets are;

(2) delete "Aggravation of Pre-existing Injury or Condition," "Duty to Mitigate Damages," "Mortality Table," "Future Earnings," and

(3) add to the Court's instruction on Punitive Damages "You may consider the defendant's wealth in determining what sum of punitive damages will be enough to punish the defendant and deter the defendant and others from the same conduct in the future."   Wisconsin Statute § 895.043(4)(a)

# II.   PLAINTIFF'S SPECIAL INSTRUCTIONS

**Heather Plaintiff's Proposed Jury Instruction No. 1**

**Description of claims to be inserted in Court's Introductory Instruction**


Nelson claims that Santander Consumer USA's debt collection activities related to two vehicle loans, a van and a truck, violated several laws. Ms. Nelson claims that Santander repeatedly called her on her cellular telephone and at work after being instructed not to, and called her friends and family members, in attempts to collect money related to the two vehicle loans. Ms. Nelson also claims that Santander illegally repossessed her truck.

Ms. Nelson claims Santander violated the federal Fair Debt Collection Practices Act, the Wisconsin Consumer Act, and committed invasion of privacy and civil theft.

The Court has already found that Santander made one thousand twenty-six calls to Ms. Nelson's cellular telephone over the course of a year using an automatic telephone dialing system, that Santander left one hundred sixteen prerecorded messages on Ms. Nelson's cellular telephone during that time period, and that these calls and messages violated the Telephone Consumer Protection Act.  The Court has also found that Santander illegally repossessed Ms. Nelson's truck and that the loan contracts Santander was using as a basis to collect money from Ms. Nelson contain several illegal provisions.

After Ms. Nelson filed this lawsuit, Santander countersued Ms. Nelson on the truck loan and the van loan demanding repossession of both vehicles as well as all the money it claims she owes under the two contracts.

Ms. Nelson has also brought claims against American Recovery Service and AssetsBiz Corporation for their involvement in the illegal repossession of her truck. Ms. Nelson claims that American Recovery Service and AssetsBiz Corporation violated the Fair Debt Collection Practices Act and committed civil theft.

**Plaintiff's Proposed Jury Instruction No. 2**

**Background and coverage of the Fair Debt Collection Practices Act**

Plaintiff Heather Nelson has brought this lawsuit against Defendants, based on 15 U.S.C. §1692, et seq., commonly known as the Fair Debt Collection Practices Act, a law that regulates debt collectors.

In enacting the Fair Debt Collection Practices Act, Congress stated that:

"There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

Congress stated that the purpose of the FDCPA was:

"to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

To this end, the Act expressly prohibits debt collectors from engaging in certain conduct. It also requires debt collectors to affirmatively perform specific acts in a particular manner within definite time limits.

The Act defines a "debt collector" to include any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed, or due, or asserted to be owed or due to another. The term "debt collector" also means any person who acquired a debt by purchase or assignment and seeks to collect that debt, if the debt was in default at the time it was acquired by the person. Litigating is one way of collecting a debt.

Santander Consumer USA is a "debt collector" within the meaning of the Act. The conduct of the employees of Santander Consumer USA while collecting debts is the conduct of Santander Consumer USA. The company can only act through its employees and agents.

4

The Act's definition of debt collector also applies to any person involved in repossession activity to the extent that the person threatens to take or takes nonjudicial action to take property if there was no legal right to take the property . The repossession activities of American Recovery Service and AssetsBiz Corporation are regulated by the Fair Debt Collection Practices Act.

The Act defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment. The obligations Santander claims Heather Nelson owes are "debts" within the meaning of the Act.

The Act defines "consumer" as any person obligated or allegedly obligated to pay any debt. Heather Nelson is a "consumer" within the meaning of the Act.

15 U.S.C. § 1692a. 15 U.S.C. § 1692a(6); 15 U.S.C. § 1692a(6)(F); *Romine v. Diversified*, 155 F.3d 1142, 1146 (9th Cir. 1998); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *Pollice v. National Tax Funding,* 225 F.3d 379, 403-405 (3rd Cir. 2000)*, Munoz v. Pipestone Financial, LLC,* 397 F. Supp. 2d 1129, 1133 (D. MN 2006), *Hernandez v. Midland Credit Mgmt.*, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. 2007). *Romine v. Diversified Collection Services, Inc.*, 155 F.3d 1142,1146 (1998)("Litigating . . .seems simply one way of collecting a debt" and "[i]n drafting a broad statute, Congress entered all areas inhabited by debt collectors, even litigation." *Id.* at 1146.).

**Plaintiff's Proposed Jury Instruction No. 3**

**Burden of proof for Fair Debt Collection Practices Act claims**

Heather Nelson must prove her Fair Debt Collection Practices Act claims by a preponderance of the evidence. This means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all the evidence, regardless of which party presented it.

*Bourjaily v. U.S.,* 483 U.S. 171, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987); *Huddleston v. U.S.,* 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988).

**Plaintiff's Proposed Jury Instruction No. 4**

**Obligation to pay the debt does not affect liability under the FDCPA**

Whether or not Heather Nelson owed the debts which Santander Consumer USA claimed it was due is not a factor in this proceeding.  Even if Heather Nelson did owe the obligations, Santander Consumer USA must comply in all respects with the Fair Debt Collection Practices Act.  Likewise even if Heather Nelson did owe the obligations, American Recovery Service and AssetsBiz Corporation must comply in all respects with the provisions of the Fair Debt Collection Practices Act regulating repossession activity.  Therefore, you may not consider whether or not Heather Nelson was obligated to pay the debts when determining whether Santander Consumer USA, American Recovery Service, and AssetsBiz Corporation violated the Fair Debt Collection Practices Act.

*McCarthy v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G. C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

**Plaintiff's Proposed Jury Instruction No. 5**

**Plaintiff's Contentions**

Heather Nelson contends that Santander Consumer USA violated the Fair Debt Collection Practices Act in the following ways:

First, Santander Consumer USA engaged in conduct the natural consequence of which was to harass, oppress or abuse Heather Nelson, in violation of 15 U.S.C. § 1692d;

Second, Santander Consumer USA caused Heather Nelson's telephones to ring repeatedly or continuously and engaged Heather Nelson in telephone conversations repeatedly or continuously with intent to annoy, abuse, and harass Heather Nelson, in violation of 15 U.S.C. § 1692d(5);

Third, Santander Consumer USA communicated with persons other than Heather Nelson for the purpose of acquiring location information about Heather Nelson more than once, in violation of  15 U.S.C. § 1692b(3);

Fourth, Santander Consumer USA, without Heather Nelson's prior consent, communicated with Heather Nelson at times and places it knew or should have known were inconvenient to Heather Nelson, in violation of  15 U.S.C. § 1692c(a)(1);

Fifth, Santander Consumer USA, without Heather Nelson's prior consent, communicated with Heather Nelson after Santander knew Heather Nelson was represented by an attorney with regard to a deb,t in violation of  15 U.S.C. § 1692c(a)(2);

Sixth,  Santander Consumer USA, without Heather Nelson's prior consent, communicated with Heather Nelson at her place of employment, knowing that Heather Nelson instructed Santander not to call her at her place of employment, in violation of  15 U.S.C. § 1692c(a)(3);

Seventh, Santander Consumer USA, without Heather Nelson's prior consent, communicated with persons other than Heather Nelson or her attorneys, in violation of 15 U.S.C. § 1692c(b);

Eighth, Santander Consumer USA communicated with Heather Nelson after she instructed Santander in writing not to call her on specific telephone numbers and to only communicate with her in writing, in violation of 15 U.S.C. § 1692c(c);

Ninth, Santander Consumer USA falsely represented the character, amount, or legal status of an alleged deb,t in violation of 15 U.S.C. § 1692e(2)(A);

Tenth, Santander Consumer USA threatened to take action and took action that it could not legally take, in violation of 15 U.S.C. § 1692e(5);

Eleventh, Santander Consumer USA used false, deceptive, and misleading representations and means in connection with the collection of debts from Heather Nelson, in violation of 15 U.S.C. § 1692e;

Twelfth, Santander Consumer USA used unfair and unconscionable means to collect or attempt to collect debts from Heather Nelson, in violation of 15 U.S.C. § 1692f.

Thirteenth, Santander Consumer USA collected an amount that was not expressly authorized by the agreement creating the debt or that was not permitted by law, in violation of 15 U.S.C. § 1692f(1).

Fourteenth, Santander Consumer USA took or threatened to take nonjudicial action to take Heather Nelson's property when it had no right to take the property, in violation of 15 U.S.C. § 1692f(6).

Heather Nelson contends that American Recovery Service violated the Fair Debt Collection Practices Act when it took and threatened to take nonjudicial action to take Heather Nelson's property when it had no right to take the property, in violation of 15 U.S.C. § 1692f(6).

Heather Nelson contends that AssetsBiz Corporation violated the Fair Debt Collection Practices Act when it took and threatened to take nonjudicial action to take Heather Nelson's property when it had no right to take the property, in violation of 15 U.S.C. § 1692f(6).

Plaintiff's Second Amended Complaint.

**Plaintiff's Proposed Jury Instruction No. 6**

**Violations of the FDCPA are measured by the "Unsophisticated Consumer" standard**

In determining whether Santander Consumer USA, American Recovery Service and AssetsBiz Corporation violated the Fair Debt Collection Practices Act, you are to apply the "unsophisticated consumer" standard. This law was not made for the protection of experts, but for the public--that vast multitude which includes the ignorant, the unthinking and the credulous, and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. "An unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness." Thus, in reaching your determination of whether Santander Consumer USA, Inc.'s, American Recovery Service's, and AssetsBiz Corporation's communications and actions violate the Fair Debt Collection Practices Act, you must view them through the eyes of the "unsophisticated consumer".

*Avila v. Van Ru Credit Corp.,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)

**Plaintiff's Proposed Jury Instruction No. 7**

**Liability of debt collectors for those acting on its behalf**

Under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., an entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf.

*Pollice v. National Tax Funding*, 225 F.3d 379, 403-405 (3rd Cir. 2000), *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 2000), *Munoz v. Pipestone Financial, LLC*, 397 F. Supp. 2d 1129, 1133 (D. MN 2006), *Hernandez v. Midland Credit Mgmt.*, 2007 U.S. Dist. LEXIS 16054, *56-60 (N.D. Ill. 2007), *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, *11-12 (M.D. FL 2008), *Martinez v. Albuquerque Collection Services, Inc.*, 867 F. Supp. 1495, 1502 (D. NM 1994)

**Plaintiff's Proposed Jury Instruction No. 8**

**Strict liability under the FDCPA**

The Fair Debt Collection Practices Act is a strict liability statute; proof of one violation by a Defendant is sufficient to support judgment for Heather Nelson against that Defendant. Because the Act imposes strict liability, Heather Nelson need not show intentional conduct by the Defendant to be entitled to damages.

*Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D.Conn. 1990); *Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

**Plaintiff's Proposed Jury Instruction No. 9**

**FDCPA claims under 15 USC § 1692d**

Harass, oppress or abuse

It is a violation of the Fair Debt Collection Practices Act for any debt collector to engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d(5); *Sanchez v. Client Services, Inc.*, 520 F. Supp. 2d 1149 (N.D. Cal. 2007), *Kuhn v. Account Control Technology, Inc.,* 865 F. Supp. 1443 (D. Nev. 1994), *Joseph v. J. J. McIntyre,* 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002*), Jeter v. Credit Bureau, Inc.,*760 F.2d 1168, 1179 (11th Cir.1985), *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Chiverton v. Federal Fin. Group, Inc.*, 399 F.Supp.2d 96 (D. Conn. 2005).

**Plaintiff's Proposed Jury Instruction No. 10**

**FDCPA claims under 15 USC § 1692d(5)**

Calling repeatedly

It is a violation of the Fair Debt Collection Practices Act for any debt collector to cause a telephone to ring repeatedly or continuously or to engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

Leaving a message on a telephone answering machine, or redialing after a person has hung up the telephone, are also causing the telephone to ring, and harassment.

15 U.S.C. § 1692d(5); *Sanchez v. Client Services, Inc*., 520 F. Supp. 2d 1149 (N.D. Cal. 2007), *Kuhn v. Account Control Technology, Inc.,* 865 F. Supp. 1443 (D. Nev. 1994), *Bingham v. Collection Bureau, Inc.* 505 F. Supp. 864 (N.D. 1981), when a call was terminated and the collection agency called back immediately, that subsequent call alone could constitute harassment under § 1692d(5) regardless of the content of the call).

**Plaintiff's Proposed Jury Instruction No. 11**

**FDCPA claims under 15 USC § 1692b**

Impermissible third party communications

The Fair Debt Collection Practices Act permits debt collectors to contact third parties only to acquire location information about the consumer.

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall --

. . .

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

. . .

15 U.S.C. § 1692b; *Thomas v. Consumer Adjustment Co., Inc.,* 579 F. Supp. 2d 1290, *14 (E.D. MO 2008)

**Plaintiff's Proposed Jury Instruction No. 12**

**15 USC § 1692b**

Definition of Location Information

      The Fair Debt Collection Practices Act defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment."

15 U.S.C. § 1692a(7); 15 U.S.C. § 1692b.

**Plaintiff's Proposed Jury Instruction No. 13**

**15 USC § 1692a(2)**

Definition of a communication


     The term "communication" means the conveying of information regarding a debt or alleged debt directly or indirectly to any person through any medium.


15 U.S.C. § 1692a(2).

**Plaintiff's Proposed Jury Instruction No. 14**

**Messages are communications**

Leaving a message for a consumer constitutes a communication under the Fair Debt Collection Practices Act. Messages which do not directly convey information about a debt are still communications under the FDCPA, because they convey information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt.

*Belin v. Litton Loan Servicing, LLP,* 2006 U.S. Dist. LEXIS 47953, *16 (M.D. FL 2006); *Stinson v. Asset Acceptance, LLC*, 2006 U.S. Dist. LEXIS 42266, 2006 WL 1647134, at *2-3 (E.D. Va. June 12, 2006); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 655-659 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp.2d 1104, 1116 (C.D. Cal. 2005). *Thomas v. Consumer Adjustment Co., Inc.,* 579 F. Supp. 2d 1290, *14 (E.D. MO 2008), Belin v. Litton Loan Servicing, LLP,* 2006 U.S. Dist. LEXIS 47953, *16 (M.D. FL 2006); *Stinson v. Asset Acceptance*, LLC, 2006 U.S. Dist. LEXIS 42266, 2006 WL 1647134, at *2-3 (E.D. Va. June 12, 2006); *Foti v. NCO Financial Systems, Inc*., 424 F. Supp.2d 643, 655-59 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc*., 387 F. Supp.2d 1104, 1116 (C.D. Cal. 2005).

**Plaintiff's Proposed Jury Instruction No. 15**

**Enlisting the assistance of third parties to collect the debt**

Communicating with a third party, such as a consumer's relative, and leaving the collector's name and telephone number and asking the relative to have the consumer return the call, violates the Fair Debt Collection Practices Act.

15 U.S.C. § 1692c*; West v. Nationwide,* 998 F. Supp. 642 (W.D. N.C. 1998), *Ferguson v. Credit Mgmt. Control, Inc.,* 140 F. Supp. 2d 1293 (M.D. Fl. 2001), *Thomas v. Consumer Adjustment Co., Inc.,* 579 F. Supp. 2d 1290, *14 (E.D. MO 2008)*,*

**Plaintiff's Proposed Jury Instruction No. 16**

**FDCPA claims under 15 U.S.C. § 1692c(a)**

Communication with the consumer generally

There are strict limitations under the Fair Debt Collection Practices Act restricting a debt collector's communication with the consumer.  Specific limitations on communication with the consumer generally include:

(a) Without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate with a consumer in connection with the collection of any debt --

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

Calling the consumer at work after being told by the consumer not to call at work is a violation of the Fair Debt Collection Practices Act.

15 U.S.C. § 1692c; *Horkey v. J.V.D.B. & Assocs., Inc*., 333 F. 3d 769 (7th Cir. 2003); *United States v. Cent. Adjustment Bureau, Inc.* 667 F. Supp. 370 (N.D. Tex 1986).

**Plaintiff's Proposed Jury Instruction No. 17**

**FDCPA claims under 15 U.S.C. § 1692c(b)**

Communications with Third Parties

The Fair Debt Collection Practices Act restricts a debt collector's communication with third parties.

Without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

**Plaintiff's Proposed Jury Instruction No. 18**

**FDCPA claims under 15 U.S.C. § 1692c(c)**

Ceasing Communications


If a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

15 U.S.C § 1692c(c).

**Plaintiff's Proposed Jury Instruction No. 19**

**FDCPA claims under 15 U.S.C. § 1692e**

False or misleading representations

The Fair Debt Collection Practices Act provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

15 U.S.C. § 1692e; *Pipiles v. Credit Bureau, Inc.*, 886 F.2d 22 (2d Cir. 1989); *Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

**Plaintiff's Proposed Jury Instruction No. 20**

**FDCPA claims under 15 USC § 1692e(2)(A)**

The false representation of the character, amount, or legal status of the debt

The Fair Debt Collection Practices Act provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of--(A) the character, amount, or legal status of any debt;. . .

15 U.S.C. § 1692e(2)(A); *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990);*West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983).

**Plaintiff's Proposed Jury Instruction No. 21**

**FDCPA claims under 15 USC § 1692e(5)**

Threats to take action which cannot legally be taken or that is not intended to be taken

The Fair Debt Collection Practices Act states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5); *Pipiles v. Credit Bureau, Inc.*, 886 F.2d 22 (2d Cir. 1989); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222 (9th Cir. 1988); *Crossley v. Lieberman*, 868 F.2d 566 (3d Cir. 1989).

**Plaintiff's Proposed Jury Instruction No. 22**

**FDCPA claims under 15 USC § 1692f**

Unfair and unconscionable means


A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

**Plaintiff's Proposed Jury Instruction No. 23**

**FDCPA claims under 15 USC § 1692f(1)**

Collecting unauthorized amounts

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section;

> (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1); *Martinez V. Albuquerque Collection Services*, 867 F.Supp. 1495 (D.N.M. 1994); *Masuda v. Thomas Richards & Co.*, 759 F.Supp. 1456 (C.D.Cal. 1991).

**Plaintiff's Proposed Jury Instruction No. 24**

**FDCPA claims under 15 USC § 1692f(6)**

Threatening nonjudicial action


A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if --

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest.

15 U.S.C. § 1692f(6).

**Plaintiff's Proposed Jury Instruction No. 25**

**15 U.S.C. § 1692k(a)(1)**

Actual Damages

The Fair Debt Collection Practices Act specifically permits damages to be awarded against a debt collector who violates the Act.

Actual damages may be awarded to Heather Nelson as a result of the failure of Defendant to comply with the Act.  Actual damages include any out-of-pocket expenses and also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.  You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

15 U.S.C. § 1692k(a)(1); *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 185 (D. Del. 1990); *In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987).

**Plaintiff's Proposed Jury Instruction Number 26**

**Background and coverage of the Wisconsin Consumer Act**

Heather Nelson also brought claims against Santander Consumer USA based on Chapter 427 of the Wisconsin Statutes, Consumer Transactions - Debt Collection.  In passing the Wisconsin Consumer Act, of which the debt collection provisions are a part, the Wisconsin legislature stated some of the purposes of the law include:

(a)  To simplify, clarify and modernize the law governing consumer transactions;

(b)  To protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants;

(c)  To permit and encourage the development of fair and economically sound consumer practices in consumer transactions.


The Wisconsin Consumer Act defines a debt collector to include any person engaging directly or indirectly in debt collection.  Santander Consumer USA is a "debt collector" within the meaning of the Wisconsin Consumer Act.

The Wisconsin Consumer Act defines debt collection as any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer.  Santander Consumer USA is a merchant and Heather Nelson is a customer.  Santander Consumer USA's conduct in this matter is governed by the provisions of Chapter 427 of the Wisconsin Consumer Act.


Wis. Stat. §§ 421.102 and 427.103.

**Plaintiff's Proposed Jury Instruction No. 27**

**Burden of proof for Wisconsin Consumer Act claims**

Heather Nelson must prove her Wisconsin Consumer Act claims by a preponderance of the evidence. This means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all the evidence, regardless of which party presented it.

*Bourjaily v. U.S.,* 483 U.S. 171, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987); *Huddleston v. U.S.,* 485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988).

**Plaintiff's Proposed Jury Instruction Number 28**

**Plaintiff's contentions under the Wisconsin Consumer Act**

Heather Nelson contends that Santander Consumer USA violated the Wisconsin Consumer Act in the following ways:

First, Santander Consumer USA communicated with Heather Nelson or a person related to Heather Nelson with such frequency or in such a manner as could reasonably be expected to threaten or harass Heather Nelson, in violation of Wis. Stat. § 427.104(1)(g).

Second, Santander Consumer USA engaged in conduct which could reasonably be expected to threaten or harass Heather Nelson or a person related to Heather Nelson, in violation of Wis. Stat. § 427.104(1)(h).

Third, Santander Consumer USA claimed, attempted or threatened to enforce a right with knowledge or reason to know the right did not exist, in violation of Wis. Stat. § 427.104(1)(j).

Fourth,  Santander Consumer USA used threatening language in communicating with Heather Nelson or a person related to Heather Nelson, in violation of Wis. Stat. § 427.104(1)(i).

Fifth, Santander Consumer USA initiated communication with Heather Nelson's employer prior to obtaining a final judgment against Heather Nelson, in violation of Wis. Stat. § 427.104(1)(d).


Plaintiff's Second Amended Complaint

**Plaintiff's Proposed Jury Instruction No. 29**

**Wis. Stat. § 427.104(1)(g).**

Threaten or Harass

      The debt collection provisions of the Wisconsin Consumer Act provide that in attempting to collect an alleged debt arising from a consumer credit transaction a debt collector shall not communicate with the customer with such frequency or in such a manner as can reasonably be expected to threaten or harass the customer.

Wis. Stat. § 427.104(1)(g).

**Plaintiff's Proposed Jury Instruction No. 30**

**Wis. Stat. § 427.104(1)(h).**

Other threatening or harassing conduct

The debt collection provisions of the Wisconsin Consumer Act provide that in attempting to collect an alleged debt arising from a consumer credit transaction a debt collector shall not engage in conduct which could reasonably be expected to threaten or harass the customer or a person related to the customer.

Wis. Stat. § 427.104(1)(h).

**Plaintiff's Proposed Jury Instruction No. 31**

**Wis. Stat. § 427.104(1)(j).**

Threaten to enforce a right that does not exist

     The debt collection provisions of the Wisconsin Consumer Act provide that in attempting to collect an alleged debt arising from a consumer credit transaction a debt collector shall not claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

Wis. Stat. § 427.104(1)(j).

**Plaintiff's Proposed Jury Instruction No. 32**

**Wis. Stat. § 427.104(1)(i).**

Threatening language

The debt collection provisions of the Wisconsin Consumer Act provide that in attempting to collect an alleged debt arising from a consumer credit transaction a debt collector shall not use threatening language in communication with the customer or person related to the customer.

Wis. Stat. § 427.104(1)(i).

**Plaintiff's Proposed Jury Instruction No. 33**

**Wis. Stat. § 427.104(1)(d).**

Communication with customer's employer

The debt collection provisions of the Wisconsin Consumer Act provide that in attempting to collect an alleged debt arising from a consumer credit transaction a debt collector shall not initiate communication with the customer's employer prior to obtaining a final judgment against the customer.

Wis. Stat. § 427.104(1)(d).

**Plaintiff's Proposed Jury Instruction No. 34**

**Wis. Stat. § 427.105.**

Actual Damages

      The debt collection provisions of the Wisconsin Consumer Act provide that if a person is injured by a violation of the debt collection provisions, she may recover actual damages and that actual damages shall include damages caused by emotional distress or mental anguish with or without a showing of physical injury. Emotional distress damages can include personal humiliation, upset, anxiety, anger, and embarrassment.

Wis. Stat. § 427.105(1).

**Plaintiff's Proposed Jury Instruction No. 35**

**Wis. Stat. § 425.305**

Illegal repossession

  The Court has already determined that Santander violated Wisconsin law by repossessing Heather Nelson's truck. Heather Nelson is entitled to retain the truck without any obligation to pay any amount and is entitled to recover any money paid pursuant to the transaction.

Wis. Stat. § 425.305.

**Plaintiff's Proposed Jury Instruction No. 36**

**Wis. Stat. § 995.50(2)(a).**

Invasion of Privacy

**WIS JI-CIVIL 2551**

**INVASION OF PRIVACY: HIGHLY OFFENSIVE INTRUSION;**

**WIS. STAT. § 995.50(2)(a)**

Heather Nelson claims that Santander Consumer USA invaded her privacy by repeatedly calling her on her cellular telephone, oftentimes while she was at home, after she requested that the calls cease, by repeatedly calling her at place of employment after she requested that the calls cease, and by coming to her home and engaging in an illegal repossession of her truck.

To prove this claim, Heather Nelson must prove the following three elements:

1. Santander Consumer USA intentionally intruded upon the privacy of Heather Nelson;

2. The intrusion by Santander Consumer USA was of a nature that would be highly offensive to a reasonable person; and

3. The intrusion was in places that a reasonable person would consider private.

One whose privacy is unreasonably invaded is entitled to the following relief: (a) an order from the Court prohibiting the offender from further invasion of privacy, and (b) compensatory damages.

WIS JI-CIVIL 2551

**Plaintiff's Proposed Jury Instruction No. 37**

**Wis. Stat. § 995.50(2)(a).**

Invasion of privacy burden of proof

**WIS JI-CIVIL205**

**BURDEN OF PROOF: MIDDLE**

The burden of proof on question 22 (regarding Ms. Nelson's invasion of privacy claim) rests upon the party contending that the answer to the question should be "yes." The burden is to convince you by evidence that is clear, satisfactory, and convincing, to a reasonable certainty, that "yes" should be the answer to that question. Clear, satisfactory, and convincing evidence is evidence which when weighed against that opposed to it clearly has more convincing power. It is evidence which satisfies and convinces you that "yes" should be the answer because of its greater weight and clear convincing power. "Reasonable certainty" means that you are persuaded based upon a rational consideration of the evidence. Absolute certainty is not required, but a guess is not enough to meet the burden of proof.

WIS JI-CIVIL 205

**Plaintiff's Proposed Jury Instruction No. 38**

**Wis. Stat. §§ 895.446 and 943.20.**

Civil Theft

Heather Nelson claims that Santander Consumer USA, Inc., American Recovery Service and AssetsBiz Corporation committed civil theft. To prove this claim against an individual defendant, Heather Nelson must prove the following by a preponderance of the credible evidence against that defendant:

> The defendant intentionally took and carried away, or retained possession of movable property of another, without the other's consent and with intent to deprive the owner permanently of possession of such property.

Wis. Stat. §§  895.446 and 943.20.

Respectfully submitted,


Dated this 10th day of May, 2013.


<div style="margin-left: 40%;">

s/ Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI  53589
Phone: (608) 873-1270
Fax: (608) 873-0496

**Ivan Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
McFarland, WI  53558
Phone: (608) 852-6702

**ATTORNEYS FOR PLAINTIFF**

</div>