UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

    **Plaintiff,**

v.                                        Civil Case No.:  3:11-cv-307

**SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

    **Defendants.**

**PLAINTIFF'S MOTION IN LIMINE NO. 2 -- MOTION IN LIMINE TO EXCLUDE HEARSAY EVIDENCE BY DEFENDANTS REGARDING RECORDS ALLEGEDLY PRODUCED BY NEUSTAR, INC., OR VERIZON WIRELESS**

Plaintiff requests this Court exclude hearsay evidence by Defendants regarding records allegedly produced by Neustar, Inc., or Verizon Wireless.

**ARGUMENT**

Plaintiff seeks to exclude hearsay evidence by defendants regarding records allegedly produced by Neustar, Inc., in response to a subpoena issued by defendants' counsel, Attorney Gary Caplan.

On February 27, 2013, Plaintiff's counsel was notified that Attorney Gary Caplan, defendants' counsel, served a subpoena on Verizon Wireless, demanding production of documents related to Account No. 385537302-00001, documents that refer or relate to any communications between Verizon Wireless and Raymond Nelson or Heather Nelson, and documents that evidence, refer or relate to cellular telephone records for any account with

1

Raymond Nelson from 2008 to the present. (5/10/13 Affidavit of Mary Catherine Fons ¶ 5 & Exh. A)

On April 11, 2013 plaintiff's counsel received a letter from Attorney Caplan and a disc allegedly containing Verizon records batestamped Verizon 0001 - 3397. (Id., ¶ 6)  Included in the records on the disc was a Declaration Of Custodian of Records on Neustar letterhead, batestamped Verizon 1703. (Id. ,¶ 7 & Exh. B)  Also included in the records on the disc was a 3/20/13 letter on Neustar letterhead allegedly signed by one Juli Servi, batestamped Verizon 1704. (Id. ,¶ 8 & Exh. C)

To date, none of the defendants has provided reasonable written notice that it intends to offer the records allegedly produced by Nesutar, Inc., into evidence during the trial.

Defendants should be excluded from offering the alleged cellular telephone records allegedly produced by Neustar, Inc.—or any documents related to those records—for two reasons: 1) none of the defendants has provided reasonable written notice that it intends to offer the records allegedly produced by Neustar, Inc., into evidence during the trial as required by Federal Rule of Evidence 902(11), and 2) the records do not meet the requirements of Federal Rule of Evidence 803(6), for records of a regularly conducted activity.

### A)  Defendants Failed to Provide Reasonable Written Notice

Federal Rule of Evidence 902(11) provides:

Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that must be signed in a manner that, if falsely made, would subject the signer to criminal penalty under the laws where the certification was signed. *Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record*—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

To date, none of the defendants has provided reasonable written notice that it intends to offer the records allegedly produced by Neustar, Inc., into evidence during the trial as required by Federal Rule of Civil Procedure 902(11). Discovery cutoff is today, May 10, 2013. The trial in this case is scheduled to begin on Monday, June 10, 2013. Because none of the defendants has provided reasonable written notice that it intends to offer the records allegedly produced by Neustar, Inc., into evidence during the trial, and because plaintiff will not have the opportunity to conduct discovery related to the records, the defendants should be prohibited from introducing the alleged telephone records—and all documents related to those records—into evidence at the trial under the Federal Rule of Evidence 902(11), the business records exception.

### B) The Documents do not Meet the Requirements of Federal Rule of Evidence 803(6)

Under Federal Rule of Evidence 803, the following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

> …
> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
>    (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>    (C) making the record was a regular practice of that activity;
>    (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>    (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.
> …

The Defendants should not be able to introduce the records allegedly produced by Neustar, Inc., because the records do not meet the requirements of Federal Rule of Evidence 803(6). The "Declaration of Custodian of Records" on Neustar, Inc., letterhead consists of

nothing more than a parroting of the language of Federal Rule of Evidence 803(6). It simply provides:

> I am a United States citizen and over eighteen (18) years of age. I am acting in behalf of the custodian of records of the business named in the subpoena, or I am otherwise qualified as a result of my position with the business named in the subpoena to make this declaration.
>
> I am in receipt of a Civil Proceeding Subpoena Request served on Verizon Wireless, signed by the Clerk of Court, and requesting specified records of the business named below. Attached to this declaration are records responsive to the subpoena. Pursuant to Federal Rules of Evidence Rules 803(6) (Records of regularly conducted activity) and 902(11) (Certified domestic records of regularly conducted activity), I hereby certify that the records attached to this declaration:
> a) Were made at or near the time of the occurrence of the matters set forth in the records by, or from information transmitted b a person with knowledge of those matters:
> b) Were kept in the course of a regularly conducted business activity; and
> c) Were made by the regularly conducted activity as a regular practice.

(5/10/13 Affidavit of Mary Catherine Fons ¶ 7 & Exh. B)

The Declaration is untrustworthy in multiple respects.

1. Juli Servi does not specifically identify the company she works for—Neustar or Verizon Wireless—in the Declaration. Instead, she simply states that, "I am acting in (sic) behalf of the custodian of records of the business named in the subpoena, or I am otherwise qualified as a result of my position with the business named in the subpoena to make this declaration." On one hand she avers that she is acting on behalf of the custodian of records of the business named in the subpoena, and on the other hand she avers that she is otherwise qualified as a result of position with the business named in the subpoena. These are inconsistent statements.

2. Servi does not identify the identity of the "custodian of records" referred to in the Declaration. Servi does not aver in the Declaration that Neustar is the custodian of records for

4

Verizon Wirelsss, but the Declaration is on Neustar letterhead and Servi's signature appears over the name Neustar in the signature line.

3. Servi does not identify the relationship, if any, between Neustar and Verizon Wireless—two distinct legal entities—in the Declaration. Servi certainly does not identify how Neustar—or an employee of Neustar—can make any averments regarding records allegedly created and maintained by Verizon Wireless, and retrieved from Verizon Wireless' records.

4. Servi does not make any averment in the Declaration regarding her job title, job position or job duties that would allow plaintiff or the Court to determine that Servi is qualified to aver that the records 1) were made at or near the time of the occurrence of the matters set forth in the records by, or from information transmitted by a person with knowledge of those matters; 2) were kept in the course of a regularly conducted business activity; or 3) were made by the regularly conducted activity as a regular practice. Servi provides no information regarding her access to the records produced, provides no information showing she could possibly know the averments she made in the Declaration are true or accurate, and provides no information showing that she knows how Verizon Wireless made the records, kept the records, or that the records were made as a regularly conducted activity of Verizon Wireless.

5. Servi states that she received a subpoena request served on Verizon Wireless, signed by the Clerk of Court, but this is not true. The subpoena for Verizon Wireless records in this case was issued by defendants' counsel, Attorney Gary Caplan, not the Clerk of Court.

6. Servi does not identify what recordkeeping systems she allegedly accessed or what records she allegedly reviewed to make the Declaration. Nor does she identify how those records were compiled, obtained, or maintained.

7. Servi does not identify who made the records, compiled the data, or transmitted the information in the records.

The March 20, 2013 letter—on Neustar letterhead—allegedly signed by Servi and produced along with the Declaration, is also untrustworthy. (5/10/13 Affidavit of Mary Catherine Fons ¶ 8 & Exh. C)

First off, although Servi avers in the letter that Neustar is "a designated agent of Verizon Wireless authorized to respond to subpoenas, search warrants, and court orders for the production of customer and call detail records," it is not signed under oath. Secondly, in the letter, Servi states that the only records that she produced pursuant to Attorney Caplan's subpoena related to "Payment Details" on a particular account. The spot where one would confirm (i.e., place an "X" on) production of subscriber information, monthly statements, incoming calls, outgoing calls, SMS messages, IP traffic related content, records provided on disk, MMS messages, cell sites information, customer notes/comments, or MAC address are all left unchecked. Thus this letter seems to contradict the Declaration, which had thousands of pages of alleged cell phone records attached.

For the foregoing reasons, the Declaration is untrustworthy. Therefore, the Court should exclude this hearsay evidence by defendants regarding telephone records allegedly produced by Neustar, Inc., or Verizon Wireless.

Respectfully submitted this 13th day of May, 2013.

By: s/Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
*Fax*: (608) 873-0496
mfons@chorus.net

6

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone: (608) 852-6702
consumerrightslawoffice@gmail.com

**ATTORNEYS FOR PLAINTIFF**