UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

      **Plaintiff,**

v.                                       Civil Case No.:  3:11-cv-307

**SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

      **Defendants.**

**PLAINTIFF'S MOTION IN LIMINE NO. 4 – MOTION IN LIMINE TO PERMIT PLAINTIFF TO INFORM THE JURY OF FACTS AND CONCLUSIONS OF LAW FOUND BY THE COURT IN ITS MARCH 8, 2013 OPINION AND ORDER AND TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OR MAKING ARGUMENTS THAT WOULD UNDERMINE THOSE FACTS AND CONCLUSIONS OF LAW**

Plaintiff moves the Court for permission to inform the jury of the facts and conclusions of law found by the Court in its March 8, 2013, Opinion and Order, set forth below, and an order precluding defendants from offering evidence or making arguments that would contradict or undermine those facts and conclusions of law.

**ARGUMENT**

In its March 8, 2013, Opinion and Order, the Court made several findings of fact and conclusions of law, including:

1. In 2007 plaintiff obtained credit from HSBC Auto Credit, Inc., to refinance two automobile loans, one for a van and another for a truck. (p. 3, Dkt 141)

1

2. Beginning in March or April 2010 defendant Santander Consumer USA, Inc., began making calls to plaintiff's cellular telephone in an attempt to collect the debt from those loans. (p. 4, Dkt 141)

3. In the calls to plaintiff, efendant Santander Consumer USA, Inc., "demanded" that plaintiff make payments on her loan. (p. 5, Dkt 141)

4. In a letter dated April 13, 2010, plaintiff wrote the following message to defendant Santander Consumer USA, Inc.: "You may not at anytime contact me at any work number listed. This includes [three telephone numbers including plaintiff's cellular telephone][1]. Any conversations need to be addressed in writing." (p. 5, Dkt 141)

5. Defendant Santander Consumer USA, Inc., continued to call plaintiff at the same number after she sent this letter. (pp. 5-6, Dkt 141)

6. In making calls to plaintiff defendant Santander Consumer USA, Inc., used the Aspect telephony system, a computer telephone software system that routes and places inbound and outbound calls. (p. 5, Dkt 141)

7. The Aspect telephony system has the capacity to 1) store telephone numbers and then call them; and 2) perform "predictive dialing" and "preview dialing." (p. 5, Dkt 141)

8. In predictive dialing, the system times the dialing of numbers using an algorithm to predict when an agent will become available to receive the next call. (p. 5, Dkt 141)

9. To facilitate that method of dialing, defendant Santander Consumer USA, Inc., created lists of customer telephone numbers to be called on a particular day.

10. In preview dialing, an employee chooses a telephone number by clicking on a computer screen and the system calls it. (p. 5, Dkt 141)

---

[1] The opinion states "four" but, based on the document, it should be "three."

11. Defendant Santander Consumer USA, Inc.'s employees never called plaintiff by pressing numbers on a keypad. (p. 5, Dkt 141)

12. On May 29, 2010, defendant repossessed plaintiff's truck. (p. 6, Dkt 141)

13. Between March 2010 and April 2011, defendant Santander Consumer USA, Inc., called plaintiff's cellular telephone 1026 times and left 116 prerecorded messages in the voicemail of plaintiff's cellular telephone. (p. 6, Dkt 141)

14. Defendant Santander Consumer USA, Inc., violated 47 U.S.C. § 227 by using an automatic telephone dialing system to call plaintiff on her cellular telephone 1026 times and leaving her 116 prerecorded messages. (p. 31, Dkt 141)

15. Defendant Santander Consumer USA, Inc., violated Wis. Stat. § 425.206 by repossessing plaintiff's truck before giving her proper notice of the right to cure the default. (pp. 31-32, Dkt 141)

16. Defendant Santander Consumer USA, Inc., included provisions in its loan agreements with plaintiff that violated Wis. Stat. §§ 422.204, 422.411 and 422.417. (p. 32, Dkt 141)

To avoid duplicative testimony and evidence, and to avoid the possibility of inconsistent findings of fact (between the Court and the jury), plaintiff should be allowed to inform the jury of the above facts and conclusions of law. Likewise, defendants and their counsel should be prohibited from offering evidence or making arguments that would undermine, or are inconsistent with, the Court's findings of fact and conclusions of law.

Therefore, the Court should allow plaintiff to inform the jury of facts and conclusions of law found by the Court in its March 8, 2013, Opinion and Order, set forth above, and preclude

defendants from offering evidence or making arguments that would contradict or undermine those facts and conclusions of law.

Respectfully submitted this 13th day of May, 2013.

> By: s/Ivan Hannibal
> **Mary Catherine Fons, SBN 1017000**
> FONS LAW OFFICE
> 500 South Page Street
> Stoughton, WI 53589
> Phone: (608) 873-1270
> *Fax*: (608) 873-0496
> mfons@chorus.net
>
> **Ivan J. Hannibal, SBN 1050360**
> CONSUMER RIGHTS LAW OFFICE
> 5908 Running Deer Trail
> Mc Farland, WI 53558-9053
> Phone: (608) 852-6702
> consumerrightslawoffice@gmail.com
>
> **ATTORNEYS FOR PLAINTIFF**