UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

  **Plaintiff,**

v.              Civil Case No.:  3:11-cv-307

**SANTANDER CONSUMER USA, INC.,**
**PATRICK K. WILLIS, CO., INC. d/b/a**
**AMERICAN RECOVERY SERVICE, and**
**ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

  **Defendants.**

**PLAINTIFF'S MOTION IN LIMINE NO. 3 - MOTION IN LIMINE TO PRECLUDE DEFENDANTS AND THEIR COUNSEL FROM INTRODUCING EVIDENCE OF, OR MAKING ARGUMENTS ABOUT, MONETARY DAMAGES THIS COURT HAS ALREADY AWARDED PLAINTIFF**

  Plaintiff requests this Court issue an order barring defendants and their counsel from introducing evidence of, making arguments about, or mention within the hearing of the jury any monetary damages this Court has already awarded plaintiff in its March 8, 2013, Opinion and Order.

**ARGUMENT**

  Under the Federal Rules of Evidence, relevant evidence is admissible unless any of the following provides otherwise: 1) the United State Constitution; 2) a federal statute; 3) the rules of evidence; or 4) other rules prescribed by the Supreme Court.  Federal Rule of Evidence 402. Under Federal Rule of Evidence 402, irrelevant evidence is not admissible.

1

Evidence is relevant if 1) it has any tendency to make a fact more or less probably that it would be without the evidence; and 2) the fact is of consequence in determining the action. Federal Rule of Evidence 401.

A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Federal Rule of Evidence 403.

In its March 8, 2013, Opinion and Order on plaintiff's motion for summary judgment, this Court granted summary judgment to plaintiff on several of her claims. (Dkt 141) In doing so, this Court awarded plaintiff $571,000 in statutory damages under 47 U.S.C. § 227(b)(3)(B) and $1000 in statutory damages under Wis. Stat. § 425.304. (Dkt 141) The amounts awarded plaintiff by the Court in its Opinion and Order are not relevant to the parties' remaining claims or defenses and, therefore, the defendants' and their counsel should be barred from introducing any evidence regarding the monetary awards or making any arguments regarding those monetary awards. The fact that the Court has awarded plaintiff certain amounts thus far will not tend to help prove or disprove any elements of the parties' claims or defenses, or any facts related to the elements the parties must prove to succeed on their claims or defenses in this case.

Furthermore, any evidence presented or arguments made regarding the amounts awarded to the plaintiff in this case by the Court will be prejudicial to plaintiff's claims, in that a jury may deny plaintiff damages on her remaining claims based solely on the amounts already awarded by the Court in its Opinion and Order—instead of the evidence presented at trial. Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury. Therefore, the Court should exclude any evidence or

arguments made regarding the amounts awarded to the plaintiff in this case by the Court, and should prohibit defendants and their counsel from mentioning the awards within hearing of the jury.

Plaintiff is submitting the issue of whether defendant Santander Consumer USA knowingly and willingly violated the provisions of the TCPA as well as the determination of whether treble damages are warranted to the Court. Plaintiff will present additional evidence on those topics solely to the Court.

Respectfully submitted this 13th day of May, 2013.

By: s/Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
*Fax*: (608) 873-0496
mfons@chorus.net

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone: (608) 852-6702
consumerrightslawoffice@gmail.com

**ATTORNEYS FOR PLAINTIFF**