UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**HEATHER NELSON,**

      **Plaintiff,**

v.                                      Civil Case No.:  3:11-cv-307

**SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

      **Defendants.**

---

**PLAINTIFF'S MOTION IN LIMINE NO. 6 -- MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING RAYMOND NELSON'S ARREST HISTORY**

---

Plaintiff requests this Court issue an order prohibiting defendants, defendants' witnesses, and defendants' counsel from offering any evidence, making any reference to, or making any argument related to, Raymond Nelson's arrest history.

## ARGUMENT

In this case, plaintiff anticipates that defendants will seek to introduce evidence of plaintiff's husband, Raymond Nelson's arrest history.  Raymond Nelson has been arrested several times related to arguments between he and plaintiff.  These arrests occurred in 2001, 2006, and 2008.

Under Federal Rule of Evidence 404(b), evidence of "other act[s] is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, evidence of prior bad acts may be admitted to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."   Federal Rule of Evidence 404(b).

1

The Seventh Circuit has developed a four-part test to determine whether evidence of other acts are admissible: (1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value. *Mathis v. Phillips Chevrolet, Inc.*, 269 F. 3d 1771, 775-776, (7th Cir. 2001) (quoting *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494-495 (7th Cir. 1998)).

In this case, Raymond Nelson's arrests have no relevance to the claims or defenses in this case. The only legal issues in this case are whether defendants' actions violated the FDCPA, TCPA, WCA, and invaded plaintiff's right to privacy and whether defendants committed civil theft in attempting to collect two alleged debts. Raymond Nelson's prior arrest history has nothing to do with these issues, so such evidence should not be admissible.

The arrests are also too remote in time to have any relevance to this case. The last arrest occurred two years prior to the events that give rise to the parties' claims in this case.

Alternatively, even if this Court finds that evidence of Raymond Nelson's arrest history is relevant, such evidence would still be unfairly prejudicial, confusing, and misleading to the jury under Federal Rule of Evidence 403 and 404(b). If defendants attempt to introduce such evidence, they would unfairly prejudice Raymond Nelson's—and by implication—plaintiff's character by inferring that he and plaintiff are somehow bad people for incidents that occurred in the past. Defendants could also attempt to mislead and confuse the jury by trying to take the jury's focus off of the issues in the present case and place the jury's focus instead onto Raymond Nelson's arrest history. Defendant's attempt to introduce evidence of Raymond Nelson's prior

offenses is nothing more than a veiled attempted to interject irrelevant, prejudicial, and inflammatory evidence before the jury, and therefore, any such evidence should be excluded.

Respectfully submitted this 13th day of May, 2013.

By: s/Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
*Fax*: (608) 873-0496
mfons@chorus.net

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone: (608) 852-6702
consumerrightslawoffice@gmail.com

**ATTORNEYS FOR PLAINTIFF**
