UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

      **Plaintiff,**

v.                                                  Civil Case No.:  3:11-cv-307

**SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

      **Defendants.**

**PLAINTIFF'S MOTION IN LIMINE NO. 7 – MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM USING IMPROPER AND PREJUDICIAL TACTICS AGAINST PLAINTIFF'S CHARACTER**

Plaintiff moves this Court to preclude defendants from using improper and prejudicial tactics against plaintiff's character.

**ARGUMENT**

Improperly vilifying a plaintiff's character and inflammatory or prejudicial arguments are typical in FDCPA, WCA and invasion of privacy cases. However, the Plaintiff's character is not an issue in this case, nor is it related to any claim or defense.  In fact, direct or implied attacks on the plaintiff are improper.  See Federal Rule of Evidence 401, 403, 404.  As such, plaintiff moves the Court to preclude defendants  from denigrating or maligning plaintiff as an individual and otherwise using prejudicial and improper tactics. The only legal issues in this case are whether defendants' actions violated the FDCPA, the WCA and plaintiff's right to privacy, and if defendants committed civil theft, in attempting to collect consumer debts. defendants' examination of plaintiff and arguments therefore should be limited only to defending the legal issues in this case.

Defendants should be prohibited from using the "deadbeat" argument. "One of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are deadbeats." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1697. Despite this congressional finding, defense counsel may claim that, by bringing an FDCPA action, plaintiff seeks to immunize herself from the collection process by bringing this action and the natural, legitimate consequences of nonpayment of debt. Such a claim, however, is immaterial and speculative. Bringing an FDCPA, WCA or invasion of privacy enforcement action does not immunize anyone from the underlying debt.

This case involves the actions and inactions of defendants while they were attempting to collect debts. As the 7th Circuit Court of Appeals has noted, "No section of the [FDCPA] requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1330 (7th Cir. 1997).

Congress itself recognized the kind of thinking that would label beneficiaries of debt collection legislation as "deadbeats" as a fallacy. Therefore, any suggestion that plaintiff's motives in bringing this action were to avoid the payment or other ramifications of the alleged debts are improper, prejudicial, and must be avoided. Defendants should be precluded from making any "deadbeat" claims or comments. Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury.

*See* Fed. R. Evid. 403, 404, 608, 802. As such, defendants should be prohibited from making any negative reference to plaintiff's character

    Respectfully submitted this 13th day of May, 2013.

                                               By: s/Ivan Hannibal
                                               **Mary Catherine Fons, SBN 1017000**
                                               FONS LAW OFFICE
                                               500 South Page Street
                                               Stoughton, WI  53589
                                               Phone: (608) 873-1270
                                               *Fax*: (608) 873-0496
                                               mfons@chorus.net

                                               **Ivan J. Hannibal, SBN 1050360**
                                               CONSUMER RIGHTS LAW OFFICE
                                               5908 Running Deer Trail
                                               Mc Farland, WI 53558-9053
                                               Phone:  (608) 852-6702
                                               consumerrightslawoffice@gmail.com

                                               **ATTORNEYS FOR PLAINTIFF**