UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

      **Plaintiff,**

v.                                                     Civil Case No.: 3:11-cv-307

**SANTANDER CONSUMER USA, INC.,**
**PATRICK K. WILLIS, CO., INC. d/b/a**
**AMERICAN RECOVERY SERVICE, and**
**ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

      **Defendants.**

**PLAINTIFF'S MOTION IN LIMINE NO. 8 -- MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AS TO THE EXISTENCE OF PLAINTIFF'S ALLEGED DEBTS**

Plaintiff moves the Court to preclude defendants from offering any evidence of the existence of any debt alleged to be owed by plaintiff.

**ARGUMENT**

Similar to the deadbeat argument discussed above in Plaintiff's Motion in Limine No. 7, is any argument by defendants as to the existence of plaintiff's debts. Defendants are required to comply with the FDCPA whether or not any debt is owed. *See* 15 U.S.C. §1692a(3),(5),(6). The existence or validity of an underlying debt is not material in an FDCPA action. *See McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992)*; Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982). Defendants should not be allowed to examine or refer to the underlying debt, other than to acknowledge that there was a debt allegedly owed, nor to the fact that the debt may still be owed, nor should they be permitted to refer to any other debts allegedly owed by plaintiff, either now or in the past. If defendants address these issues, they will only serve to prejudice and confuse the jury with regard to the legal issues in this case. Additionally, plaintiff's debt is

irrelevant to the only issues in this case, those are whether defendants' actions violated the FDCPA, WCA and plaintiffs' right to privacy and whether defendants committed civil theft when they repossessed Nelson's truck in attempting to collect a consumer debt.

The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Whether or how much plaintiff actually owed on the debt is not a factor in the jury's deliberations. Debt collectors must comply with the FDCPA whether plaintiff owed the underlying debts or not. Therefore, a jury may not consider whether the debt was owed or how much may have been owed when determining whether the debt collectors violated the FDCPA. *See Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Such references have no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues or misleading the jury. *See* Fed. R. Evid. 403, 404, 608, 802; *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Haynes v. Coughlin*, 79 F.3d 285, 291-93 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); *McKee v. Erikson*, 37 Conn. App. 146, 152-53, 654 A.2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the jury system).

As such, plaintiff respectfully requests that defendants be prohibited from making any reference to the existence and/or amount of plaintiff's debts.

Respectfully submitted this 13th day of May, 2013.

>By: s/Ivan Hannibal
>**Mary Catherine Fons, SBN 1017000**
>FONS LAW OFFICE
>500 South Page Street
>Stoughton, WI 53589
>Phone: (608) 873-1270
>*Fax*: (608) 873-0496
>mfons@chorus.net
>
>**Ivan J. Hannibal, SBN 1050360**
>CONSUMER RIGHTS LAW OFFICE
>5908 Running Deer Trail
>Mc Farland, WI 53558-9053
>Phone: (608) 852-6702
>consumerrightslawoffice@gmail.com
>
>**ATTORNEYS FOR PLAINTIFF**