UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

      **Plaintiff,**

v.                                          Civil Case No.: 3:11-cv-307

**SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

      **Defendants.**

## PLAINTIFF'S MOTION IN LIMINE NO. 9 – MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM USING IMPROPER AND PREJUDICIAL TACTICS AGAINST PLAINTIFF'S MOTIVES

Plaintiff moves this Court to preclude defendants from using improper and prejudicial tactics against plaintiff's motives.

### ARGUMENT

The FDCPA relies on and encourages consumers, such as plaintiff, to act as private attorneys general to enforce the public policies expressed therein. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994); 15 U.S.C. 1692k(a). Congress has stated its unequivocal intent "that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). Further, Congress intended that the FDCPA be enforced by private attorneys general. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994).

Here, defense counsel may attempt to inflame or provoke the jury by claiming that plaintiff is only in this case "for the money." However, by denigrating the motives of plaintiff,

defendants contravene Congress' express intent that persons such as Plaintiff perform the functions of private attorneys general.

Thus, plaintiff's motives are immaterial and any speculation about them by defense counsel is improper, prejudicial, and must be avoided. Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury. *See* Federal Rule of Evidence 403, 404, 608, 802.

Plaintiff respectfully requests that Court grant her motion to preclude defendants and their counsel from using improper and prejudicial tactics against plaintiff's motives, and to restrict the evidence and arguments to the relevant issues (whether defendants' actions violated the FDCPA, the WCA and plaintiff's right to privacy and whether defendants committed civil theft), to prevent severe prejudice to plaintiff.

Respectfully submitted this 13th day of May, 2013.

By: s/Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
*Fax*: (608) 873-0496
mfons@chorus.net

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone: (608) 852-6702
consumerrightslawoffice@gmail.com

**ATTORNEYS FOR PLAINTIFF**