UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

        **Plaintiff,**

v.                                        Civil Case No.:  3:11-cv-307

**SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

        **Defendants.**

**PLAINTIFF'S MOTION IN LIMINE NO. 10 – MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO THE AVAILABILITY OF AN AWARD OF ATTORNEY'S FEES TO PLAINTIFF**

Plaintiff moves this Court for an Order that defendants, including their witnesses and attorneys, shall not reference, suggest, or mention, within the hearing of the jury, the availability of an award of attorney's fees to plaintiff should she succeed in this litigation.

**ARGUMENT**

At the end of the case, if plaintiff prevails on one or more or her claims that have cost and fee-shifting provisions, the Court must determine how much to award plaintiff in costs and attorneys' fees.  The amount of the award is a determination solely for the Court.  There is no jury issue.  Defendants should be precluded from mentioning or suggesting that plaintiff will or may get paid money for costs and attorney's fees.  It is unrelated to all issues before the jury and its introduction could mislead or confuse the jury or unfairly prejudice plaintiff's case.

The danger of permitting the jury to hear evidence of attorney's fees was discussed by the Ninth Circuit Court of Appeals in *Brooks v. Cook*, 938 F.2d 1048, 1050 (9th Cir. 1991).  In that case, a civil rights action brought under § 1983, the court of appeals held:

1

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are nominal, there is a risk that the jury may believe that the 'harm' does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees.

*Id*.

As such, this Court should prevent defendants from introducing any evidence related to the availability of an award of costs and attorney's fees. Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury.

An award of attorney's fees under the Wisconsin Consumer Act is also a matter for the judge, not the jury. *See, e.g.,* Wis. Stat. § 425.308 (the Wisconsin Consumer Act statute mandating an award of attorney's fees to a successful consumer to be "determined by the court"); *Reusch v. Roob*, 234 Wis. 2d 270, 292, 610 N.W.2d 168, 179, 2000 Wis. App. ¶ 36 (Ct. App. 2000) (attorney's fees under Wisconsin Consumer Act are not damages).

Plaintiff respectfully requests that the Court grant plaintiff's motion in limine directing defendants' witnesses and attorneys not to mention the availability of costs and attorneys' fees in the presence of the jury.

Respectfully submitted this 13th day of May, 2013.

> By: s/Ivan Hannibal
> **Mary Catherine Fons, SBN 1017000**
> FONS LAW OFFICE
> 500 South Page Street
> Stoughton, WI  53589
> Phone: (608) 873-1270
> *Fax*: (608) 873-0496
> mfons@chorus.net

2

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone:  (608) 852-6702
consumerrightslawoffice@gmail.com

**ATTORNEYS FOR PLAINTIFF**