UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

   Plaintiff,

v.              Civil Case No.: 3:11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

   Defendants.

**PLAINTIFF'S MOTION IN LIMINE NO. 12 – MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR FINANCIAL MATTERS, INCLUDING PREVIOUS COLLECTION LAWSUITS, PREVIOUS REPOSSESSION ACTIONS, AND A BANKRUPTCY ACTION**

  Plaintiff moves this Court to exclude any evidence offered by defendants regarding plaintiff's' prior financial matters, including any previous collection lawsuits, previous repossession actions, and a nine-year old bankruptcy action.

**ARGUMENT**

  Defendants asked questions at depositions in this case regarding plaintiff's financial matters other than the alleged debts to HSBC/Santander, and have indicated their intention to present evidence on these topics.

  Evidence of plaintiff's prior collection lawsuits, previous repossession actions and a past bankruptcy action is not only irrelevant to the current case, but it is extremely prejudicial and is likely to confuse and mislead the jury. As such, this Court should exclude any evidence defendants' seek to offer regarding plaintiffs' financial matters outside the dealings with HSBC and Santander. The only legal issues in this case are whether defendants' actions violated the

1

FDCPA, the WCA and plaintiff's right to privacy in attempting to collect consumer debts and whether defendants committed civil theft when they repossessed plaintiff's truck. Defendants' examination of plaintiff or other witnesses and arguments therefore should be limited only to defending the legal issues in this case.

Federal Rules of Evidence 402 provides that "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." *See Physician Care, P.C. v. Caremark, Inc.*, 16 F.Supp.2d 806, 812 (E.D. Mich. 1998); *see also Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994)("Only relevant evidence may be admitted at trial."). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Physician Care, P.C.*, 16 F.Supp.2d at 811 (quoting Federal Rule of Evidence 401). However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence 403; *see also Cobbins v. Tennessee Dept. of Transp.*, 566 F.3d 582 (6th Cir. 2009) (holding evidence of plaintiff's prior case was inadmissible as irrelevant and more prejudicial than probative). Here, evidence of plaintiff's prior collection lawsuits, previous repossession actions and a nine-year old bankruptcy is irrelevant and prejudicial. Therefore, all evidence on these topics should be excluded as such.

Alternatively, even if this Court finds that evidence of any of plaintiff's prior collection lawsuits, or previous repossession actions, or the nine-year old bankruptcy action, is relevant, such evidence would still be unfairly prejudicial, confusing, and misleading to the jury. *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Haynes v. Coughlin*, 79 F.3d 285, 291-93 (2d Cir. 1996)

(evidence of other similar incident inadmissible and prejudicial); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party);  If defendants attempt to introduce evidence of plaintiffs' prior collection lawsuits, or previous repossession actions, or the nine-year old bankruptcy action, they would unfairly prejudice plaintiff's character by inferring that she is somehow a bad person for having been involved in previous financial collection activities.  The introduction of prior lawsuits against plaintiff would require min-trial as to the facts of those lawsuits.  Further, the jury's focus would be taken off of the issues in the present case and they would be confused by evidence of other lawsuits.

Defendants' attempt to introduce evidence of plaintiffs' prior collection lawsuits, or previous repossession actions, or the nine-year old bankruptcy action, is nothing more than a veiled attempted to interject irrelevant, prejudicial, and inflammatory evidence before the jury, and therefore, any such evidence should be excluded.

Respectfully submitted this 13th day of May, 2013.

By: s/Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI  53589
Phone: (608) 873-1270
*Fax*: (608) 873-0496
mfons@chorus.net

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone:  (608) 852-6702
consumerrightslawoffice@gmail.com

-                             **ATTORNEYS FOR PLAINTIFF**

3