UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

      Plaintiff,

v.                                                                           Civil Case No.:  3:11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

      Defendants.

**PLAINTIFF'S MOTION IN LIMINE NO. 13 – MOTION IN LIMINE TO EXCLUDE ALL DOCUMENTS AND OTHER EVIDENCE PRODUCED BY SANTANDER AFTER THE MAY 1, 2013 CONTINUED RULE 30(b)(6) DEPOSITION OF SANTANDER**

Plaintiff moves the Court to preclude Santander Consumer USA from offering all documents and other evidence that it has had in its possession and failed to provide to plaintiff until after the May 1, 2012 continued deposition of Santander.

## ARGUMENT

Plaintiff served a second set of discovery requests on Santander on June 14, 2012. Counsel for the parties engaged in multiple discovery dispute conferences regarding Santander's failure to respond to many of the discovery requests. 10/3/12 Affidavit of Mary Catherine Fons. (Dkt. 55)  The parties were unable to resolve many of the disputes and plaintiff filed a motion to compel responses to many of the requests with the Court. (Dkt. 53 )  On  October 17, 2012 the Court, Judge Crocker presiding, denied the motion to compel without prejudice and provided the parties with instructions on how to narrow the issues before returning to the Court with a more limited motion to compel.  (Dkt. 61)

1

On November 28, 2012, plaintiff conducted a deposition of Santander pursuant to FRCP 30(b)(6). (11/28/12 Deposition of Wayne Nightengale)  It became apparent at the November 28, 2012 deposition that Santander had possession of, but had not provided to plaintiff, many documents that had been requested in plaintiff's June 14, 2012 set of discovery requests.  (*Id.*, See, e.g. 50:21 – 54:9 (Santander retains all documents on a consumer's account including contracts and correspondence in its Optika file, and he had not reviewed the Optika file on plaintiff to see if we had been given all the contents); 71:15 – 73:2 (witness had reviewed complete purchase agreements between HSBC and Santander but had not produced them to plaintiff); 159:2-8 (Santander had produced notices of right to cure default it claimed to have sent on van but not truck); 373:10-14 (faxes from Nelson and correspondence had not been produced)  For that reason plaintiff's counsel continued the deposition until a date after which plaintiff would have received all the documents and materials previously requested from Santander. (Id., 392:23 – 393:4)

On December 27, 2012 Santander produced 652 pages of new documents to plaintiff that had been requested in the June 2012 set of discovery requests. (1/15/13 Affidavit of Mary Catherine Fons ¶ 5, 11-16; Dkt. 85).   On January 4, 2013 at 5:37 p.m. Santander produced approximately 175 more pages of new documents to plaintiff that had been requested in the June 2012 set of discovery requests. (*Id.*, and ¶ 6) Santander provided the documents on January 4, 2013 apparently because it intended to use some of the documents to support its January 7, 2013 motion for summary judgment. (Id., ¶¶ 5-19)   Those documents had also been previously requested by plaintiff in June of 2012. (Id.)

2

The parties agreed that, since Santander had not produced a multitude of documents that had been requested months before the November 28, 2012 deposition, the deposition of Santander's Rule 30(b)(6) witness would continue. The parties eventually set the continuing deposition of the Santander Rule 30(b)(6) witness for May 1, 2013 in order to complete all testimony.

Now, *after the May 1, 2013 deposition was completed*, Santander has produced yet more documents that had previously been requested by plaintiff. Plaintiff now has no opportunity to question Santander's representative about the new documents. In addition, Santander's counsel has sent the documents simply attached to an email, not in the form of a supplemental discovery response, or with any explanation by Santander of what the newly produced documents are, or too which discovery request they respond to.

Specifically, on May 7, 2013 at 6:03 p.m. Rosede Olson, an assistant to Santander's counsel emailed documents Batestamped SCUSA 5045 – 5118 to plaintiff's counsel for the first time. On its face the document is labeled "Asset Purchase Agreement" and it is dated November 9, 2009. These are documents that have clearly been in Santander's possession during the entirety of this lawsuit. The document appears to be responsive to plaintiff's discovery requests made June 14, 2012 specifically plaintiff's Document Request No. 31 to Santander which sought "The purchase and/or assignment agreement between HSBC and Santander which evidences the transfer, sale or agreement of Plaintiff's account to Santander by HSBC, and/or which evidences that HSBC gave Santander the right to service Plaintiff's account or conduct collection activities related to Plaintiff's account." (1/15/13 Affidavit of Mary Catherine Fons ¶ 11; Dkt. 85)

Then, on May 8, 2013 at 6:48 p.m. Santander's counsel emailed what is labeled a zip drive (no title or identification on it) which includes lists of numbers and Santander's counsel

identified it in the email as account numbers that Santander purchased from HSBC. This information is not attached to any document or identified in the text of the materials in any way. Santander did not provide this information in the form of a supplemental discovery response indicating that it responded to any particular discovery request. And again, there is no longer time for plaintiff to be able to question Santander's Rule 30(b)(6) witness about whatever the material is. This unidentified, confusing, unauthenticated, late-produced material should be excluded under Federal Rule of Evidence 401 and 403. The material as presented, as unclear as it is, should also be excluded under Federal Rule of Evidence 802 as hearsay.

Santander cannot argue that its failure to provide the documents was harmless. plaintiff has been unfairly surprised by defendant's last-minute, unauthenticated, confusing materials. Plaintiff did not have the opportunity to examine Santander's Rule 30(b)(6) witness on these materials either at the November 28, 2012 deposition or at the May 1, 2013 continuation of that deposition caused by Santander's withholding documents other previously requested.

Plaintiff has also been unfairly prejudiced by these untimely disclosures. "Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence 403; *see also Cobbins v. Tennessee Dept. of Transp.*, 566 F.3d 582 (6th Cir. 2009). Santander's newly produced materials should be excluded.

Finally, if Santander continues to produce new materials that it has had in its possession after today, plaintiff asks the Court to exclude the use of any such additional late-produced documents by Santander.

Respectfully submitted this 13th day of May, 2013.

> By: s/Ivan Hannibal
> **Mary Catherine Fons, SBN 1017000**
> FONS LAW OFFICE
> 500 South Page Street
> Stoughton, WI 53589
> Phone: (608) 873-1270
> *Fax*: (608) 873-0496
> mfons@chorus.net
>
> **Ivan J. Hannibal, SBN 1050360**
> CONSUMER RIGHTS LAW OFFICE
> 5908 Running Deer Trail
> Mc Farland, WI 53558-9053
> Phone: (608) 852-6702
> consumerrightslawoffice@gmail.com
>
> **ATTORNEYS FOR PLAINTIFF**

5