UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

        Plaintiff,

v.                                                        Civil Case No.:  3:11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS, CO., INC. d/b/a
AMERICAN RECOVERY SERVICE, and
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

        Defendants.

**PLAINTIFF'S MOTION IN LIMINE NO. 14 – MOTION IN LIMINE TO EXCLUDE ANY WITNESSES NOT IDENTIFIED IN DEFENDANTS RULE 26(a)(1) DISCLOSURES OR IN RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS AND TO EXCLUDE THE USE BY SANTANDER OF ANY TESTIMONY OF ALL COLLECTORS IDENTIFIED BY SANTANDER AS HAVING WORKED ON NELSON'S ACCOUNTS**

Plaintiff moves the Court to preclude (1) any of the defendants from offering testimony from any witnesses defendants have not already named or identified in their Rule 26(a)(1) disclosures; (2) any defendant from offering testimony from any witness not identified in response to plaintiff's discovery requests asking for the identification of individuals with information pertaining to the facts in this case; and (3) any defendant from offering testimony from the collectors Santander identified in response to Interrogatory No. 6, as having worked on plaintiff's accounts.

### ARGUMENT

Plaintiff moves the court to preclude defendants from offering testimony from any witnesses defendants have not already named in their Rule 26(a)(1) disclosures or identified in response to plaintiff's discovery requests asking for the identification of individuals with

1

information pertaining to the facts in this case. Allowing testimony from as yet unidentified fact witnesses would be prejudicial to plaintiff, as she would not have had the opportunity to conduct discovery of those individuals. Federal Rule of Evidence 403.

In addition, plaintiff's Interrogatory No. 6 asked Santander to "identify all persons known to Santander who have personal knowledge of any facts or issues involved in this lawsuit.. . ." (Plaintiff's Brief in Support of Motion to Compel Discovery Responses To Her First and Second Set of Discovery Requests, at 9-10; Dkt. 9)  One of the topics on the Rule 30(b)(6) deposition notice to Santander included all the communications between Nelson and Santander. (11/28/12 Deposition of Wayne Nightengale Exhibit 1, No.2)  At the November 28, 2012 deposition, plaintiff questioned Santander's Rule 30(b)(6) witness about what information it gathered from any of the debt collectors who worked on Nelson's accounts. Santander's witness testified that Santander had not asked any of the debt collectors for information about plaintiff's accounts. (Id. 23: 1-18) Santander must not be allowed to offer testimony from any of those individuals now, after it chose not to try to gather the information in preparation for the Rule 30(b)(6) deposition on that topic.  Allowing such testimony would be prejudicial to plaintiff as she properly conducted discovery to find out any information those would individuals may have, and Santander chose to deny her that information at the Rule 30(b)(6) deposition.  Federal Rule of Evidence 403.

Respectfully submitted this 13th day of May, 2013.

By: s/Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI  53589
Phone: (608) 873-1270
*Fax*: (608) 873-0496
mfons@chorus.net

2

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone:  (608) 852-6702
consumerrightslawoffice@gmail.com

- **ATTORNEYS FOR PLAINTIFF**

3