UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**HEATHER NELSON,**

       **Plaintiff,**

v.                                                        Civil Case No.:  3:11-cv-307

**SANTANDER CONSUMER USA, INC.,**
**PATRICK K. WILLIS, CO., INC. d/b/a**
**AMERICAN RECOVERY SERVICE, and**
**ASSETSBIZ CORP. d/b/a ABC RECOVERY,**

       **Defendants.**

**PLAINTIFF'S MOTION IN LIMINE NO. 15 – MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SANTANDER'S COUNTERCLAIM**

Plaintiff moves the Court to preclude Santander from offering seven particular categories of evidence in support of its Counterclaim.

**ARGUMENT**

On May 5, 2012 Santander filed *Santander Consumer USA, Inc.'s Counterclaim* in this action. (Dkt. 37) Santander included four Counts against Nelson: Count I – BREACH OF CONTRACT regarding Nelson's van loan account; Count II – BREACH OF SECURITY AGREEMENT/REPLEVIN regarding Nelson's van; Count III – BREACH OF CONTRACT regarding Nelson's truck loan account; and Count II [sic] – BREACH OF SECURITY AGREEMENT/REPLEVIN regarding Nelson's truck. (Id., ¶¶ 18 – 37)  Plaintiff moves the Court to preclude Santander from offering evidence in support of its Counterclaim as set forth below.

First, the Court has already ruled that Santander violated Wis. Stat.  § 425.206(1) by failing to meet any of the requirements in that provision before taking possession of plaintiff's

1

Truck. March 8, 2013 *Opinion and Order* at 24 -25. (Dkt. 141) This Court noted that a violation of Wis. Stat. § 425.206(1) may be remedied under Wis. Stat. § 425.305, which provides that the customer retain the goods without obligation to pay any amount and shall be entitled to recover any sums paid pursuant to the transaction. (Id.) Therefore, Santander should be precluded from offering any evidence to support the breach of contract claim or replevin claim for plaintiff's truck (i.e. Counterclaim Count III – BREACH OF CONTRACT regarding Nelson's truck loan account; and Count II [sic] – BREACH OF SECURITY AGREEMENT/REPLEVIN regarding Nelson's truck).

Second, plaintiff asked in her first set of discovery requests for "All documents relating to any attempts to repossess a vehicle from Nelson" and "All documents that relate to any letters, faxes, emails, or any other written communication sent by Santander in an attempt to collect a debt from Nelson." Plaintiff's First Set of Request for the Production of Documents Nos. 3 and 6. Wis. Stat. §§ 425.104 and 425.105 mandate that a notice of right to cure default with particular contents be sent to a customer before a merchant can sue on a debt. Wis. Stat. 425.203(1) requires that a merchant wait to commence an action to recover collateral until after the expiration of the period for cure of default. Plaintiff moves the Court to preclude Santander from offering into evidence any Notice of Right to Cure Default which it has not already produced in discovery in this matter to avoid any confusion or surprise and prejudice to Plaintiff. Federal Rule of Evidence 403.

Third, Santander is seeking to enforce a security interest in Nelson's van based on the loan contract between plaintiff and HSBC. Santander Consumer USA Inc., Counterclaim ¶¶ 5, 8, 9, 24 – 27. (Dkt. 37) This Court has found that the security interest provision of that contract violates Wisconsin law. March 8, 2013 *Opinion and Order* at 27. (Dkt. 141) Therefore,

Santander is seeking to enforce a security interest provision that this Court has found to be illegal. Plaintiff moves the Court to preclude any evidence in support of a security interest that the Court has found to be illegal. Plaintiff further moves the Court to preclude defendants from offering any evidence regarding any additional security interest in plaintiff's van that it has not already provided to Nelson in discovery in this case to avoid any confusion or surprise and prejudice to plaintiff. Federal Rule of Evidence 403.

Fourth, in its Counterclaim, Santander seeks to recover its reasonable attorneys' fees from Nelson pursuant to the terms of the loan agreements between plaintiff and HSBC. Santander Consumer USA Inc., Counterclaim ¶ 17 . (Dkt. 37) This Court has found that the term included in the loan contracts which calls for the customer to pay HSBC's attorney fees violates Wis. Stat. § 422.411. March 8, 2013 *Opinion and Order* at 27. (Dkt. 141) Therefore, Santander is seeking to enforce a provision of the HSBC contracts that this Court has found to be illegal. Plaintiff moves the Court to preclude any evidence to support a request made pursuant to an illegal attorney fee provision in the HSBC contracts.

Fifth, Santander filed its Counterclaim for replevin in this Court, without having followed the mandatory procedures for a Wisconsin replevin set forth in Wis. Stat. §§ 425.205 and Wis. Ch. 799. Two examples of Santander's non-compliance are that Santander did not file a summons in compliance with § 425.205(1)(b) nor a complaint in compliance with § 425.205(1)(b) and (3) and § 425.109. Plaintiff moves the Court to preclude Santander from offering evidence in support of a counterclaim which was not filed in accordance with Wisconsin law.

Sixth, Santander should be precluded from presenting evidence seeking both breach of contract damages and replevin of the van. If a merchant repossesses a vehicle, a customer is not

liable for any deficiency on the loan amount unless and until the merchant has disposed of the vehicle in a commercially reasonable manner. Wis. Stat. § 425.209. Therefore, Santander must first only present evidence of its right to repossess the van, and then, if it obtains a judgment of replevin, and then proves to the appropriate Court that it disposed of the van in a commercially reasonable manner, it can seek a deficiency judgment. Plaintiff moves the Court to preclude Santander from presenting evidence on any breach of contract damages from Plaintiff related to her van loan.

Seventh, Santander should be precluded from presenting any evidence regarding any debt plaintiff may have had. The existence or validity of an underlying debt is not material in an FDCPA action. *See McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992)*; Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982). Therefore, if Santander is allowed to present any evidence that plaintiff allegedly owes any amount to Santander, plaintiff's FDCPA claims will be compromised as such evidence is immaterial and will confuse the jury and prejudice plaintiff. See Federal Rule of Evidence 403.

Respectfully submitted this 13th day of May, 2013.

By: s/Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
*Fax*: (608) 873-0496
mfons@chorus.net

**Ivan J. Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
Mc Farland, WI 53558-9053
Phone: (608) 852-6702
consumerrightslawoffice@gmail.com

-      **ATTORNEYS FOR PLAINTIFF**