UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

HEATHER NELSON,

    Plaintiff,

        v.                          Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,        Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

---

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S RULE 26(A)(3)**
**DISCLOSURES AND PRELIMINARY ISSUES**

Defendant Santander Consumer USA, Inc. ("Santander") Patrick K. Willis Co., Inc., d/b/a American Recovery Service ("ARS"), and AssetsBiz Corp. d/b/a ABC Recovery ("AssetsBiz" and with Santander and ARS, "Defendants"), by their attorneys, and pursuant to this Court's Preliminary Pretrial Conference Order, hereby responds to Plaintiff's Rule 26(a)(3) disclosures and preliminary issues.

    **A.**    **Preliminary Issues**

        1.    <u>Length of trial</u>.  Defendants agree with Plaintiff that the probable length of trial is likely to be five full trial days and not the previously estimated three days.

        2.    <u>Treble damages under the TCPA</u>.  Santander agrees with Plaintiff that both the determination of whether Santander "willfully or knowingly" violated the TCPA, and whether to treble the statutory damages already awarded to Plaintiff on summary judgment are issues properly for the Court, not the jury, to decide at trial pursuant to 47 U.S.C. 227(b)(3). Accordingly, Santander, like Plaintiff, did not submit jury instructions or a verdict form related

to Plaintiff's request for treble damages under the TCPA. Santander does dispute, however, the "willfully or knowingly" definition offered by Plaintiff.

Neither the TCPA nor the FCC have defined the terms "willfully or knowingly" as found in 227(b)(3), and courts that have addressed the issue are split on how the terms are defined. Some courts have held that the TCPA is willfully or knowingly violated only when a defendant knows of the TCPA's prohibitions and knows, or should have known, that his conduct would violate the Act. *State of Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001) (interpreting the analogous damage provision found in 227(f)(1) and holding that the FCC "has interpreted 'willful or knowing' under the Telecommunication Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute.") *citing In re Intercambio, Inc.*, 3 F.C.C.R. 7247, 1988 WL 486783 (F.C.C. 1988); *Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W. 3d 342, 346 (Tex. Ct. App. 2004) (TCPA is willfully or knowingly violated when "defendant knows of the TCPA's prohibitions, knows he does not have permission to send a fax ad to the plaintiff, and sends it anyway."); *Adamcik v. Credit Control Services, Inc*., 832 F.Supp. 2d 744, 754-55 (W.D. Tex. 2011) (defendant did not willfully or knowingly violate TCPA when evidence supported a finding at most of negligent conduct in calling plaintiff); *Silbaugh v. Omni Credit*, No. ELH-11-1387, 2012 WL 294870, at *3 (D. Md. Jan. 31, 2012) (refusing to find willful or knowing violation under 227(b)(3) absent evidence that defendant had knowledge that the number called was a cellphone) *adopted by Silbaugh v. Omni Credit Services of Florida, Inc*., No. ELH-11-01387, 2012 WL 612480, at * 1 (D. Md. Feb. 23, 2012).

Other courts have held that a defendant willfully or knowingly violates the Act if the calls are made "intentionally" without regard to knowledge that the conduct was or could be violative

of the Act.  *Sengenberger v. Credit Control Servs., Inc.*, No. 09-C-2796, 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010) (finding willfully and knowingly to mean mere intentional conduct irrespective of any intent to violate the statute); *Dubsky v. Advanced Cellular Commc'ns, Inc.*, No. 03-CV-652, 2004 WL 503757, at *2, (Ohio Ct. Com. Pl. Feb. 24, 2004) (citing 47 U.S.C. 312(f)(1) and finding "willfully" to mean that the "defendant acted voluntarily, and under its own free will, and regardless of whether the defendant knew that it was acting in violation of the statute."); *Bridgeview Health Care Center, Ltd. v. Clark*, No. 09 C 5601, 2013 WL 1154206, at *7 (N.D. Ill. Mar. 19, 2013) (same).

Plaintiff urges this Court to adopt the broader standard that the calls need only be intentional to qualify as a willfully or knowingly made violation under the Act and, hence, award her treble damages.  Adopting that standard would render the statutory language that requires a "willfully or knowingly" violation of the TCPA superfluous.  Courts should not interpret a statute in a way that would "lead to absurd results, or contravene clearly expressed legislative intent."  *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006)

The interpretation proposed by the Plaintiff (and that found in her case law) completely reads out the limiting language that Congress included as the trigger for that particular conduct justifying treble damages, and it results in a strict liability framework with every call automatically deemed a willful or knowing violation.  This is an absurd result that is not supported by the plain language of 227(b)(3).

If Congress had intended the words "willfully or knowingly" violated to be synonymous with "intentionally" violated then it could have easily used that one word in 227(b)(3) instead of the two that it chose in its place.  And if Congress had intended that treble damages be available as a result of mere "intentional" conduct, then it only needed to specify one damage amount in

the statute, not the two-step tiered approach that it actually implemented. Any interpretation that equates a violation made "willfully or knowingly" with one that is "intentional or voluntary" renders the statute's distinction between the two types of violations, and their corresponding penalties, moot. After all, how could a telephone call, at least one made in violation of the TCPA, ever be deemed to be anything other than voluntarily made? The most rational conclusion to draw from the framework promulgated by Congress in 227(b)(3), and from the differing language and damages available under that section, is that it demonstrates Congress' intent that the terms "willfully or knowingly" have significance and meaning beyond that of just "intentional" or "voluntary" conduct.

For these reasons, Santander urges the Court to adopt the standard used by the courts that have held that "willfully or knowingly violated" means that a defendant knows, or should have known, that his conduct would violate the statute. *American Blastfax*, 164 F. Supp. 2d at 899; *Manufacturers Auto Leasing*, 139 S.W. 3d at 346; *Adamcik*, 832 F.Supp. 2d at 754-55; *Silbaugh,* 2012 WL 294870, at *3. Therefore, in this case, Santander should be found to have "willfully or knowingly" violated the TCPA only if the Court determines that at the time the phone calls were placed to Plaintiff, Santander knew or should have known that the telephone number at issue was Plaintiff's cellular phone. Furthermore, even if the application of this standard leads the Court to find that a willful or knowing violation was made, the Court nevertheless retains discretion whether additional damages, if any, should be awarded to the Plaintiff. *See* 47 U.S.C. 227(b)(3).

**B.   Defendants' Objections to Plaintiff's Exhibit List**

Defendants hereby objects to Plaintiff's Exhibit List as follows:

<table>
<tr><td colspan="3">EXHIBIT (S) OF<br><br>_____Plaintiff_____<br>(Indicate plaintiff or defendant)</td><td colspan="2">HEATHER NELSON, Plaintiff<br><br>V.    Case No.: **3:11-cv-307**<br><br>SANTANDER CONSUMER USA, INC.,<br>PATRICK K. WILLIS, CO., INC. d/b/a<br>AMERICAN RECOVERY SERVICE, and<br>ASSETSBIZ CORP. d/b/a ABC RECOVERY, Defendants.</td></tr>
<tr><th rowspan="2">Date</th><th colspan="2">Identification</th><th rowspan="2">Description</th><th rowspan="2">Offers, Objections,<br>Rulings, Exceptions</th></tr>
<tr><th>No.</th><th>Witness</th></tr>
<tr><td>6/10/13</td><td>1</td><td></td><td>April 13, 2010 letter from Heather Nelson to Santander. Exhibit 2 to Deposition of Wayne Nightengale taken on 11/28/12.</td><td>Duplicative of Exhibit 23; incomplete</td></tr>
<tr><td>6/10/13</td><td>2</td><td></td><td>Declaration of Wayne Nightengale In Support of Defendant Santander Consumer USA Inc.'s Motion for Summary Judgment and attached documents, filed in the case of Meyer v. Santander Consumer USA et al. Exhibit 4 to Deposition of Wayne Nightengale taken on 5/1/13.</td><td>Relevance</td></tr>
<tr><td>6/10/13</td><td>3</td><td></td><td>Servicing Agreement. Exhibit 5 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 003719 – 003831)</td><td></td></tr>
<tr><td>6/10/13</td><td>4</td><td></td><td>Declaration of Wayne Nightengale in Support of Defendant Santander Consumer USA, Inc.'s Motion for Summary Judgment and attached documents filed in this case. Exhibit 6 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 97 - 100; 103 - 106; 319 - 322; 3166 - 3225; 3655 – 3712; 323 – 326)</td><td>Relevance</td></tr>
<tr><td>6/10/13</td><td>5</td><td></td><td>HSBC contracts related to Nelson's truck loan. Exhibit 7 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3584 – 3588)</td><td></td></tr>
</table>

| | | | | |
|---|---|---|---|---|
| 6/10/13 | 6 | | HSBC contracts related to Nelson's van loan. Exhibit 8 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3359 – 3363) | |
| 6/10/13 | 7 | | Better Business Bureau documents and letters related to complaint made by Heather Nelson. Exhibit 9 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3650 – 3654) | Hearsay; authentication; foundation |
| 6/10/13 | 8 | | Texas Office of Consumer Credit Commissioner documents and email related to complaint made by Heather Nelson. Exhibit 10 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3648 – 3649) | Hearsay; authentication; foundation |
| 6/10/13 | 9 | | Account Notes produced by Santander related to Nelson's truck loan. Exhibit 11 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 1 – 96 ) | |
| 6/10/13 | 10 | | Account Notes produced by Santander related to Nelson's van loan. Exhibit 12 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 1746 – 1880) | |
| 6/10/13 | 11 | | Account Notes produced by Santander related to Nelson's truck loan. Exhibit 13 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3002 –3101) | Duplicative of Exhibit 9; |
| 6/10/13 | 12 | | Account Notes produced by Santander related to Nelson's van loan. Exhibit 14 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3226 – 3325) | Duplicative of Exhibit 10; |
| 6/10/13 | 13 | | Account Notes produced by Santander related to Nelson's truck loan. Exhibit 15 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 344 – 354) | Duplicative of Exhibit 9; incomplete |

| | | | | |
|---|---|---|---|---|
| 6/10/13 | 14 | | List of Santander employees who worked on Heather Nelson's account. Exhibit 16 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 301 – 307) | |
| 6/10/13 | 15 | | List of codes used by Santander employees. Exhibit 17 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 308 – 317) | |
| 6/10/13 | 16 | | Truck payment records produced by Santander. Exhibit 18 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3544 – 3552) | |
| 6/10/13 | 17 | | Truck payment records produced by Santander. Exhibit 19 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3557 – 3568) | |
| 6/10/13 | 18 | | Van payment records produced by Santander. Exhibit 20 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3326 – 3336) | |
| 6/10/13 | 19 | | Van payment records produced by Santander. Exhibit 21 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3341 – 3354) | |
| 6/10/13 | 20 | | Various notices of right to cure default sent by Santander. Exhibit 22 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3626 – 3627; 3424 – 3436) | |
| 6/10/13 | 21 | | Various HSBC and Santander letters. Exhibit 23 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3381 – 3382; 3397; 3390 – 3395; 3398; 3553; 3337) | |
| 6/10/13 | 22 | | Post repossession letters from Santander. Exhibit 24 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3611, 3619 – 3620) | |

| | | | | |
|---|---|---|---|---|
| 6/10/13 | 23 | | Cease and desist letter received by Santander. Exhibit 25 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA3599) | |
| 6/10/13 | 24 | | Letter from Attorney Lan Waddell. Exhibit 26 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3601) | Hearsay; foundation |
| 6/10/13 | 25 | | Fax from Nelson to Santander dated June 1, 2010 8:39 a.m. Exhibit 27 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3600, 3598, 3613, 3614) | Hearsay; foundation (except for SCUSA 3598, for which there is no objection) |
| 6/10/13 | 26 | | Fax from Nelson to Santander dated June 1, 2010 4:19 p.m. Exhibit 28 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3612) | Hearsay; foundation |
| 6/10/13 | 27 | | Fax from Nelson to Santander dated July 27, 2010 10:16 a.m. Exhibit 29 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3400, 3418) | Hearsay; foundation |
| 6/10/13 | 28 | | Fax from Nelson to Santander dated July 29, 2010 8:45 a.m. Exhibit 30 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3415 – 3417) | Hearsay; foundation |
| 6/10/13 | 29 | | Fax from Nelson to Santander dated July 30, 2010 4:19 p.m. Exhibit 31 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3401) | Hearsay; foundation |
| 6/10/13 | 30 | | Mary Kinman-Sexton letter from Santander. Exhibit 32 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3580) | Relevance |
| 6/10/13 | 31 | | HSBC notification of account extension for Nelson's truck and van. Exhibit 33 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3593, 3380) | |
| 6/10/13 | 32 | | Santander modification denial. Exhibit 34 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 3442) | |

| | | | | |
|---|---|---|---|---|
| 6/10/13 | 33 | | Defendant Santander's Amended Response To Interrogatory No. 2 from Plaintiff's First Set of Interrogatories. Exhibit 35 to Deposition of Wayne Nightengale taken on 5/1/13. | Relevance |
| 6/10/13 | 34 | | Santander employee discipline records. Exhibit 36 to Deposition of Wayne Nightengale taken on 5/1/13. (SCUSA 5000 – 5032) | |
| 6/10/13 | 35 | | November 28, 2011 letter written by Michael Terreault. Exhibit 2 to Deposition of Michael Terreault taken on 2/12/13. | Relevance |
| 6/10/13 | 36 | | October 1, 2010 letter from State of Wisconsin Department of Financial Institutions. (000001) | Hearsay; authentication; foundation; relevance |
| 6/10/13 | 37 | | August 4, 2010 from the Texas Office of the Consumer Credit Commissioner. (000002) | Hearsay; authentication; foundation; relevance |
| 6/10/13 | 38 | | August 3, 2010 email from Heather Nelson to Mark Baker. (000003) | Hearsay; authentication; foundation; relevance |
| 6/10/13 | 39 | | Print out of live chat between Heather Nelson and Sharonda. (000005) | Hearsay; foundation |
| 6/10/13 | 40 | | August 3, 2010 email from Heather Nelson to Mark Baker and August 4, 2010 response by Mark Baker. (000010-11) | Hearsay; relevance; foundation; authentication; |
| 6/10/13 | 41 | | April 18, 2011 letter from Heather Nelson. (000013) | Hearsay |
| 6/10/13 | 42 | | December 9, 2010 email from Heather Nelson to Paul Egide and response. (000014 – 15) | Hearsay; relevance; foundation; authentication; |
| 6/10/13 | 43 | | Complaint filed by Heather Nelson with Wisconsin Department of Financial Institutions. (000016 – 17) | Hearsay; relevance; authentication |
| 6/10/13 | 44 | | Complaint filed by Heather Nelson with the Better Business Bureau. (000018) | Hearsay; relevance; authentication; foundation; |
| 6/10/13 | 45 | | July 30, 2010 letter from Heather Nelson to Santander. (000019) | Hearsay |

- 9 -

| | | | | |
|---|---|---|---|---|
| 6/10/13 | 46 | | 3 page fax of July 29, 2010 from Heather Nelson to Santander's ASU department. (000026 – 28) | Hearsay |
| 6/10/13 | 47 | | Call log maintained by Heather Nelson. (000040 – 50) | Hearsay; authentication |
| 6/10/13 | 48 | | August 29, 2010 modification agreement from Santander to Heather Nelson. (000057 – 59) | |
| 6/10/13 | 49 | | August 19, 2010 letter from Santander to Heather Nelson. (000060) | |
| 6/10/13 | 50 | | Recording of messages left on Heather Nelson's cell phone. | authentication; relevance; incomplete; foundation |
| 6/10/13 | 51 | | April 13, 2010 cease and desist letter from Heather Nelson to Santander. (200100) | duplicative of Exhibit 23; incomplete |
| 6/10/13 | 52 | | Live chat between Heather Nelson and Laurence. (200130) | hearsay; foundation; authentication |
| 6/10/13 | 53 | | Live chat between Heather Nelson and Terri. (200131) | hearsay; foundation; authentication |
| 6/10/13 | 54 | | May 31, 2010 Letter from Heather Nelson to ASU department. (200135) | hearsay |
| 6/10/13 | 55 | | Various payment receipts for Heather Nelson's payments. (200136 – 200157) | hearsay; authentication |
| 6/10/13 | 56 | | July 8, 2009 HSBC account extension on truck. (200159) | |
| 6/10/13 | 57 | | HSBC contract for Dodge Truck. (200164 – 200167) | |
| 6/10/13 | 58 | | Letter from Nelson to ASU department. (200193) | hearsay |
| 6/10/13 | 59 | | HSBC contract for Chrysler Van. (200226 – 200229) | |
| 6/10/13 | 60 | | August 29, 2010 modification offer from Santander and September 8, 2010 fax from Nelson accepting. (200430 – 200435) | |
| 6/10/13 | 61 | | Heather Nelson payment receipts on truck and van. (200540 – 200543) | |
| 6/10/13 | 62 | | Walmart Payment receipt June 1, 2010. (200552 – 200553) | |

| | | | | |
|---|---|---|---|---|
| 6/10/13 | 63 | | June 2, 2010 Receipt for Truck release. (200554) | |
| 6/10/13 | 64 | | 4/12/2010 proof of payment to HSBC Auto Finance. (200562) | |
| 6/10/13 | 65 | | Handwritten notes about Yesenia. (200563) | hearsay; incomplete; authentication; foundation |
| 6/10/13 | 66 | | Heather Nelson Payment records. (200564 – 565) | |
| 6/10/13 | 67 | | Truck payment records. (200566) | |
| 6/10/13 | 68 | | HSBC notice of extension July 8, 2009 for van. (200596) | |
| 6/10/13 | 69 | | Proof of payment receipt February 22, 2010. (200604) | |
| 6/10/13 | 70 | | Certified copy of Complaint (Dkt 1) in Deuel v. Santander Consumer USA, Inc., U.S. Dist Court, Southern District of Florida, filed December 4, 2009 | relevance; pursuant to Defendant's Motion in Limine No. 8 |
| 6/10/13 | 71 | | Certified copy of Santander Consumer USA, Inc.'s Answer (Dkt 22) in Deuel v. Santander Consumer USA, Inc., U.S. Dist Court, Southern District of Florida, filed on April 29, 2009. | relevance; pursuant to Defendant's Motion in Limine No. 8 |
| 6/10/13 | 72 | | Certified copy of Complaint (Dkt 1) in Evenrud v. Santander Consumer USA, Inc., U.S. Dist Court, District of Oregon, filed on February 23, 2009. | relevance; pursuant to Defendant's Motion in Limine No. 8 |
| 6/10/13 | 73 | | Certified copy of Santander Consumer USA, Inc.'s Answer (Dkt 4) in Evenrud v. Santander Consumer USA, Inc., U.S. Dist Court, District of Oregon, filed on March 18, 2009. | relevance; pursuant to Defendant's Motion in Limine No. 8 |
| 6/10/13 | 74 | | Santander Consumer USA, Inc.'s Third Supplemental Response to Plaintiffs' Second Set of Interrogatories and Requests For Production of Documents. Exhibit 3 to Deposition of Wayne Nightengale taken on 11/28/12. | relevance |
| 6/10/13 | 75 | | Santander's payment histories from My Account for Heather Nelson. (000020 – 25) | Hearsay; authentication |

| 6/10/13 | 76 |  | Santander bills and payment records. (200436 – 539) | Hearsay; authentication |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Dated:  May 24, 2013

SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICE AND ASSETSBIZ CORP., d/b/a/ ABC RECOVERY
*Defendants*

s/ Gary S. Caplan_____
David. Z. Smith
Gary S. Caplan
Robert O'Meara
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
gcaplan@reedsmith.com

US_ACTIVE-113135302.1

- 13 -

## CERTIFICATE OF SERVICE

I, Gary S. Caplan, hereby state that on May 24, 2013, I electronically filed the foregoing **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S RULE 26(A)(3) DISCLOSURES AND PRELIMINARY ISSUES** with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

By: /s/ Gary S. Caplan
Gary S. Caplan (IL ARDC No. 6198263)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000