UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                              Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,        Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S PROPOSED ADDITIONAL VOIR DIRE QUESTIONS 5, 6 AND 7

Defendant Santander Consumer USA, Inc., Patrick K. Willis Co., Inc., d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery ("Defendants"), by their attorneys, respectfully submit this Opposition to Plaintiff's Proposed Additional Voir Dire Questions 5, 6 and 7 [*See* D.E. #187].

Plaintiff proposed the following additional voir dire as questions 5, 6 and 7:

**Plaintiff's Requested Voir Dire Question Number 5:**

Would any of you be unable to unwilling to award damages to someone who has suffered emotional distress or mental anguish?

**Plaintiff's Requested Voir Dire Question Number 6:**

Would any of you be unable to unwilling to award punitive damages if the evidence showed a basis for them?

**Plaintiff's Requested Voir Dire Question Number 7:**

Is there anyone here that believes a debt collector does not have to treat a person with respect and dignity just because that person might owe money to the debt collector?

Defendants object to questions 5 and 6 as potentially confusing to jurors, unnecessary and duplicative with the Court's standard voir dire questions. Questions 5 and 6 purport to ask the jury pool about their willingness to award damages before the case has even begun. Such questions could leave the potential jurors with the implication that damages are, in fact, appropriate in the case before they even hear the evidence. Moreover, question 5 as stated improperly implies that someone (i.e., Plaintiff) has, in fact, suffered emotional distress or mental anguish.

In addition to these objections, questions 5 and 6 propose to ask potential jurors about their willingness to award damages for such undefined legal terms as "emotional distress or mental anguish" and "punitive damages." These terms have particularized legal meanings – thus, the jury instructions on those topics that will go to the jury at the conclusion of the evidence – and asking such questions at voir dire could unnecessarily cause confusion for the jurors. Furthermore, whether the jurors are willing to following the Court's instructions, and whether they have any negative opinions about people who go to court to obtain relief for wrongs they believe they have suffered, are already covered by the Court's Standard Voir Questions 8, 9 and 10.

Defendants also object to question 7 as the terms "respect and dignity" do not recite a recognized or appropriate legal standard in this case, it is irrelevant, and it improperly implies that a debtor collector in the case did, in fact, treat someone disrespectfully or in an undignified manner before any evidence has been introduced in this case.

For all of these reasons, Defendants object to Plaintiff's Proposed Additional Voir Dire Questions 5, 6 and 7 and request that they not be offered by the Court at voir dire.

- 3 -

Dated:  May 24, 2013	SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICE AND ASSETSBIZ CORP., d/b/a/ ABC RECOVERY
*Defendants*

s/ Gary S. Caplan_____
David. Z. Smith
Gary S. Caplan
Robert O'Meara
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
gcaplan@reedsmith.com

## **CERTIFICATE OF SERVICE**

I, Gary S. Caplan, hereby state that on May 24, 2013, I electronically filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S PROPOSED ADDITIONAL VOIR DIRE QUESTIONS 5, 6 AND 7 with the Clerk of the Court using the ECF system, which will send notification to all parties.

By: /s/ Gary S. Caplan
Gary S. Caplan (IL ARDC No. 6198263)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois  60606
(312) 207-1000