UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                                  Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,                Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 5: TO PROHIBIT SANTANDER FROM RAISING THE AFFIRMATIVE DEFENSE OF CONSENT

Defendant Santander Consumer USA, Inc. ("Santander"), Patrick K. Willis Co., Inc., d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery ("Defendants"), by their attorneys, respectfully submit this Response to plaintiff Heather Nelson's Motion *in Limine* Number 5 which seeks an order barring Santander from raising the affirmative defense of consent.

Defendants recognize that the Court in its March 8, 2013 Opinion and Order denied Santander leave to file an amended answer to assert the affirmative defense of consent to Plaintiff's TCPA claim. [D.E. #141 at 11-14.] As that Order decided the liability issues under the TCPA and Plaintiff herself argues that the Court – not the jury – will decide whether Santander "willfully or knowingly" violated the TCPA, Defendants do not object to Plaintiff's motion to the extent it relates to the TCPA.[1]

---

[1]     Santander reserves all of its rights to appeal any and all of the Court's rulings in its March 8, 2013 Opinion and Order, including on the consent issue.

Nonetheless, it appears that Plaintiff in her motion seeks to bar Defendants from presenting any evidence that Plaintiff ever consented to Santander calling her at a given telephone number. This evidence includes, for instance, Santander operators verifying with Plaintiff that a certain telephone number was her "home phone number" and this was an appropriate number at which to reach her. There is no basis for Plaintiff's overly broad request to exclude that evidence. Defendants are entitled to present evidence and arguments that negate an element of Plaintiff's claims. For example, as Plaintiff concedes in her proposed jury instructions, in order for Plaintiff to prove her invasion of privacy claim, she must demonstrate that, among other things (i) the intrusion by Santander "was of a nature would be highly offensive to a reasonable person" and (ii) the intrusion was "in places that a reasonable person would consider private." [D.E. #183 at 41] Whether Plaintiff indicated that Santander could call her at a given telephone number is relevant to whether certain phone calls would be "highly offensive" or occurred where a person would consider "private."

Likewise, this evidence would be relevant to Plaintiff's punitive damages claim under Wis. Stat. § 895.043.[2] That is, plaintiff would need to show that Defendants' conduct was "(1) deliberate, (2) in actual disregard of the rights of another, and (3) sufficiently aggravated to warrant punishment by punitive damages." *Berner Cheese Corp. v. Krug*, 752 N.W.2 800, 814 (Wis. 2008) (internal quotations omitted). Evidence showing that Defendants actions were taken after Plaintiff "verified" that she could be contacted at that telephone number would negate whether Defendants acted "in actual disregard" of Plaintiff's rights or that those actions were "sufficiently aggravated."

---

[2] Plaintiff may only seek an award of punitive damages under her Wisconsin common law claims; punitive damages are not available under either the Fair Debt Collection Practices Act or the Wisconsin Consumer Act. *See Bruesewitz v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 06-C-400-S, 2006 WL 3337361, at *4 (W.D. Wis. Nov. 15, 2006) (citing *Randolf v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2001) and Wis. Stat. § 427.105(1)).

For all these reasons, Defendants therefore should be allowed to introduce evidence (and argument based upon that evidence) that Plaintiff gave her "consent" for Santander to contact her at a given telephone number.

Dated: May 24, 2013

SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICE AND ASSETSBIZ CORP., d/b/a/ ABC RECOVERY
*Defendants*

s/ David Z. Smith_____
David. Z. Smith
Gary S. Caplan
Robert O'Meara
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
312.207.1000
dzsmith@reedsmith.com

US_ACTIVE-113108763.1

# CERTIFICATE OF SERVICE

       I, David Z. Smith, hereby state that on May 24, 2013, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 5** with the Clerk of the U.S. District Court for the Western District of Wisconsin using the ECF system, which will send notification to all parties of record.

                                      By: /s/ David Z. Smith
                                      David Z. Smith (IL ARDC No. 6256687)
                                      REED SMITH LLP
                                      10 South Wacker Drive
                                      Chicago, Illinois 60606
                                      (312) 207-1000