UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                          Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,         Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 7: TO PRECLUDE DEFENDANTS FROM USING IMPROPER AND PREJUDICIAL TACTICS AGAINST PLAINTIFF'S CHARACTER

        Defendant Santander Consumer USA, Inc., Patrick K. Willis Co., Inc., d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery ("Defendants"), by their attorneys, respectfully submit this Response to plaintiff Heather Nelson's Motion *in Limine* Number 7 which seeks an order to "preclude defendants from denigrating or maligning plaintiff as an individual and otherwise using prejudicial and improper tactics." [*See* D.E. #196].

        In short, Defendants do not believe they can properly respond to Plaintiff's Motion, and thus must oppose it, because it is vague as to what information/arguments it is seeking to preclude from being presented to the jury. Nowhere does Plaintiff sufficiently define what evidence or information she is seeking to preclude with her Motion. The only example Plaintiff provides is that Defendants may argue that Plaintiff is a "deadbeat" and therefore not entitled to receive the protection of the federal Fair Debt Collection Practices Act or similar legal

protections. Defendants can assure the Court that they have no intention of making such an argument.

Nonetheless, Defendants do intend – and are within their rights – to present evidence which shows that Plaintiff has and had a history of not paying her debts – not just to Santander but to other creditors as well (including having filed for bankruptcy protection). This evidence is highly relevant to the issues at trial, particularly to the issue of the emotional distress damages. Specifically, Plaintiff asserts that Defendants' conduct led to her having "emotional distress" for which she believes she is entitled to be compensated. Defendants thus have every right to present evidence of other potential causes of that emotional distress that are wholly independent of their actions – i.e., other stressors in Plaintiff's life at the time that may have caused her emotional distress. *See Merriweather v. Family Dollar Stores of Ind., Inc.*, 103 F.3d 576, 581 (7th Cir. 1996) (finding emotional distress award inflated when evidence showed that "other factors" besides defendant's conduct, such as "the death of Merriweather's father, being evicted from her apartment and being unable to find a job" caused plaintiff emotional distress.) As Plaintiff chose to put her emotional state at issue, Defendants are entitled to present evidence which provides the jury with a full picture of Plaintiff's life and the stressors in it that may have caused her stress. Such stressors would necessarily involve Plaintiff's other debt-payment issues, particularly given her prior experience with filing bankruptcy as well as evidence of financial hardship experienced by Plaintiff. Defendants, therefore, should be allowed to present such evidence even if it has the effect of "maligning plaintiff as an individual" in the eyes of the jury.

Accordingly, the Court should deny Plaintiff's vague Motion *in Limine* Number 7.

| | |
|---|---|
| Dated: May 24, 2013 | SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICE AND ASSETSBIZ CORP., d/b/a/ ABC RECOVERY<br>*Defendants*<br><br>s/ David Z. Smith_____<br>David. Z. Smith<br>Gary S. Caplan<br>Robert O'Meara<br>Reed Smith LLP<br>10 South Wacker Drive<br>Chicago, IL 60606<br>312.207.1000<br>dzsmith@reedsmith.com |

US_ACTIVE-113071589.1

# CERTIFICATE OF SERVICE

       I, David Z. Smith, hereby state that on May 24, 2013, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 7** with the Clerk of the U.S. District Court for the Western District of Wisconsin using the ECF system, which will send notification to all parties of record.

       By: /s/ David Z. Smith
       David Z. Smith (IL ARDC No. 6256687)
       REED SMITH LLP
       10 South Wacker Drive
       Chicago, Illinois 60606
       (312) 207-1000