UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                        Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,          Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 8: TO PRECLUDE DEFENDANTS FROM PRESENTING EVIDENCE AS TO THE EXISTENCE OF PLAINTIFF'S ALLEGED DEBTS

Defendant Santander Consumer USA, Inc., Patrick K. Willis Co., Inc., d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery ("Defendants"), by their attorneys, respectfully submit this Response to plaintiff Heather Nelson's Motion *in Limine* Number 8 which seeks an order excluding evidence regarding Plaintiff's "alleged debts." [*See* D.E. #197].

Specifically, Plaintiff contends that evidence regarding her "alleged debts" (which Plaintiff nowhere identifies) are irrelevant to "the only legal issues in this case" – "whether defendants actions violated the FDCPA, the WCA and plaintiff's right to privacy . . . and whether defendants committed civil theft." [D.E. #197 at 1-2]. But by focusing on the liability issues, Plaintiff ignores that the trial will also decide issues relating to **damages**. And among the damages plaintiff is seeking are damages for emotional distress. Because claims for emotional distress "are so easy to manufacture," the Seventh Circuit has held such claims to a "strict standard." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (internal

quotations omitted). Accordingly, a plaintiff seeking such damages must "explain the circumstances of his injury in reasonable detail." *Denius v. Dunlap*, 330 F.3d 919, 929 (7th Cir. 2003); *accord Owens v. Ragland*, No. 03-C-369-C, 2004 WL 954808, at *2 (W.D. Wis. Apr. 28, 2004) (Crabb, J.) ("If plaintiff . . . wishes to recover damages for emotional distress, she will have to prove that it was defendants' [actions] and not other events in her life that caused her injuries.")

In the face of this specific evidence that Plaintiff will have to present to the jury as to her emotional distress and the Defendants' cause thereof, Defendants are entitled to present evidence of alternative causes for Plaintiff's emotional distress. *See Merriweather v. Family Dollar Stores of Ind., Inc.*, 103 F.3d 576, 581 (7th Cir. 1996) (finding emotional distress award inflated when evidence showed that "other factors" besides defendant's conduct, such as "the death of Merriweather's father, being evicted from her apartment and being unable to find a job" caused plaintiff emotional distress); *accord Alsteen v. Gehl*, 21 Wis. 2d 349, 360 (1963) (defendant entitled to demonstrate "that the plaintiff's disabling emotional condition would have been present even in the absence of the defendant's intervening conduct.") As Plaintiff chose to put her emotional state at issue, Defendants are entitled to present evidence which provides the jury with a full picture of Plaintiff's life and the stressors in it that may have caused her stress, including highly personal and sensitive matters. *See, e.g.*, *Kakeh v. United Planning Org., Inc.*, 587 F. Supp. 2d 125, 128-29 (D.D.C. 2008) (evidence of plaintiff's difficulties with his adolescent daughter, including an instance where plaintiff struck daughter on feet with bat and shaved her head admissible); *Flebotte v. Dow Jones & Co.*, No. 97-30117-FHF, 2001 WL 35988080, at *1-2 (D. Mass. Jan. 24, 2001) (plaintiff's DUI conviction); *Alden v. Time Warner, Inc.*, No. 94 civ. 6109, 1995 WL 679238, at *2 (S.D.N.Y. Nov. 14, 1995) (marital difficulties

that led to counseling). Consequently, Defendants are within their right to present such evidence of "other causes" of Plaintiff's emotional distress.

Among such causes would be stressors such Plaintiff's debt and other financial problems. That is, the stress of dealing with those separate debt issues (apart from Defendants' actions at issue) certainly could have and arguably were weighing on Plaintiff during the time frame at issue. Deposition testimony from Plaintiff and her husband established that it was Plaintiff who was responsible for paying the family bills, and thus debt collection issues, and the ramifications of these debts, would weigh particularly heavily on Plaintiff. There is evidence that other non-Santander creditors and judgment holders were also pursuing Plaintiff for payment by telephone at or around relevant time frame. Defendants should be free to introduce evidence of these other, independent debt problems as possible alternative cause for Plaintiff's claimed emotional distress during the time at issue.

In short, Plaintiff put her mental state at issue in this case by seeking emotional distress damages. Defendants are thus entitled to present other causes of that distress that are independent from anything Defendants did vis-à-vis Plaintiff. Accordingly, the Court should deny Plaintiff's Motion *in Limine* Number 8.

Dated: May 24, 2013

SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICE AND ASSETSBIZ CORP., d/b/a/ ABC RECOVERY
*Defendants*

s/ David Z. Smith_____
David. Z. Smith
Gary S. Caplan
Robert O'Meara
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606

312.207.1000
dzsmith@reedsmith.com

US_ACTIVE-113114240.1

# CERTIFICATE OF SERVICE

       I, David Z. Smith, hereby state that on May 24, 2013, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 8** with the Clerk of the U.S. District Court for the Western District of Wisconsin using the ECF system, which will send notification to all parties of record.

       By: /s/ David Z. Smith
David Z. Smith (IL ARDC No. 6256687)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000