IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER NELSON,<br><br>        Plaintiff,<br>v.<br><br>SANTANDER CONSUMER USA, INC.,<br>PATRICK K. WILLIS CO., INC., d/b/a/<br>AMERICAN RECOVERY SERVICE, and<br>ASSETSBIZ CORP., d/b/a ABC<br>RECOVERY,<br><br>        Defendants,<br><br>SANTANDER CONSUMER USA, INC.,<br><br>        Counter-Plaintiff,<br>v.<br><br>HEATHER NELSON,<br><br>        Counter-Defendant. | Case No.: 11-cv-307<br><br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 6: TO EXCLUDE ALL EVIDENCE, TESTIMONY AND ARGUMENT RELATING TO DEFENDANTS' SIZE, OVERALL FINANCIAL CONDITION AND NET WORTH |

    Defendants jointly filed a motion in limine to "exclude evidence, testimony and argument relating to Defendants' size, overall financial condition, or net worth." (Dkt. 174) Plaintiff opposes this motion as to "size" as to all defendants as the request is overbroad, vague, ambiguous, unworkable and would include evidence probably not contemplated by defendants. Plaintiff opposes the request to exclude "overall financial condition or net worth" as to Santander because the request is contrary to Wisconsin law on punitive damages.

**ARGUMENT**

Defendants use of the term "size" is overbroad, vague, ambiguous, and unworkable if it means anything other than financial terms. Defendants do not explain what they mean by their "size." Defendants arguments in this motion in limine only address dollar figures, so it is unclear to what "size" refers. Do defendants want to exclude all evidence of the number of employees they have? They have not made that argument, so presumably not, but number of employees relates to size, and such a request would be inappropriately limiting and prejudicial to plaintiff in explaining what happened to her at the hands of the defendants. Santander has provided a list of 271 names and indicated that the list identifies all Santander employees who worked on plaintiff's accounts. (5/1/13 Deposition of Santander Corporate Designee Wayne Nightengale, 544:23 – 546:15 & Exh. 16) Santander does not assign one collector to handle an account, therefore there is an unlimited number of collectors who may have contact with a customer.

Do defendants want to exclude all evidence of the number of locations they each have? They have not made that argument either, so presumably not, but number of locations relates to size, and such a request would be inappropriately limiting and prejudicial to plaintiff in explaining what happened to her at the hands of the defendants. According to records produced by Santander, its employees who worked on plaintiff's accounts made calls on plaintiff's account Texas, California, and possibly other states. (Id.) In addition, Santander utilizes outsource providers that have call centers outside the U.S. that made calls on plaintiff's accounts. (Id., and 11/28/12 Deposition of Santander Corporate Designee Wayne Nightengale, 66:13 - 22) Defendants do not argue, nor could

they, that this information related to their "size" should be excluded.

Plaintiff also intends to introduce testimony on defendants' "chain of command" at each business, in terms of management responsibilities for the collectors and repossession agents. If defendants interpret these issues to be related to their "size" then exclusion of this type of information is also inappropriate and would be prejudicial to plaintiff's presentation of evidence.

Plaintiff will also introduce evidence from Santander that there were approximately 500 employees who handled the accounts which Santander purchased from HSBC. (Id., 181:1-6) That testimony is also related to the "size" of Santander, but should not be excluded as it provides the jury with an idea of the numbers of Santander employees who could have contacted plaintiff, and excluding the information would be prejudicial to plaintiff.

Plaintiff will also present testimony from Santander about the size of the Santander's purchase from HSBC and that the HSBC purchase agreement was not the first purchase of this kind for Santander, to show that Santander had experience with this size and type of transaction and was on notice of what types of concerns to expect, and that it had procedures in place to deal with large purchases like the one it entered into with HSBC. (11/28/12 Deposition of Santander Corporate Designee Wayne Nightengale, 68:13 – 71:3; 128:14 – 129:4 ) This is all evidence that could be deemed as related to the "size" of defendants, but should not be excluded from presentation to the jury.

Assuming that Defendants are actually seeking to exclude solely "overall financial condition" and "net worth" figures, plaintiff does not oppose defendants American Recovery Service or AssetsBiz Corp's motion on this topic, as plaintiff only seeks

punitive damages from Santander. With regard to Santander, plaintiff is entitled to introduce net worth evidence at the appropriate time, according to Wis. Stat. § 895.043 which provides in pertinent part:

> (3) STANDARD OF CONDUCT. The plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff.
> (4) PROCEDURE. If the plaintiff establishes a prima facie case for the allowance of punitive damages:
> (a) The plaintiff may introduce evidence of the wealth of a defendant; and
> (b) The judge shall submit to the jury a special verdict as to punitive damages or, if the case is tried to the court, the judge shall issue a special verdict as to punitive damages.

As directed by Wis. Stat. § 895.043, if the Court determines that plaintiff has established a prima facie case for punitive damages, plaintiff will then introduce evidence of Santander's wealth. The Court has Santander's net worth information which was filed ex parte and under seal and which has been denied to plaintiff until such time as the court deems appropriate. (Dkt. 143)

In Motion in Limine No. 6, defendants incorrectly claim that punitive damages are not available under the Wisconsin Consumer Act. (Dkt. 174, at 3) Defendants cite to *Bruesewitz v. Law Office of Gerald E. Moore & Assocs., P.C.,* 2006 WL 3337361 (W.D. Wis. Nov. 15, 2006) and Wis. Stat. § 427.105(1) for the proposition. A review of the *Bruesewitz* case shows the court did make that finding. However, a review of the Wisconsin Consumer Act shows that the ruling was an error. It can only be assumed that the parties litigating the *Bruesewitz* case did not bring the relevant statute to the Court's attention.

Punitive damages are available to plaintiff for her Wisconsin Consumer Act claims. Wis. Stat. § 425.301(1), found in Subchapter II of Chapter 425 entitled "CUSTOMER'S

REMEDIES," specifically provides:

> Remedies to be liberally administered
> (1) The remedies provided by this subchapter shall be liberally administered to the end that the customer as the aggrieved party shall be put in at least as good a position as if the creditor had fully complied with chs. 421 to 427. *Recoveries under chs. 421 to 427 shall not in themselves preclude the award of punitive damages in appropriate cases.*
> (emphasis added)

Therefore, punitive damages are available to customers with claims under the WCA "in appropriate cases." Wis. Stat. § 895.043 provides Wisconsin's definition of "appropriate cases" i.e. if a prima facie case is shown that defendant acted maliciously toward plaintiff or intentionally disregarded plaintiff's rights.

Santander implies that it can pay any punitive damage amount awarded, and because of that, there is no need to disclose its net worth to the jury. (Dkt. 174, at 4) Santander, however, fails to address Wis. Stat. § 895.043(4) which specifically permits a plaintiff to introduce evidence of the wealth of a defendant when asking for punitive damages. Santander also fails to cite to any case law supporting its position, or supply any evidence that it can pay an unlimited punitive damages award. The jury can decide the amount of punitive damages it deems will be punitive to Santander based, in part, on Santander's net worth. Later, if the jury awards an amount that exceeds the greater of two times the compensatory damages *or* $200,000, the court can reduce the award appropriately to that limit. Compensatory damages in this case may exceed $200,000 and then Santander's liability for punitive damages will be capped at twice that number.

Defendants' motion in limine No. 6 regarding exclusion of information on defendants' "size" is overbroad, vague, ambiguous, and unworkable and regarding exclusion of information on overall financial condition and net worth is contrary to

Wisconsin law, and as such should be denied.

Dated this 24th day of May, 2013.

<u>s/ Ivan Hannibal</u>
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
Fax: (608) 873-0496

**Ivan Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
McFarland, WI 53558
Phone: (608) 852-6702

**ATTORNEYS FOR PLAINTIFF**