IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HEATHER NELSON,<br><br>   Plaintiff,<br>v.<br><br>SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a/ AMERICAN RECOVERY SERVICE, and ASSETSBIZ CORP., d/b/a ABC RECOVERY,<br><br>   Defendants,<br><br>SANTANDER CONSUMER USA, INC.,<br><br>   Counter-Plaintiff,<br>v.<br><br>HEATHER NELSON,<br><br>   Counter-Defendant. | Case No.: 11-cv-307<br><br><br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 7: TO EXCLUDE ALL EVIDENCE, TESTIMONY AND ARGUMENT RELATING TO DEFENDANTS' ACTIONS (OR NON-ACTIONS) TO DISCIPLINE EMPLOYEES THAT ENGAGED IN THE CONDUCT AT ISSUE |

In defendants' motion in limine 7, defendants ask the Court to enter an order precluding plaintiff, her counsel, and all witnesses from disclosing or otherwise mentioning in the presence of the jury any and all references to defendants' alleged failure to discipline employees that engage in actions that constituted alleged violations of the federal or state statutes at issue and/or constituted breaches of a common law duty. Plaintiff opposes this motion in limine.

First, Santander's failure to discipline its employees for the actions they took vis-à-vis plaintiff and her two loan accounts is relevant to plaintiff's claims. Plaintiff intends on arguing that Santander's failure to discipline its employees shows that: 1) Santander does not take its obligations under the FDCPA and Wisconsin Consumer Act seriously (intent); 2) Santander makes more money by violating the FDCPA and Wisconsin Consumer Act (motive); 3) the acts

- 1 -

taken by Santander's employees were condoned by Santander (lack of mistake); 4) Santander trains its employees to violate the FDCPA and WCA (intent, motive, lack of mistake, and common plan); and 5) Santander ratified the conduct of all of its employees who worked on plaintiff's accounts.

Second, plaintiff must be able to use Santander's failure to discipline its employees to defeat Santander's bona fide error defense—if the Court allows Santander to maintain that defense.[1] The bona fide error defense is an affirmative defense, on which the debt collector bears the burden of proof. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). A defendant is entitled to invoke the FDCPA's bona fide error defense only if it can show that the violation: (1) was unintentional, (2) resulted from a bona fide error, and (3) occurred despite the debt collector's maintenance of procedures reasonably adapted to avoid such error. *Ruth v. Triumph Patnership*, 577 F. 3d 790, 803 (7th Cir. 2009).

If Santander is permitted to raise its bona fide error defense, plaintiff should be permitted to show that Santander has failed to discipline any of its employees related to the actions they took on plaintiff's two accounts. This evidence will be used to show that Santander's violations of the FDCPA were intentional and did not result from a bona fide error. In its deposition, Santander admitted that it did not discipline any of its employees for their conduct on Nelson's accounts. ("Q: Was anyone at Santander, any of the associates or managers or anybody, disciplined or terminated for their conduct on the Nelson account? A: No.") (11/28/12 Deposition of Wayne Nightengale at 44: 22-45:1) Santander's failure to discipline its employees for the activities they engaged in on plaintiff's accounts is, in essence, a ratification of those activities, and demonstrates that even if Santander had policies and procedures to prevent those

---

[1] Santander failed to raise the affirmative defense of bona fide error in its last two pleadings, but raised the defense in its proposed jury instructions and special verdicts. Santander's failure to raise this affirmative defense in its last two pleadings, as well as its failure to allege any facts supporting such defense is addressed in detail in plaintiff's response to defendants' proposed jury

types of activities, it did nothing to punish those employees for violating those policies and procedures.

Defendants cite two cases, *Rose v. Roach*, No. 6:12-CV-00061, 2013 WL 1563655, at •2 (W.D. Va. Apr. 12, 2013), and *Durthaler v. Account Receivable Mgmt., Inc*., 854 F. Supp. 2d 485, 495-96 (S.D. Ohio 2012), for the proposition that whether the employee involved in the alleged FDCPA violations was later disciplined is irrelevant to the validity of the bona fide error defense. But these two cases simply do not stand for the proposition that defendants claim they stand for. In neither case did the court state that a defendant's failure or non-failure to discipline an employee involved in the alleged FDCPA violations was irrelevant to the validity of the bona fide error defense. The courts simply did not address the issue.

Third, defendants contend that punitive damages are not available under the FDCPA or the WCA. They cite to *Bruesewitz v. Law Office of Gerald E. Moore & Assocs., P.C*., No. 06-C-400-S, 2006 WL 3337361, at *4 (W.D. Wis. Nov. 15, 2006) for this proposition. Plaintiff agrees that punitive damages are not available under the FDCPA. Plaintiff, however, does not agree that punitive damages are not permitted by the WCA.

In *Bruesewitz*, the Court cited to Wis. Stat. § 427.105(1) for the proposition that the WCA does not provide for punitive damages. The *Bruesewitz* court, however, did not address Wis. Stat. § 425.301, the remedy section of the WCA. Wis. Stat. § 425.301(1) specifically states that recoveries under the WCA shall not in themselves preclude the award of punitive damages in appropriate cases. The statute provides that:

> The remedies provided by this subchapter shall be liberally administered to the end that the customer as the aggrieved party shall be put in at least as good a position as if the creditor had fully complied with chs. 421 to 427. Recoveries under chs. 421 to 427 shall not in themselves preclude the award of punitive damages in appropriate cases.

Thus, in appropriate cases, punitive damages may be awarded under the WCA. Plaintiff

---

instructions and special verdicts.

will be seeking punitive damages from Santander under two of her claims: violation of Wis. Stat. § Chapter 427 and invasion of privacy. Santander's failure to discipline its employees for the activities they engaged in on plaintiff's accounts is certainly relevant to punitive damages.

The fact that Santander failed to discipline its employees for violating the FDCPA and WCA shows that its policies and procedures governing debt collection are nothing more than window dressing. This case is not an FDCPA case, where there are allegations that the defendants simply sent a letter with some language that arguably is prohibited by the FDCPA or that the defendant made a few collection calls that violated the FDCPA. This is a case where the Court has already found that Santander called plaintiff more than a thousand times on her cell phone in a year's time. This is a case where Santander admits that it repeatedly called plaintiff's family members and employers over the same time period. And at least two family members contend that they are still receiving calls from Santander. This is also a case where Santander illegal repossessed plaintiff's vehicle and included illegal terms in the loans it is trying to collect on.

Santander's failure to discipline its employees for more than 2 years after they engaged in the actions on plaintiff's accounts shows that Santander intentionally disregarded plaintiff's rights. It shows that violating debt collection laws is not only tolerated by Santander, but is part of its business model.

Plaintiff should be permitted to elicit testimony that Santander did not discipline its employees to show Santander's intent, motive, lack of mistake, and common plan. Plaintiff should also be permitted to elicit this testimony to counter Santander's bona fide error defense—should the Court allow Santander to proffer evidence of the affirmative defense at trial (even though it did not raise the defense in its last two pleadings). Lastly, plaintiff should be able to use the evidence to show that she is entitled to punitive damages to show that Santander intentionally disregarded her rights.

Plaintiff asks the court to deny defendants motion in limine no. 7.

Dated this 24th day of May, 2013.

s/ Ivan Hannibal
**Mary Catherine Fons, SBN 1017000**
FONS LAW OFFICE
500 South Page Street
Stoughton, WI 53589
Phone: (608) 873-1270
Fax: (608) 873-0496

**Ivan Hannibal, SBN 1050360**
CONSUMER RIGHTS LAW OFFICE
5908 Running Deer Trail
McFarland, WI 53558
Phone: (608) 852-6702

**ATTORNEYS FOR PLAINTIFF**
