UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

HEATHER NELSON,

    Plaintiff,

        v.                                      Case No.: 11-cv-307

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC.,              Honorable Barbara B. Crabb
d/b/a AMERICAN RECOVERY SERVICE,
ASSETSBIZ CORP. d/b/a ABC RECOVERY,

    Defendants.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NUMBER 2: TO EXCLUDE EVIDENCE REGARDING RECORDS PRODUCED BY NEUSTAR, INC. AND/OR VERIZON WIRELESS

Defendants Santander Consumer USA, Inc., Patrick K. Willis Co., Inc., d/b/a American Recovery Service, and AssetsBiz Corp. d/b/a ABC Recovery ("Defendants"), by their attorneys, respectfully submit this Response to plaintiff Heather Nelson's Motion *in Limine* Number 2 which seeks an order excluding "hearsay evidence" regarding records from Neustar, Inc. and Verizon Wireless [*See* D.E. #191].

    **A.**    **Introduction**

In February 2013, Defendant Santander issued a document subpoena to Verizon Wireless that sought the monthly billing and payment records corresponding to Plaintiff's cell phone from 2008 to the present. (A copy of the subpoena is attached as Exhibit A.) In response, Verizon, through its authorized agent and document custodian, Neustar, Inc., produced those cell phone records and a certification attesting to their authenticity and their status as business records. (A copy of the certification is attached as Exhibit B.) Defendants in turn produced the Verizon

records, which included the certification, to Plaintiff's counsel on April 10, 2013. (A copy of the transmittal letter producing the documents is attached as Exhibit C.) Defendants also listed the Verizon records on their Exhibit List, which was filed with the Court on May 10, 2013. [D.E. #177].

Defendants contend the Verizon records are relevant and intend to introduce them (or a subset of them) at trial because they reveal incoming calls that demonstrate Plaintiff was receiving telephone calls on her cell phone from other, non-Santander creditors and/or debt collectors during the same time period that Santander placed its calls to Plaintiff. This evidence of other collection activity and telephone calls to Plaintiff provides an alternative explanation for her claims that her alleged emotional distress was caused solely by Defendants' actions. Similarly, the Verizon records indicate that Plaintiff was making less than full payments on her cell phone bills during the time period that Santander claims she failed to timely pay her auto loans, thus indicating financial difficultly and a life stressor that may be responsible for her emotional distress.

Although it is Plaintiff's burden to prove the Defendants caused her alleged emotional distress, the Defendants are nevertheless permitted to offer evidence of alternative causes for such claims such as other creditors calling and pursing the Plaintiff and/or her general financial hardship. *Owens v. Ragland*, No. 03-C-369-C, 2004 WL 954808, at *2 (W.D. Wis. Apr. 28, 2004) (Crabb, J.) ("If plaintiff . . . wishes to recover damages for emotional distress, she will have to prove that it was defendants' [actions] and not other events in her life that caused her injuries."); *Merriweather v. Family Dollar Stores of Ind., Inc.*, 103 F.3d 576, 581 (7th Cir. 1996) (finding emotional distress damages inflated when other factors besides defendant's conduct contributed to plaintiff's emotional distress); *Alsteen v. Gehl*, 21 Wis. 2d 349, 360 (1963)

(defendant entitled to demonstrate "that the plaintiff's disabling emotional condition would have been present even in the absence of the defendant's intervening conduct.").

Plaintiff's counsel now seeks to exclude the Verizon records on the grounds that (a) they did not have reasonable notice of Santander's intent to use the Verizon records, and (b) the certification accompanying the records allegedly does not satisfy the business records hearsay exception of FRE 803(6). Plaintiff is wrong on both points.

### B. Defendants Provided Reasonable Notice Pursuant to FRE 902(11)

Federal Rule of Evidence 902(11) requires the proponent of certified business records to provide reasonable written notice of the intent to use offer such records "before the trial or hearing." Defendants listed the Verizon records (along with the certification) on their written Exhibit List that was filed with the Court on May 10, 2013, which was 30 days prior to trial. That filing constitutes Defendants' notice to Plaintiff, in writing, 30 days before trial, that Defendants intended to offer the Verizon records at trial pursuant to FRE 902(11). Plaintiff ignores this and instead appears to argue that notice must come before a discovery cut-off date. Plaintiff cites no case law for that proposition and such a requirement contravenes the plain language of 902(11) that simply calls for reasonable notice "before trial," not before the close of discovery.

In fact, courts have found much shorter notice periods than the 30 days provided by Santander as reasonable under 902(11). *See U.S. v. Bledsoe*, 70 Fed.Appx. 370, 374 (7th Cir. 2003) (notice by government to defense counsel four days before trial that it intended to introduce business records was reasonable when the records and certifications were previously produced in discovery and counsel reviewed the records three days before trial.); *Bean v. Hautamaki*, No. 04-C-447, 2005 WL 2076418, *2 (W.D. Wis. Aug. 25, 2005) (Crabb, J.) (a

party's motion in limine in advance of trial constitutes sufficient notice to opposing party under 902(11)). Thus, Defendants' 30 day notice was reasonable under 902(11).

Furthermore, there is no possible prejudice to the Plaintiff as she has had sufficient time to review the documents and posit objections. As discussed above, Defendants' counsel sent the Verizon records and the certification to Plaintiff's counsel on April 10, 2013. Moreover, Defendants' intention to offer these documents into evidence at trial was plain enough to Plaintiff's counsel that they moved to exclude them by filing this motion in *limine* on May 10, 2013, presumably before they even had a chance to review Defendants' Exhibit List and notice them listed there. Thus, this very motion in *limine* is the most definitive evidence that Plaintiff had reasonable notice before trial of Defendants' intention to use the records pursuant to 902(11).

### C. The Certification Satisfies FRE 803(6)

Plaintiff objects to the 902(11) certification that accompanies the Verizon business records on the grounds that the certification does not satisfy the elements of the hearsay exception found at FRE 803(6). Plaintiff does not contend that the Verizon records themselves are unreliable or untrustworthy, but only that the certification that accompanies them is insufficient. As evidenced by the certification itself, which is attached hereto as Exhibit B, it comports with all of the elements necessary to satisfy the business records exception.

Plaintiff first complains that the certification tracts the language of FRE 803(6). This is a misplaced objection in light of the language found in FRE 902(11) that requires a certification to meet the requirements listed in 803(6) (A) – (C), which this certification does.

Plaintiff then objects that the declaration is unclear what entity the declarant (Juli Servi) works for and who the custodian of the records is, but that information is clear from the face of

the certification. The certification is on Neustar letterhead and right next to it is titled "Declaration of Custodian of Records." Thus, Neustar is the custodian of records. Ms. Servi's signature block confirms that fact as it lists her employer as Neustar, Inc., and then lists her title as "Authorized Agent for Custodian of Records." Thus, Neustar is referenced twice as the custodian of records, once in the title and again in the signature block.

Plaintiff next objects that Ms. Servi does not state for whom Neustar is acting as the custodian of records or the relationship between Neustar and Verizon. That's not accurate either. Paragraph 2 states that she is acting on "behalf of the custodian of records of the business named in the subpoena. . . ."[1] In paragraph 3, the declaration identifies the business named in the subpoena as Verizon Wireless. If that's not enough to identify that Neustar is acting as the custodian for Verizon Wireless then the fact that the Servi declaration was included with the actual Verizon billing documents produced in response to the subpoena clears up any remaining confusion. Moreover, in the letter accompanying the certification, Ms. Servi states that "We [i.e. Neustar] are a designated agent of Verizon Wireless authorized to respond to subpoenas, search warrants, and court orders for the production of customer and call detail records." Even excluding the accompanying letter, it is evident from the certification that Neustar is the designated custodian of records for Verizon Wireless, and Ms. Servi is acting in her role as an authorized agent of Neustar.

Plaintiff also argues that the certification is faulty because Ms. Servi does not make any averments regarding her job title or position and she does not explain how she has the information that these are records of regularly conducted business activity. Plaintiff's argument

---

[1] Paragraph 2 goes on and provides "or I am otherwise qualified as the result of my position with the business named in the subpoena to make this declaration", but that portion of paragraph 2 is inapplicable as Ms. Servi's signature and the rest of the certification confirms that she is, in fact, acting on behalf of the custodian of records, i.e. Neustar, and not as a result of any position directly with Verizon.

seems to be that Ms. Servi is not a "qualified person" under 902(11), yet, as discussed above, Ms. Servi avers that she is an agent of Neustar, and Neustar is the *custodian* of the records for Verizon. That is enough under Rule 902(11), which demands a certification of the custodian <u>or</u> "another qualified person." Here, because the certification indicates that Ms. Servi is acting as (or on behalf of) the custodian of records, that should suffice to establish her familiarity with the records. FRE 902(11); *In re McFadden*, 471 B.R. 136, 152 (Bankr. D.S.C. 2012) ("To be a qualified witness, the declarant must have knowledge of the company's policies with respect to creation and maintenance of the records. Here, Ms. Bodine specifically states in the U.S. Bank affidavit that she is a record custodian for U.S. Bank. Additionally, U.S. Bank is the custodian for the Trust and therefore its regular course of business is to hold and be familiar with the content, creation, and maintenance of Trust records. As a result, the U.S. Bank affidavit meets the requirements of Rule 902(11)."); *cf. Thanongsingh v. Bd. of Educ.,* 462 F.3d 762, 778 (7th Cir. 2006) (custodian need not have personally gathered the records and need not be in control of or have individual knowledge of the particular records, but need only be familiar with the recordkeeping); *but see DirecTV, Inc. v. Reyes*, No. 03-C-8056, 2006 WL 533364 (N.D. Ill. Mar. 1, 2006) (Brown, Magistrate J.).

Plaintiff's remaining objections regarding the reference in the certification to the subpoena being signed by "the Clerk of the Court" as opposed to Attorney Caplan and the check-marks or lack thereof on the letter accompanying the certification are de minimis and do not otherwise affect the content of the certification or indicate a lack of trustworthiness in the underlying records. Lastly, neither the source of the information (Neustar/Verizon), nor the method or circumstances of their preparation (a disinterested, third-party company conducting its

day-to-day affairs) indicate a lack of trustworthiness in the documents. Accordingly, for all of these reasons, the Verizon records should be admitted pursuant to 902(11) and 803(6).

### C. Alternatively, the Verizon Records Are Admissible Pursuant to FRE 807.

Alternatively, even if the Verizon records are not admissible under 902(11) and 803(6), the records should nevertheless be admissible pursuant to the residual exception found in FRE 807. It is within the Court's discretion to admit the Verizon records even they do not otherwise satisfy the requirements of 803(6). Rule 807(a) permits a trial court to admit a business record even if it does not fall within a hearsay exception, if the following factors, narrowly construed, are nevertheless satisfied:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;
(2) it is offered as evidence of material fact;
(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
(4) admitting it will best serve the purposes of these rules and the interests of justice.

Here, the Verizon records meet all four elements. First, the Verizon phone records have circumstantial guarantees of trustworthiness. They are on Verizon letterhead, they are correctly addressed to Plaintiff's home address, and the bills reflect both the carrier and the cellular telephone number at issue in this case that Plaintiff has testified as hers. (A sample of two Verizon bills produced in response to the subpoena is attached hereto as Exhibit D.) (Deposition of Heather Nelson, p. 4, 18.) The documents were produced in response to a lawful subpoena that was issued and served on Verizon Wireless as part of this case. (Exhibit A.) The documents returned in response to a subpoena included a certification, signed under oath by a person claiming authorization and knowledge, that the records were what they purported to be: official

Verizon's business records. (Exhibit B.) The Verizon records are consistent with the type of monthly billing statements that millions of individuals and households in this Country are familiar with and receive every month for wireless telephone service. In addition, the Verizon records are similar to and consistent with the type of Verizon billing statements produced by Plaintiff in this case.[2] (Exhibit E.) Verizon is a disinterested, non-party in this case and it has a legitimate interest in accurately documenting the telephone service used by its customers so that it may timely bill them for that service. Finally, it cannot be reasonably disputed that the Verizon records are in any way less trustworthy than the hundreds of pages of Santander's phone logs/business records that the Plaintiff has relied upon in this case to demonstrate Santander's calls to her. In fact, Plaintiff's motion in *limine* implicitly concedes this point as she does not contest the form or content of the Verizon records, but only the completeness of the custodian's declaration that accompanies them.

Second, as discussed above, Defendants propose to offer the Verizon records as evidence of material facts central to the case, namely, that other, non-Santander creditors and/or debt collectors were calling Plaintiff on her cellular phone and/or that Plaintiff was experiencing financial hardship. This evidence could provide an alternative explanation, in whole or in part, for Plaintiff's claims of emotional distress directed to Defendants.

Third, the records are more probative than other evidence that Defendants can reasonably obtain. Here, it is expected that Plaintiff will deny that other, non-Santander creditors and/or debt collectors were calling her (or will minimize the number of other calls), and the Verizon

---

[2] Plaintiff only produced three Verizon bills in this case – for October, November, and December 2012. Although the bills produced by Plaintiff do not contain the itemized listing of incoming and outgoing calls like the records Verizon produced in response to the subpoena (itemization billing is usually a customer-selected billing option), in all other respects the bills are identical in terms of name, address, account number, format, etc. (Compare the general account information found in the three Verizon bills produced by Plaintiff at Exhibit E, with the information contained in the sample of the bills produced by Verizon in response to the subpoena at Exhibit D.)

records are the most efficient way to identify and demonstrate that such calls were in fact being made to her.

Fourth, admitting the records will be consistent with the purpose behind the Federal Rules of Evidence, which is to administer proceedings fairly in order to ascertain the truth and secure a just determination. FRE 102. Furthermore, admitting the records is in the interest of justice so that the jury can consider all of the evidence and decide whether Plaintiff's alleged emotional distress was a result of Santander's calls or whether other non-Santander calls and conduct are the proximate cause of her distress.

Lastly, for the same reasons discussed above regarding the timeliness of notice under 902(11), Defendants inclusion of the Verizon records as part of its Exhibit List constitutes reasonable notice to Plaintiff of the intent to offer the Verizon records consistent with 807(b). Accordingly, for all of these reasons, the Verizon records should be admissible pursuant to the residual exception of FRE 807.

### D.     Conclusion

For all of these reasons, Defendants' respectfully request that the Court deny Plaintiff's Motion *in Limine* Number 2 to exclude the Verizon records.

| | |
|---|---|
| Dated: May 24, 2013 | SANTANDER CONSUMER USA, INC., PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICE AND ASSETSBIZ CORP., d/b/a/ ABC RECOVERY<br>*Defendants*<br><br>s/ David Z. Smith_____<br>David. Z. Smith<br>Gary S. Caplan<br>Robert O'Meara<br>Reed Smith LLP<br>10 South Wacker Drive<br>Chicago, IL 60606<br>312.207.1000<br>dzsmith@reedsmith.com |

# CERTIFICATE OF SERVICE

      I, David Z. Smith, hereby state that on May 24, 2013, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER 2** with the Clerk of the U.S. District Court for the Western District of Wisconsin using the ECF system, which will send notification to all parties of record.

      By: /s/ David Z. Smith
David Z. Smith (IL ARDC No. 6256687)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000

US_ACTIVE-113060692.1