IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HEATHER NELSON,

                                                               OPINION and ORDER

                Plaintiff,

                                                     11-cv-307-bbc

     v.

SANTANDER CONSUMER USA, INC.,
PATRICK K. WILLIS CO., INC. dba
AMERICAN RECOVERY SERVICE
and ASSETSBIZ CORP.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Trial is scheduled for June 10, 2013 on plaintiff Heather Nelson's claims under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p), the Wisconsin Consumer Act (Wis. Stat. §§ 421.101-427.105), Wisconsin's right of privacy law (Wis. Stat. § 995.50) and Wisconsin's civil theft law (Wis. Stat. § 895.446). All of plaintiff's claims arise out of efforts by defendants Santander Consumer USA, Inc., Patrick Willis, Co., Inc. d/b/a American Recovery Service and Assetsbiz Corp. d/b/a ABC Recovery to collect debts from plaintiff.

      Plaintiff has filed 16 motions in limine; defendants filed eight. I am granting the following motions as unopposed: plaintiff's motion to preclude defendants from offering expert testimony (dkt. #190); plaintiff's motion to exclude evidence regarding the damages plaintiff was awarded in the summary judgment order (dkt. #193); plaintiff's motion to

exclude any reference to an award of attorney fees (dkt. #199); and defendants' motion to sequester witnesses (dkt. #169). The motions in dispute are resolved below.

### A. Plaintiff's Motions in Limine

#### 1. Motion to exclude phone records, dkt. #191

Plaintiff seeks to exclude records that defendant Santander received in response to a subpoena served on Verizon Wireless for phone records related to plaintiff's account. Plaintiff argues that Santander did not comply with Fed. R. Evid. 902(11), which requires the proponent of a certified domestic record to give the opposing party "reasonable written notice of the intent to offer the record." In addition, she argues that the declaration submitted with the records does not show that they qualify as business records under Fed. R. Evid. 803(6).

I am persuaded that defendant Santander has satisfied both requirements. Santander included the records on its exhibit list, which it filed May 10, 2013, one month before trial. The text of Rule 902(11) makes it clear that its purpose is to give the opposing party "a fair opportunity to challenge" the records, which is exactly what plaintiff has done in this motion. She cites no authority that Santander was required to provide notice sooner and she identifies no unfair prejudice that she has suffered.

With respect to Rule 803(6), plaintiff does not identify a particular requirement in the rule that is not met, but she says that the declaration accompanying the phone records is "untrustworthy" because it does not include enough information. However, the

declaration and accompanying letter explain that Neustar is the agent for Verizon Wireless for producing Verizon's call detail records, that the declarant is acting on behalf of the custodian of records (Neustar) and that the records meet each of the requirements of Rule 803(6): (1) they were made at or near the time of the relevant occurrence by a person with knowledge of those matters; (2) they were kept in the course of a regularly conducted business activity; and (3) making the record was a regular practice of the activity. Plaintiff cites no authority that more is required.

2. Motion to inform jury of findings in summary judgment opinion, dkt. #192

Plaintiff wishes to inform the jury of the undisputed facts found in the summary judgment motion as well as the court's conclusions that defendant Santander violated the Telephone Consumer Protection Act and various provisions of the Wisconsin Consumer Act (Wis. Stat. §§ 422.204(8) and (10), 422.411(1) and (3), 422.417 and 425.206(1)). I am denying this motion in part and granting it in part.

The facts found in the summary judgment order were for the purpose of summary judgment only. They do not bind the parties at trial. Of course, if defendants present evidence at trial that is inconsistent with the evidence at summary judgment, plaintiff is free to point out the inconsistency.

With respect to the conclusions in the opinion that defendant Santander violated the law, it is not clear how some of them are relevant to issues the jury will decide. With respect to the Wisconsin Consumer Act violations, the jury may have to resolve damages issues, so

3

it may be necessary to inform the jury that the court has resolved the issue of liability before trial. However, this should be accomplished through the jury instructions and a brief mention during opening and closing arguments. It should not be a subject of testimony.

With respect to the Telephone Consumer Protection Act, the only issue remaining relates to enhancement of damages, which is an issue for the court, not the jury. 47 U.S.C. § 227(b)(3). Because plaintiff has not explained the relevance of the court's ruling on this claim, I see no reason to discuss it at trial.

3. Motion to exclude evidence of plaintiff's consent, dkt. #194

Plaintiff asks the court to bar defendant Santander from "offering evidence or making arguments that plaintiff gave Santander consent to call her on her cellular telephone." Plaintiff is correct that I concluded in the summary judgment opinion that defendant Santander had waived an affirmative defense of consent under plaintiff's Telephone Consumer Protection Act claim, but plaintiff does not explain how the ruling is relevant to the trial. Because I resolved plaintiff's claim under the Telephone Consumer Protection Act as matter of law in plaintiff's favor in the summary judgment opinion, there is no reason for either side to present any evidence related to that claim.

Defendant Santander says that plaintiff's alleged consent could be relevant to plaintiff's invasion of privacy claim (because any privacy interest plaintiff had would be diminished by her consent) or the issue of punitive damages (because plaintiff's consent would undermine a finding that Santander acted in disregard of plaintiff's rights). I agree

4

with Santander that my finding of waiver on the affirmative defense does not bar Santander from raising the issue of consent in other contexts. Accordingly, I am denying plaintiff's motion with respect to her other claims.

4. <u>Motion to exclude evidence of plaintiff's husband's arrest history, dkt. #195</u>

Defendants wish to introduce evidence at trial that plaintiff's husband was arrested for domestic violence in 2001, 2006 and 2008 on the theory that these incidents could have contributed to any emotional distress plaintiff was experiencing at the time of her interactions with defendants. This seems to be a questionable trial strategy to say the least. Regardless, defendants' conduct relevant to this case did not start until 2010, two years after the last arrest, so the incidents are too remote in time to be probative of plaintiff's mental state. Whatever probative value they might have is substantially outweighed by the risk that the evidence will be used to distract the jury from the real issues in the case. Accordingly, I am granting this motion.

5. <u>Motion to exclude evidence that plaintiff is a "deadbeat," dkt. #196</u>

Plaintiff calls this a motion "to preclude defendants from using improper and prejudicial tactics against plaintiff's character," but I have renamed it because the only example of these "tactics" that she identifies is a possible allegation that she is a "deadbeat" who brought the lawsuit to avoid paying her debts. Defendants do not oppose the motion with respect to that issue, but I agree with them that I cannot issue a broader ruling out of

context.  If plaintiff believes that defendants are engaging in other improper tactics during trial, she will have to raise the issue at that time.

6. Motion to exclude evidence of "the existence of plaintiff's alleged debts," dkt. #197

Plaintiff asks the court to prohibit defendants from discussing any debt she owed them, except to acknowledge that a debt was allegedly owed.  In addition, she wants to exclude evidence of any other debts she may have owed.

In response, defendants do not oppose the motion as it relates to any debt plaintiff may have owed them.  However, they argue that debts she owed to others are relevant to the issue of damages because they could show other reasons that plaintiff was experiencing emotional distress.  I agree with respect to any debts that plaintiff owed at the time she alleges she was experiencing emotional distress as a result of defendants' actions.  Any other debts have no relevance to this case.

7. Motion to exclude evidence that plaintiff filed this lawsuit "for the money," dkt. #198

Plaintiff calls this a "motion to preclude defendants from using improper and prejudicial tactics against plaintiff's motives," but I have renamed the motion because the only example of an improper tactic that plaintiff identifies is a potential allegation that plaintiff is suing defendants "for the money."  I am granting that aspect of the motion as unopposed.  It would be premature to rule on any other issue at this time.

8. <u>Motion to exclude evidence about the motives of plaintiff's attorneys, dkt. #200</u>

Although plaintiff again labels this motion as one about "improper and prejudicial tactics," I am granting the motion as to any evidence about the motives of any of the lawyers in this case. Those motives have nothing to do with liability or damages. Defendants do not suggest otherwise, but they oppose the motion on the ground that it is vague. Although I agree that plaintiff does not provide specific examples in her motion, in this case it is unnecessary to be more specific because defendants have not identified any reason that the lawyers motives might be relevant.

9. <u>Motion to exclude evidence of previous lawsuits, #201</u>

Plaintiff wishes to exclude evidence of any previous lawsuits or collection actions in which she was involved, but, again, I agree with defendants that other proceedings are relevant to the issue of damages to the extent the other cases were pending at the time she alleges that defendants' conduct was causing her emotional distress.

10. <u>Motion to exclude documents defendant Santander produced after May 1, 2013, dkt. #202</u>

Plaintiff says that defendant Santander produced a number of documents on May 7 and 8, 2013, that plaintiff had requested in June 2012. In particular, plaintiff says that the documents appear to be a response to her discovery request for documents related to Santander's purchase of plaintiff's debt. She asks that defendants be precluded from relying

on the documents at trial because they are untimely and because plaintiff has not had an opportunity to depose a Santander representative about them.

In response, defendant Santander does not deny that the documents were responsive to the June 2012 request, that it has possessed the documents since then or that plaintiff was prejudiced by the late production. Instead, it points out that it produced the documents before the end of discovery on May 10. That argument is frivolous. Under Fed. R. Civ. P. 26(e), Santander had a duty to supplement its discovery responses in a timely manner. Under Fed. R. Civ. P. 37(c)(2), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Because Santander has not shown that its late production was justified or harmless, I am granting plaintiff's motion to exclude this evidence.

11. <u>Motion to exclude testimony from witnesses not disclosed and "to exclude the use by Santander of any testimony of all collectors identified by Santander as having worked on Nelson's accounts," dkt. #203</u>

In this motion plaintiff seeks to exclude three categories of evidence: (1) testimony from any witnesses defendants have not already named or identified in their Rule 26(a)(1) disclosures; (2) testimony from any witness not identified in response to plaintiff's discovery requests asking for the identification of individuals with information pertaining to the facts in this case; and (3) testimony from the collectors defendant Santander identified in

8

response to Interrogatory No. 6 as having worked on plaintiff's accounts.

With respect to the first two categories of evidence, I am denying plaintiff's motion as unnecessary because she does not identify any witnesses defendants wish to call but did not disclose. With respect to the third category, plaintiff argues that defendant Santander should be precluded from calling these witnesses because Santander's Rule 30(b)(6) witnesses did not discuss them during depositions. However, plaintiff does not explain why it was Santander's responsibility to research potential testimony of its employees when plaintiff was free to depose those witnesses or otherwise contact them herself, so I am denying the motion with respect to this issue as well.

12. Motion to exclude evidence related to defendant Santander's counterclaims, dkt. #204

Defendant Santander has asserted several counterclaims for breach of contract against plaintiff related to her alleged failures to pay back both her car loan and truck loan. She seeks to exclude seven categories of evidence related to the counterclaims: (1) all evidence for Santander's counterclaims related to the truck loan on the ground that the court has found that Santander's violation of the Wisconsin Consumer Act voids the truck loan; (2) any evidence of a notice of a right to cure default that Santander has not yet produced in discovery; (3) evidence that Santander may enforce a security interest in the van, on the ground that the court found that the security agreement was illegal; (4) any evidence of attorney fees related to enforcement of the contracts, on the ground that the court has found the attorney fee provisions to be illegal; (5) evidence related to any claim for replevin, on the

ground that Santander failed to comply with state replevin procedures; (6) evidence of damages, on the ground that Wisconsin law does not permit a merchant to collect damages until after the vehicle has been repossessed and sold; and (7) evidence of plaintiff's debt to Santander.

Defendants do not respond to the substance of any of plaintiff's arguments. Instead, they simply say that plaintiff is relying primarily on the summary judgment opinion and that plaintiff "is still obligated under two automobile loans" until "final judgment is entered." Dkt. #233 at 1. Although defendants do not explain what they mean, I understand them to be conceding that the summary judgment opinion resolves all these issues in plaintiff's favor, but that they should be allowed to introduce evidence on these matters anyway while the case is pending. If that is what defendants mean, it makes no sense. It is pointless to hold a trial on matters that defendants acknowledge will be mooted once judgment is entered. Accordingly, I am granting this motion. In light of that ruling, it is not clear what remains of defendant Santander's counterclaims, if anything. (Defendants did not propose any special verdict questions on the counterclaims in their pretrial materials.) The parties should be prepared to address that issue at the final pretrial conference.

13. Motion to exclude evidence in support of a bona fide error defense, dkt. #205

Under 15 U.S.C. § 1692k(c), a defendant may avoid liability under the Federal Debt Collection Practices Act by proving that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to

10

avoid any such error." Plaintiff argues that none of the three defendants should be allowed to assert this defense at trial. With respect to defendants Santander and American Recovery Service, plaintiff argues that they waived the defense by failing to plead it. Plaintiff acknowledges that defendant Assetsbiz Corp. included the defense in its answer but she argues that it waived the defense when its corporate designee testified during a deposition that it had not made any mistakes with plaintiff's account.

Defendants do not deny that defendant American Recovery Service failed to plead a bona fide error defense, so I will grant plaintiff's motion with respect to that defendant. However, defendants argue that Santander raised the defense adequately by alleging in its answer that any misconduct "was the result of innocent mistake." Dkt. #65 at 19. I agree with defendants that Fed. R. Civ. P. 8 does not require parties to use "magic words" or identify particular legal theories, Jajeh v. County of Cook, 678 F.3d 560, 567 (7th Cir. 2012); Alioto v. Town of Lisbon, 651 F.3d 715, 720-21 (7th Cir. 2011), and that Santander's answer gave plaintiff adequate notice of its defense under Rule 8.

With respect to defendant Assetsbiz Corp., plaintiff cites no authority for the view that a court may dismiss a defense in the context of a motion in limine because of the testimony of one witness. If plaintiff believed that the undisputed facts showed that Assetsbiz could not prevail on its defense, she should have filed a motion for summary judgment on this issue. At this point, plaintiff will have to wait to file a motion for judgment as a matter of law after all the evidence is in.

Plaintiff raises a new argument in her objections to defendants' proposed jury

instructions that defendants Santander and Assetsbiz Corp. were required to plead the defense with particularity under Fed. R. Civ. P. 9, but I conclude that plaintiff has waived that argument. If plaintiff believed that any allegations in defendants' answers did not give her adequate notice under Rule 9, she could have raised that issue long before she filed her objections to their jury instructions.

B. Defendants' Motions

1. Motion to exclude any reference "to out-of-state counsel or the size of the law firms involved in this matter," dkt. #170

Plaintiff does not oppose defendants' request as it relates to references to counsel's residence outside Wisconsin, so I will grant that aspect of the motion. However, plaintiff argues that excluding references to the size of the law firms "would cause problems during voir dire." Dkt. #227 at 2. According to plaintiff, counsel should be required to disclose every city in which their law firm has an office. That is not the court's procedure and I see no reason to require it in this case. Counsel are required to introduce themselves and identify the law firm they represent in order to determine whether any potential jurors have had dealings with the firm or the individual lawyers. However, if the name of the firm is not familiar to a potential juror, it is difficult to see why knowing the location of every office would make any difference. I am granting this motion in full.

2. Motion to exclude any reference to defendants' failure to call a particular witness, dkt.

#171

Defendants call this a "motion to exclude any reference to witnesses not called by defendants," but I have renamed it because the only concern identified by defendants in their motion is that plaintiff may "[c]omment on the failure to produce a witness." This addresses plaintiff's concern that defendants are trying to prohibit her or her witnesses from discussing absent witnesses even in passing in the context of their own testimony. Because I do not construe the motion to be so broad, I will grant it in full.

3. Motion to exclude references to discovery disputes, dkt. #172

I am granting this motion because the parties' discovery disputes have no relevance to the issues the jury needs to decide. Plaintiff argues that she should be allowed to show that defendant Santander's production of documents on May 7 and 8, 2013, was untimely, but that issue is moot because I am granting plaintiff's motion to exclude that evidence. In addition, plaintiff argues that she should be allowed to discuss inconsistencies among three versions of account notes that Santander has produced, but I view that as beyond the scope of defendants' motion. Of course, the parties are free to question witnesses about documents, but they cannot provide commentary about disagreements counsel had during discovery.

4. Motion to exclude "statements or arguments that appeal to jurors' passions or that they make decisions based on empathy or anger," dkt. #173

13

I am denying this motion because it simply is too vague. If defendants believe that plaintiff is making an improper argument or eliciting improper testimony at trial, they may raise a specific objection at that time. It is impossible to rule on this issue out of context.

5. <u>Motion to exclude evidence of defendants' size, financial condition or net worth, dkt. #174</u>

The parties agree that defendants' financial condition is not relevant to any issue other than punitive damages and that plaintiff is not seeking punitive damages against any defendant other than Santander. Although Santander argues that evidence of its financial condition should be excluded even as to punitive damages because it is unfairly prejudicial, under Wis. Stat. § 895.043(4)(b), plaintiff is entitled to "introduce evidence of the wealth of a defendant" so long as she first "establishes a prima facie case for the allowance of punitive damages." Accordingly, I decline to exclude the evidence at this time. If plaintiff fails to make a prima facie showing for punitive damages at trial, defendants may renew their motion at that time.

Plaintiff devotes a large portion of her opposition brief to expressing confusion over what defendants mean by their "size." I understand defendants' motion to relate solely to their financial condition, so I need not address plaintiff's concerns about the number of defendants' employees or offices.

6. <u>Motion to exclude evidence that defendant Santander failed to discipline its employees,</u>

dkt. #175

Plaintiff argues that defendant Santander's alleged failure to discipline its employees is relevant to various issues in the case, but she fails to tie many of those issues to the ones the jury will be asked to decide in the special verdict form. The two exceptions are the bona fide error defense under the Federal Debt Collection Practices Act and punitive damages under plaintiff's state law claims. I agree with plaintiff that a failure to discipline could be relevant to show both that violations were intentional (with respect to the bona fide error defense) and that defendant Santander disregarded plaintiff's rights (with respect to punitive damages). However, I expect that plaintiff's evidence on this issue will be limited and concise. Although the evidence has some probative value, it should not become a focal point of the trial. If plaintiff is unable to cabin the evidence she presents on this issue, I will not hesitate to exclude additional evidence under Rule 403.

7. Motion to exclude evidence of previous lawsuits, dkt. #176

Plaintiff wants to introduce complaints filed in other cases against defendant Santander under the Telephone Consumer Protection Act to show that she is entitled to enhanced damages. In particular, she says that the lawsuits show that Santander was "on notice" of other violations, which she says is evidence that Santander acted willfully. However, plaintiff never explains her argument. Plaintiff does not say that Santander was held liable in any of the other cases, so the only thing the other complaints show is that other people accused Santander of violating the same law. Because plaintiff does not explain

15

how a mere accusation can show willfulness, I am granting this motion.

### C. Plaintiff's Supplemental Trial Filing, dkt. #241

Two weeks after the deadline for filing motions in limine, plaintiff filed what she called a "supplemental trial filing" in which she asked the court not to bifurcate the trial and to preclude Lance Peterson from testifying. Because defendants have not had an opportunity to respond to these issues, the parties will have to raise them at the final pretrial conference.

## ORDER

IT IS ORDERED that

1. The following motions are GRANTED as unopposed:

a. plaintiff Heather Nelson's motion to preclude defendants Santander Consumer USA, Inc., Patrick Willis, Co., Inc. d/b/a American Recovery Service and Assetsbiz Corp. d/b/a ABC Recovery from offering expert testimony, dkt. #190;

b. plaintiff's motion to exclude evidence regarding damages plaintiff was awarded in the summary judgment order, dkt. #193;

c. plaintiff's motion to exclude evidence that she is a "deadbeat," dkt. #196;

d. plaintiff's motion to exclude evidence that plaintiff filed this lawsuit "for the money," dkt. #198;

e. plaintiff's motion to exclude any reference to an award of attorney fees, dkt. #199; and

  f. defendants motion to sequester witnesses, dkt. #169.

 2. Plaintiff's motion to exclude phone records, dkt. #191, is DENIED.

 3. Plaintiff's motion to inform the jury of findings in the summary judgment opinion, dkt. #192, is GRANTED with respect to the conclusion that defendant Santander violated various provisions of the Wisconsin Consumer Act. It is DENIED in all other respects.

 4. Plaintiff's motion to exclude evidence of plaintiff's consent, dkt. #194, is GRANTED with respect to plaintiff's claim under the Telephone Consumer Protection Act. It is DENIED in all other respects.

 5. Plaintiff's motion to exclude evidence of plaintiff's husband's arrest history, dkt. #195, is GRANTED.

 6. Plaintiff's motion to exclude evidence of "the existence of plaintiff's alleged debts," dkt. #197, is DENIED with respect to debts that plaintiff owed to any nonparty during the time she alleges that defendants' conduct was causing her emotional distress. The motion is GRANTED in all other respects.

 7. Plaintiff's motion to exclude evidence about the motives of plaintiff's attorneys, dkt. #200, is GRANTED.

 8. Plaintiff's motion to exclude evidence of previous lawsuits, dkt. #201, is DENIED with respect to proceedings that were pending during the time she alleges that defendants' conduct was causing her emotional distress. The motion is GRANTED in all other respects.

 9. Plaintiff's motion to exclude documents defendant Santander produced after May 1, 2013, dkt. #202, is GRANTED.

10. Plaintiff's motion to exclude testimony from witnesses not disclosed and "to exclude the use by Santander of any testimony of all collectors identified by Santander as having worked on Nelson's accounts," dkt. #203, is DENIED.

11. Plaintiff's motion to exclude evidence related to defendant Santander's counterclaims, dkt. #204, is GRANTED with respect to the seven categories of evidence that plaintiff identifies in her motion. The parties should be prepared to explain what remains of defendant Santander's counterclaims in light of this ruling.

12. Plaintiff's motion to exclude evidence in support of a bona fide error defense, dkt. #205, is GRANTED as to defendant American Recovery Service and DENIED as to defendants Santander and Assetsbiz.

13. Defendants' motion to exclude any reference "to out-of-state counsel or the size of the law firms involved in this matter," dkt. #170, is GRANTED.

14. Defendants' motion to exclude any reference to defendants' failure to call a particular witness, dkt. #171, is GRANTED.

15. Defendants' motion to exclude references to discovery disputes, dkt. #172, is GRANTED.

16. Defendants' motion to exclude "statements or arguments that appeal to jurors' passions or that they make decisions based on empathy or anger," dkt. #173, is DENIED.

17. Defendants' motion to exclude evidence of defendants' size, financial condition or net worth, dkt. #174, is DENIED with respect to plaintiff's request for punitive damages against defendant Santander. The motion is GRANTED in all other respects.

18. Defendants' motion to exclude evidence that defendant Santander failed to discipline its employees, dkt. #175, is DENIED. Plaintiff may present limited evidence regarding failures by Santander to discipline its employees for violating plaintiff's rights under state or federal law.

19. Defendants' motion to exclude evidence of previous lawsuits, dkt. #176, is GRANTED.

Entered this 5th day of June, 2013.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge